IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, ROSEMARY NEAL, JASON
BROWN and GREG MIERA, On behalf of
themselves and other Present and former
City employees,

                         **Plaintiffs,**

v.                                                 No. CIV 07-00901 JA/ACT

CITY OF ALBUQUERQUE,

                         **Defendant.**

### JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN

Pursuant to FED. R. CIV. P. 26(f), a telephonic meeting was held and was attended by:

Paul Livingston, Attorney for the Plaintiffs

Paula I. Forney, Assistant City Attorney for Defendant

### NATURE OF THE CASE

This is a Fair Labor Standards Act collective action lawsuit seeking back pay and liquidated damages for the City's failure to pay overtime compensation to Plaintiffs in the amount required by law. Over 220 present and former City employees have opted-in to this date.

### AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

Plaintiff intends to file additional opt-in notices, seek class certification, and give notice to eligible members of the prospective class;

Defendant intends to file:    None unless required by plaintiff's amendment.

### STIPULATIONS

The parties are willing to stipulate to any allegations in the complaint, which were admitted by defendant in their answer: None, except that the rule, ordinance, and legal provision referenced in paragraphs 3, 4, and 6 of the Complaint "speak for themselves."

**PLAINTIFFS' CONTENTIONS**:

Plaintiffs contend that the City Defendant has been miscalculating overtime wages required by the FLSA in the following ways:

1) by dividing add-on remuneration such as longevity pay by the total hours, including overtime hours, worked in a given workweek rather than by the number of hours (40) in the normal workweek for which the employees' weekly compensation is intended and by multiplying by one-half the amount, rather than one and a half times the amount, to calculate the "regular rate of pay" for overtime hours;

2) by using a dual calculation of overtime pay rates, one pursuant to the terms of the Collective Bargaining Agreements, the other pursuant to the provisions of the FLSA, and then choosing the higher of the two, rather than combining the calculations so as to figure the regular rate of pay in accordance with the CBAs and the FLSA;

3) by not including all bonuses and other add-on remuneration in the regular rate of pay for calculating overtime wages;

4) by deeming some classified employees "exempt" from the FLSA when they are not properly "exempt" employees; and

5) by incorrectly taking "credits" or "offsets" for holiday, sick time, vacation, or other pay provided in a CBA or which is not otherwise properly creditable or chargeable against overtime pay under the FLSA.

In addition, Plaintiffs are entitled to liquidated damages in an amount equal to the owed back wages and to a three-year statute of limitations.

**DEFENDANT'S CONTENTIONS**:

1. At all times relevant hereto, Defendant City acted in good faith and in compliance with the provisions of the Fair Labor Standards Act.

2. This court lacks jurisdiction over actions occurring outside of the applicable statute of limitations.

CH1 11451524.1

3. The employees identified as potential plaintiffs are not similarly situated and should not be part of the class sought to be identified by plaintiffs.

4. Plaintiffs' claims are barred by collateral estoppel and/or res judicata in that most of their claims were rejected in a case involving identical issues Chavez v. City of Albuquerque, CIV 02-0562

5. At all times relevant hereto, defendant city acted in accordance with the provisions of the Fair Labor Standards Act.

6. To the extent any named plaintiff was classified as exempt under § 13 (a) (1) of the Fair Labor Standards Act, that classification was in accordance with the Act.

### PROVISIONAL DISCOVERY PLAN

The parties jointly propose to the Court the following discovery plan:

### PLAINTIFF'S WITNESSES:

1. Named Plaintiffs and opt-in employees and former employees;

2. One or more expert witnesses;

3. Any witness named by the City

### DEFENDANT'S WITNESSES:

1. Laurice Chappell - Department of Finance and Accounting

2. Mary Scott - City of Albuquerque Human Resources

3. Pat Miller - City of Albuquerque Human Resources

4. Patrick Ahyo - City of Albuquerque Human Resources

5. Any witnesses disclosed or listed by Defendants.

6. Any individual whose identity becomes known through discovery.

7. Defendants reserve the right to supplement their witness list as any additional witnesses are identified.

## PLAINTIFF'S DOCUMENTS:

1. Plaintiffs' pay stubs and other payroll records;

2. Collective Bargaining Agreements for each bargaining unit;

3. Other documents to be identified later;

4. Any records identified by Defendant.

## DEFENDANT'S DOCUMENTS:

Defendant City of Albuquerque may introduce the following exhibits into evidence at the trail of this matter:

1. Personnel Files;

2. Human Resource Files including any current job descriptions.

3. Payroll records and any applicable policies.

4. City of Albuquerque's Personnel Rule and Regulations;

5. Risk Management Division Files;

6. Any documents developed during discovery;

7. Any documents identified by Plaintiff;

8  Any document obtained during discovery; and

9. Defendant reserves the right to supplement its exhibit list as additional exhibits are obtained through discovery.

Discovery will be needed on the following subjects:  FLSA liability and damages. Maximum of <u>25</u> interrogatories and requests for production of documents by each party to any other party.  [Responses due in accordance with the Rules of Civil Procedure).
<u>25</u> requests for admission by each party to any other party.  (Responses due in accordance with the Rule of Civil Procedure).

CH1 11451524.1

Maximum of 25 depositions by Plaintiffs and 25 by Defendant.

Each deposition limited to maximum of 4 hours unless extended by agreement of the parties except depositions of expert witnesses may be up to 8 hours unless extended by agreement of the parties.

Reports from retained experts under Rule 26(a)(2) due based on a 120-day discovery schedule.

  from Plaintiff(s) by _____

  from Defendant(s) by _____

Supplementation under Rule 26(e) due based on a 120 day discovery schedule.

All discovery commenced in time to be complete based on a 120 day discovery schedule.

Discovery on *(issue for early discovery)* to be completed by :  N/A
Other Items:  N/A

## PRETRIAL MOTIONS

Plaintiff intends to file:  Motion for Certification and Notification of class; Motion for Summary Judgment on liability.

Defendant intends to file: Motion for Summary Judgment.

## ESTIMATED TRIAL TIME

The parties estimate trial will require 2 days.

 X This is a non-jury case.

 _____ This is a jury case.

The parties request a pretrial conference one month before trial.

## SETTLEMENT

The possibility of settlement in this case cannot be evaluated until the completion of some discovery.   The parties request a settlement conference in June 2008.

## EXCEPTIONS

None.

CH1 11451524.1

APPROVED WITHOUT EXCEPTIONS

For Plaintiffs:

_____ */s/ Paul Livingston*
Paul Livingston
P.O. Box 250
Placitas, NM 87043
(505) 771-4000


_____ */s/ Paul Livingston for Sam Bregman*
Sam Bregman
Eric Loman
1111 Lomas Blvd. NW, Suite 230
Albuquerque, NM 87102
(505) 761-5700


For Defendant:

_____ */s/ Michael I. Garcia, Esq.*
Paula Forney
Michael I. Garcia
City of Albuquerque Legal Department
P.O. Box 2248
One Civil Plaza
Albuquerque, N.M. 87102

Edward W. Bergmann
Seyfarth Shaw LLP
131 S. Dearborn Street
Chicago, Illinois 60603
312-460-5000

APPROVED BY:

_____
United States District Judge

CH1 11451524.1