IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, ROSEMARY NEAL, JASON
BROWN and GREG MIERA, On behalf of
themselves and other Present and former
City employees,**

      **Plaintiffs,**

      **v.**                                    **No. Civ. 07-00901 JB/ACT**

**CITY OF ALBUQUERQUE,**

      **Defendant.**

**ORDER SETTING RULE 16 SETTLEMENT CONFERENCE**

In an effort to facilitate a final disposition of this case, a mandatory settlement conference will be conducted in accordance with the provisions of the Federal Rules of Civil Procedure 16(a)(5) on **Thursday, June 5, 2008, at 9:30 a.m.,** at the Pete V. Domenici United States Courthouse, ADR Rooms 3 and 4, third floor, 333 Lomas Blvd., NW, Albuquerque, New Mexico.[1]  The Court has set aside the entire day for this settlement conference, and participants should be prepared to work through the noon hour and into the evening, if necessary.  **Motions to reschedule the settlement conference must be filed <u>no later than fourteen (14) days</u> prior to the date of the settlement conference.**  Motions to reschedule the settlement conference filed after this date may be considered untimely in the discretion of the Court.

The parties or a designated representative, other than counsel of record, **with full and final settlement authority must attend in person** (this requirement cannot be satisfied by hiring a local representative if the appropriate representative resides in another state).[2]  Similarly, lead counsel who will try the case must attend in person.

Prior to the conference, counsel are required to confer with one another and exchange written offers and counter offers in a good-faith effort to resolve the litigation.  If settlement is not achieved before the settlement

---

[1] Counsel and parties need not report to my chambers but are to go directly to the ADR rooms.

[2] Individually named defendants must attend in person unless excused by the Court upon written request.

conference, the parties must be prepared to engage in further good-faith negotiations and exchange additional offers and counter offers at the settlement conference.[3]

Each party must provide the Court, in confidence, a concise statement (no more than 10 pages) of the legal issues and the evidence the party expects to produce at trial **at least ten (10) calendar days before the conference.**[4] The statements should also contain a brief discussion of the following: strengths of the case; weaknesses of the case; status of discovery; identification of any pending motions; an outline or itemization of damages or relief requested; and status of settlement negotiations to date.

At the settlement conference the parties, by counsel, may be asked to give a brief presentation outlining the factual and legal highlights of their case. Then separate, confidential caucuses will be held with each party and the party's attorney(s) and representative(s).

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**

Please direct any inquiries to (505) 348-2380

A true copy of this Order was served on the
date of entry-via mail or electronic means-
to counsel of record and any *pro se* party as
they are shown on the Court's docket.

---

[3] See <u>Schwartzman, Inc. v. ACF Industries, Inc.</u>, 167 F.R.D. 694 (D.N.M. 1996)

[4] Counsel will be required to attend a show cause hearing and may be assessed a sanction of up to $100 for each day the position paper is late unless a written request for an extension is received and approved by the Court.