IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, et al.,

      Plaintiffs,

vs.                                              Case No. CV 07-901 JB/ACT

CITY OF ALBUQUERQUE,

      Defendant.

## PLAINTIFFS' RESPONSE TO CITY'S MOTION
## TO STRIKE CERTAIN CONSENTS

Plaintiffs hereby present the following response to the City's Motion to Strike Certain Consents (Doc. 25):

1.      First, Plaintiffs do not agree that "the Court should strike the consents of all individuals not named in the caption." (Doc. 25; City's Memo at p. 3). The City fails to present any authority or reason for striking all (approximately 230) the opt-in consents apart from the claim that because the Plaintiffs have not yet moved for certification of the collective action class, no collective action exists. This is a rash and unexpected contention, and one for which the City cites no precedent or basis.

In fact, prior FLSA cases with the same counsel as this case, have proceeded to settlement without any certification of the collective action. See, e.g., *United Transportation Union, Local 1745, vs. City of Albuquerque*, No. CIV-96-716. Other cases, including the case that has many of the same issues as this case, *Patrick Chavez, et al., vs. City of*

*Albuquerque*, No. CIV-02-562 JH/ACT, were not certified and no notice was sent to potential class members for many months after it was filed.

In *Thiessen vs. General Electric Capital Corporation*, 267 F.3d 1095, 1102, 1103 (10th Cir. 2001) the appellate court approved the use of a two stage determination:

> In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." *Vaszlavik v. Storage Tech Corp*., 175 F.R.D. 672, 678 (D. Colo. 1997). In doing so a court "requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." Id. At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated."

Here, the first stage has not been accomplished, and if the City Defendants are anxious to have Plaintiffs file the needed motion to certify the class, perhaps because the City is anxious to file its second-stage motion to decertify, it need only ask and arrange for the scheduling of such a motion.

Plaintiffs, who were planning such a first-stage certification motion, will gladly comply. Striking the consents, on the other hand, is both contrary to the interests of both parties and the Court in the efficient collective action proceeding, but it also suggests the drastic and extreme extent of the alternative "solution" presented by the City: that the opt-in consenting parties be added to the caption. Neither of these extreme measures is either necessary or desirable.

Rather, the Plaintiffs agree that a motion for conditional class certification, the first-stage setting out of "substantial allegations that the putative class members were

together the victims of a single decision, policy, or plan" will be forthcoming as soon as the Complaint has been amended. This amendment, planned by not yet executed by Plaintiffs, will be substantially responsive to the objections that form the basis of Defendants' Motion to Strike.

2.      The second demand made by the City is that Plaintiffs should "strike the consents of all exempt employees because exempt and non-exempt employees are not similarly situated." (Doc. 25 at p. 3). Plaintiffs agree that "exempt and non-exempt employees are not similarly situated." Accordingly, Plaintiffs will move for leave to amend their Complaint, presumably with approval of the City Defendants, to remove the two paragraphs that address exempt vs. non-exempt status and that issue will no longer be a part of this case.

3.      The City's motion next seeks to have Plaintiffs "strike Jason Brown from the caption as he has not filed a consent." Id. Plaintiffs agree to do so, and again this will be done in the amended complaint.

4.      The City asks that Plaintiffs "strike Rosemary Neal from the caption, or order that Plaintiffs seek leave to amend the Complaint so that the caption indicates her correct name." Again, Plaintiffs agree to change "Rosemary Neal" to the correct "Rose Mary Neal," a change which Plaintiffs have indicated they wish to make, without any need for an Order of the Court.

5. Finally, the City asks for an additional 60 days to complete discovery and alteration of other deadlines. Id. Plaintiffs have already agreed to that, and the City has filed its Unopposed Motion to accomplish that extension. (Doc. 26).

**Conclusion**

Except for the notion that there is something defective that needs to be remedied in the fact that no collective action certification has been filed to this date, and that harsh relief is necessary either by striking consents or adding hundreds of names to the caption, Plaintiffs are in substantial agreement with the City's Motion. These matters will be accomplished in a very timely manner, by means of a Motion to Amend followed by a Motion for Collective Action Certification.

For all the foregoing reasons, the Motion to Strike Certain Consents is unnecessary, and the matters addressed therein will be accomplished without the need for such harsh and unreasonable action by the Court as Defendants request. Accordingly, the Court should deny the City's Motion, but certainly could, if deemed appropriate or necessary, establish a schedule and deadlines for amending the Complaint and for filing the Motion for Collective Action Certification suggested by the City's Motion to Strike and agreed to by Plaintiffs.

Respectfully submitted,

s/ *Paul Livingston*

_____
Paul Livingston
Co-counsel for Plaintiffs
P.O. Box 250
Placitas, N.M. 87043
505-771-4000

I hereby certify that I electronically filed
the foregoing Opposition to City's Motion
to Strike with the Court on August 25, 2008,
and that copies were sent electronically to
opposing counsel.

s/ *Paul Livingston*
_____
Paul Livingston