IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, ROSEMARY NEAL, JASON
BROWN and GREG MIERA, On behalf of
themselves and other Present and former City
employees,

             Plaintiffs,

v.                                     No. CIV 07-00901 JA/ACT

CITY OF ALBUQUERQUE,

             Defendant.

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT BASED ON**
**RES JUDICATA OR COLLATERAL ESTOPPEL**

Defendant, City of Albuquerque ("City"), by and through its attorneys, Seyfarth Shaw LLP, hereby moves for summary judgment. The claims brought in this case were previously litigated and tried the Court in another case, *Chavez v. City of Albuquerque*, No CIV 02-0562 JH/ACT (D. N.M.). The doctrine of res judicata, or alternatively collateral estoppel, bars relitigation of these claims. Specifically, the court should dismiss Plaintiffs' claims that the City's calculation of overtime pay violates the Fair Labor Standards Act ("FLSA").

**STATEMENT OF MATERIAL FACTS**
**AS TO WHICH NO GENUINE ISSUE EXISTS**

1. On September 12, 2007 Plaintiffs Lawrence Rodriguez, Steven J. Duran, Rosemary Neal, Jason Brown, and Greg Miera (collectively "Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and other present and former City employees, filed a Complaint for collective action under 29 U.S.C. § 216(b) ("Section 216(b)") of the FLSA. Docket 1.[1]

---

[1] Defendant refers to documents in the Court's record by their docket number and specific page or paragraph number; for example, "docket # at #," or "docket # at ¶ #."

2.  They allege essentially that the City has not paid certain employees the overtime wages to which they are entitled under the FLSA. *See Generally* docket 1.

3.  Specifically, Plaintiffs allege that they have a right of recovery under the FLSA, 29 U.S.C. Sec. 207(a)(1), for unpaid overtime wages owed to them for hours worked in excess of their normal 40-hour or other regular work week or period. *Id*. at ¶ 4.

4.  They allege that the City has failed to include all the properly applicable "other compensation" in calculating the "regular rate of pay" of some of its employees, with the result that these employees receive less overtime pay than required by the FLSA. *Id*. at ¶ 10.

5.  In addition, they allege that in many cases, the City is incorrectly taking "credits" or "offsets" against overtime pay for holiday, sick time, or other pay which is provided in a union agreement or which is otherwise properly not creditable or chargeable against overtime pay under the provisions of the FLSA. *Id*. at ¶ 11.

6.  To date, Plaintiffs have not filed a motion to certify the class in order to proceed as a collective action; nor have they submitted any proposed notice of collective action to the Court, let alone received approval of such a notice. Moreover, they have not conducted any discovery on issues relevant to class certification, or otherwise. Discovery closed on October 27, 2008. Docket 28.

7.  The fact that Plaintiffs have not taken any discovery, moved for conditional certification, or done anything else to advance their case, is the subject of the City's currently pending Motion to Strike. *See* docket 24.

8.  The issues raised in this case relative to calculation of overtime compensation by the City were adjudicated and ruled on in favor of the City following a trial in another case

before this Court. That case is *Chavez v. City of Albuquerque*, No. 02-0562 JH/ACT (D. N.M.) ("*Chavez*")[2].

9. Specifically, the *Chavez* Court granted summary judgment in favor of the City on the question of the proper divisor for calculating the regular rate of pay, the proper multiplier for calculating overtime, and the proper distribution of bonus pay. *See Chavez* docket 250 at 45-47 (relevant pages attached as Exhibit 1 hereto).

10. After a bench trial and issuing findings of fact and conclusions of law, the *Chavez* Court entered judgment for the City on: (1) the claim that the City does not properly include all bonuses and add-ons in the "regular rate" of pay; and (2) the claim that the City does not properly credit payments against its FLSA overtime liabilities. *See Chavez* Docket 281 (attached as Exhibit 2 hereto); 278 (relevant pages attached as Exhibit 3 hereto).

11. The *Chavez* Plaintiffs moved for a new trial on February 1, 2008. *Chavez* docket 284 (attached as Exhibit 4 hereto). That motion was denied on September 19, 2008. *Chavez* docket 294 (filed with the Court on Sept. 26, 2008, docket 33).

12. The only finding against the City by the *Chavez* court was that the City fails to include vacation and sick leave proceeds in the calculation of overtime.[3] The Plaintiffs introduced no evidence at trial or in their proffer that such failure resulted in any actual under-payment under the FLSA.

**ARGUMENT**

The Court should grant the City's Motion for Summary Judgment because the doctrine of res judicata or alternatively, collateral estoppel, bars relitigation of Plaintiffs' claims. "Under res

---

[2] Defendant refers to documents in the *Chavez* Court's record as "*Chavez* docket # at #" or "*Chavez* docket # at ¶ #." For the Court's convenience, the City attaches relevant portions of documents from the *Chavez* Court's docket as Exhibits hereto.

[3] The *Chavez* Court entered judgment for Plaintiffs on the claim that the City fails to include vacation and sick leave buy back in the calculation of the "regular rate" of pay under the FLSA. This narrow issue has created a split between the Sixth and Eighth Circuits.

3

CH1 11588973.2

judicata, a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. U.S.*, 440 U.S. 147, 153 (1979). "Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Id*. "Application of both doctrines is central to the purpose for which civil courts have been established, the conclusive resolution of disputes within their jurisdictions." *Id*.

This is just the type of case to which the application of res judicata or collateral estoppel makes sense as a matter of policy. These doctrines serve "the important policies of finality, judicial economy, preventing repetitive litigation and… the interest in bringing litigation to an end." *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (quotations omitted) (discussing res judicata). "Put simply, the doctrine involves the impropriety of permitting parties to have two bites at the apple." *Kenman Eng'g v. City of Union*, 314 F.3d 468, 478 (10th Cir. 2002) (quotations omitted).

Here, the same Plaintiffs' counsel have brought a second purported collective action with the exact same proposed class definition, against the exact same Defendant. The complaint here is nearly identical to the *Chavez* complaint. The City has been tied up in burdensome litigation of the *Chavez* case since 2002. Finally, after the City was held at trial to be in compliance with the FLSA on all but a very limited and narrow issue and after defeating Plaintiffs' motion for a new trial, this litigation should end. Instead, the City finds itself defending an identical lawsuit, covering issues already ruled upon. The Court should grant Defendant's Motion for Summary Judgment precluding relitigation of Plaintiffs' claims.

**I.      SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate where the moving party shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The rule provides that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1985). To prevail on summary judgment, the moving party need only demonstrate that "there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1985).

**II.     THE CLAIMS BROUGHT IN THIS CASE WERE ALREADY LITIGATED AND DECIDED IN *CHAVEZ* AND RES JUDICATA BARS THEIR RELITIGATION**

Under the doctrine of res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in a prior action. *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). The purpose of res judicata is to "relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." *Satsky v. Paramount Comm'ns, Inc.* 7 F.3d 1464, 1567 (10th Cir. 1993). "In our system of jurisprudence the usual rule is that merits of a legal claim once decided in a court of competent jurisdiction are not subject to redetermination in another forum." *Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982).

To bar a claim by res judicata, three elements must exist: (1) a final judgment on the merits in the prior suit; (2) identity of the cause of action in both suits; and (3) identity of parties or their privies in the two suits. *King*, 117 F.3d at 445; *Satsky*, 7 F.3d at 1467. Here, all three elements are met and relitigation of Plaintiffs' claims is barred.

### A.     The *Chavez* Court Entered a Final Judgment on the Merits

First, The District Court in *Chavez* entered a final judgment on the merits. On August 10, 2007, this Court issued a Memorandum Opinion and Order wherein it granted in part and denied in part Plaintiffs' and the City's Motions for Summary Judgment. *Chavez* docket 250 (Exhibit 1). The Court held a bench trial on the remaining issues on September 10, 2007. *Chavez* docket 278 at 1 (Exhibit 3). On January 17, 2008, it issued Findings of Fact and Conclusions of Law finding in favor of the City on all remaining issues except for the inclusion of benefit sale back proceeds in overtime. *Id*. On February 1, 2008, Plaintiffs moved for a new trial. *Chavez* docket 284. On September 19, 2008 after full briefing of the issues and after Plaintiffs submitted a summary proffer of the type of evidence they intended to present at a new trial, the Court denied Plaintiffs' motion. *See Chavez* docket 294 (filed with the Court on Sept. 26, 2008, docket 33).

The order granting in part and denying in part both Plaintiffs' and the City's motions for summary judgment was a final judgment on the merits as to the claims of which it disposed. A "summary judgment is a final judgment and a dismissal with prejudice constitutes an adjudication of the merits and is thus res judicata of the issues between the parties and their privies." *Casias v. Sw. Med. Assocs.*, No. Civ. 04-0142 JB/ACT, 2005 WL 3662924, at *3 (D. N.M. Oct. 31, 2005) (unpublished) (quotations omitted).

The judgment entered following trial was also a final judgment on the merits as to the remaining claims. "Dismissal with prejudice… constitutes a final adjudication on the merits with preclusive effect in federal court." *Ostler v. Anderson*, 200 Fed. Appx. 750, 753 (10th Cir. 2006) (unpublished) (*citing Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1238 (10th Cir. 1992)). Following the bench trial and after it issued findings of fact and conclusions of law, the *Chavez* court entered judgment disposing of all remaining issues that were not decided on summary judgment. The Court held the claims that the City does not properly include bonuses and add-

ons in its calculation of the "regular rate" of pay and does not properly credit payments against its FLSA overtime liabilities are "dismissed with prejudice in their entirety." *Chavez* docket 281 at ¶ 2 (Exhibit 2). The first element of res judicata is met.

It does not matter that the amount of any damages stemming from the Court's finding regarding vacation and sick leave buy back has not been determined. In fact, Plaintiffs failed to prove any damages at trial. What matters is that there was a final judgment on the merits as to the claims that the City does not properly include bonuses and add-ons in its calculation of the "regular rate" of pay and does not properly credit payments against its FLSA overtime liabilities. Res judicata applies to these claims and Plaintiffs are barred from relitigating them.

The City maintains that Plaintiffs failed to prove damages at trial and there is nothing left for the *Chavez* Court to determine. However, even assuming arguendo that Plaintiffs may still attempt to prove damages, that damages have not been determined on one distinct issue does not defeat the application of res judicata here. The Second Restatement of Judgments recognizes that judgment may be final as to only part of an action or claim. "A judgment may be final in a res judicata sense as to a part of an action although the litigation continues as to the rest." R. 2d Judgment § 13, cmt. e. Final judgment on the merits was entered by the Court, both in its summary judgment ruling, and in its ruling after trial; it does not matter whether issues remain as to the determination of damages.

Moreover, even assuming arguendo that damage issues remain on a narrow issue, courts do not adhere to the strict requirement that a judgment be final in the sense that there is nothing left for the court to determine, in order to apply res judicata. Courts have instead recognized that where "the only remaining question is 'how much does the defendant owe,' there is no justification for exposing defendant to the expense of a second lawsuit which is based on the same transactions or occurrences of the original transaction." *Cf. Phillips USA, Inc. v. Allflex*

7

*USA, Inc.*, No. 92-CV-2405-JWL, 1994 WL 398221 (D. Kan. Jan. 19, 1994), *aff'd Phillips v. Allflex USA, Inc.*, 77 F.3d 354 (10th Cir. 1996); *see also United Transp. Union, Local 1745 v. City of Albuquerque*, No. 96-716 LH/DJS-ACE, at 5 (D. N.M. Oct. 3, 2001) (attached as Exhibit 6 hereto) (granting summary judgment based on res judicata in class case against the City brought by the same Plaintiffs' lawyers as this case and explaining that the particular circumstances required "a more practical approach to finality.")

Even if the Court determines that the fact that some limited damages remain to be determined as to the claim against the City regarding vacation and sick leave buy back, there is nothing left to decide regarding Plaintiffs' claims as to the City's treatment of bonuses and add-ons in its calculation of the "regular rate" of pay and as to whether the City properly credits payments against its FLSA overtime liabilities. The relitigation of those claims are barred based on res judicata and the Court should dismiss them even if it determines that the narrow damages issue remains to be litigated. As to these claims, there is no liability and thus, no damages to determine; as pointed out above no damages on any issue were proven at trial in *Chavez*.

It similarly does not matter that an appeal has not been taken from the Court's judgment dismissing the claims with prejudice. *Cf. Mambo v. Vehar*, 185 Fed. Appx. 763, 765 (10th Cir. 2006) (unpublished) (rejecting plaintiff's argument that there was no final judgment in the first suit for purposes of res judicata where appeal in that suit was pending when plaintiff filed the second suit). The *Chavez* Court entered a final judgment on the merits which bars relitigation of Plaintiffs' claims here.

**B.     There is Identity of the Cause of Action in This Case and *Chavez***

Second, the cause of action is the same here and in *Chavez*. The Tenth Circuit has adopted the Second Restatement's "transactional" approach to what constitutes a "cause of action" for res judicata purposes. *King*, 117 F.3d at 445. Under that test, a final judgment in the

8

first action extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction or series of connected transactions out of which the [first] action arose." *Phillips*, 1994 WL 398221, at *5.

> What constitutes a "transaction" or "series" is to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

*Id*. (quotations and citations omitted).

Courts often have difficulty in determining whether there is an identity of cause of action in the first suit and second suit. *E.g., Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1335 (10th Cir. 1988) ("Determining what constitutes a single 'cause of action' has long been a troublesome question.")  Here, however, the question is an easy one.  Both suits essentially allege that the City's method of overtime calculation violates the FLSA. The exact same policies of the City and practices by the City are being challenged.

Even a cursory review of the complaints in *Chavez* and *Rodriguez* reveals that the claims brought in the two suits are identical.[4]  In addition, the relief prayed for in the two complaints is identical.

| ***Chavez* Second Amended Complaint:**<br>*Chavez* Docket 178 (attached as Exhibit 5 hereto) | ***Rodriguez* Complaint:**<br>Docket 1 |
|---|---|
| 1.  Plaintiffs are all present or former City employees who have been denied | 1.  Plaintiffs are all present or former City employees who have been denied the correct |

---

[4] The chart contains exact language, by paragraph number, from the two complaints.  The only new allegation in the *Rodriguez* complaint that was not contained in the *Chavez* complaint is that "some City employees have been improperly classified as 'exempt' from the provisions of the FLSA."  This "new" claim cannot defeat Defendant's motion.  First, it could have been brought in *Chavez* since the suits are otherwise identical and res judicata bars relitigation of claims that were *or could have been* litigated.  Second, Plaintiffs have conceded that exempt and non-exempt employees cannot properly be in the same class and have stated they will amend the complaint to remove allegations of improper classification.  *See* docket 27 at ¶ 2.  The City reserves it right to argue that it is improper for Plaintiffs to do so at this late stage in the litigation.

9

CH1 11588973.2

| | |
|---|---|
| overtime wages to which they are entitled under the provisions of the FLSA. | amount of overtime wages to which they are entitled under the provisions of the FLSA. |
| 3.  This collective action is filed on behalf of Plaintiffs pursuant to the FLSA, 29 U.S.C. Sec. 216(b).  Specifically, Plaintiffs bring this action on behalf of all employees and former-employees of the City of Albuquerque who have worked overtime but who have not been paid the full amount of overtime they are entitled to under the provisions of the FLSA. | 2.  This collective action is filed on behalf of Plaintiffs pursuant to the FLSA, 29 U.S.C. Sec. 216(b).  Specifically, Plaintiffs bring this action on behalf of all employees and former employees of the City of Albuquerque who have worked overtime but who either have not been paid or have not been paid the full amount of overtime wages they are entitled to under the provisions of the FLSA. |
| 7.  The normal work week of most City employees is set out in collective bargaining agreements.  The normal work week is generally 40 hours per week, consisting of five eight-hour days or four ten-hour days. | 5.  The normal work week of most City employees is set out in Collective Bargaining Agreements.  The normal work week is generally 40 hours per week, consisting of five eight-hour days or four ten-hour days. |
| 4.  The Plaintiffs in this case have a right of recovery under the FLSA, 29 U.S.C. Sec. 207(a)(1), for unpaid overtime wages owed to them for hours worked in excess of their normal 40-hour or other regular work week | 6.  Under the provisions of the FLSA, Plaintiffs are owed overtime wages amounting to "not less than one and one-half times the regular rate" at which they are employed, 29 U.S.C. Sec 207(a)(1), for hours worked in excess of their normal work weeks." |
| 10.  The City of Albuquerque has failed to include all the properly applicable "other compensation" in calculating the "regular rate of pay" of some of its employees, with the result that these employees receive less overtime pay than required by the FLSA. | 8.  The City of Albuquerque has failed to include all the properly applicable "other compensation" in calculating the "regular rate" of many of its employees, with the result that these employees receive less overtime pay than required by the FLSA |
| 11.  In many cases, the City is incorrectly taking "credits" or "offsets" against overtime pay for holiday, sick time, or other pay which is provided in a union agreement or which is otherwise properly not creditable or chargeable against overtime pay under the provisions of the FLSA. | 13.  In many cases, the City is incorrectly taking "credits" or "offsets" against overtime pay for holiday, sick time, or other pay which is provided in a union agreement or which is otherwise properly not creditable or chargeable against overtime pay under the provisions of the FLSA. |

10

There is no question that here, there is an "identity of the cause of action in both suits"—in fact, the claims here are far more similar to those in *Chavez* than is required for the doctrine to apply. The Complaints alone shows that Plaintiffs here are trying to get the second bite at the apple that res judicata is meant to prevent.

### C. The Plaintiffs in This Case are in Privity with the *Chavez* Plaintiffs

Third, the Plaintiffs here are in privity with the *Chavez* plaintiffs and Defendant—the City—is the same entity in both suits. Res judicata is applicable only to parties to the first suit or their privies. *Satsky*, 7 F.3d at 1458. "There is no definition of 'privity' which can be automatically applied to all cases." *Lowell Staats Mining Co. v. Phila. Elec. Co.*, 878 F.2d 1271, 1274-75 (10th Cir. 1989). "Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Id*.

Here, as explained above, the issues in *Chavez* and this case are identical. Further, the proposed class definition here is identical to that in *Chavez*. In *Chavez*, the class was defined as: "all present or former City employees who have been denied overtime wages to which they are entitled under the provisions of the FLSA." *Chavez* docket 178 (Exhibit 5). Although no class has been certified, the plaintiffs here fit within that same definition. Docket 1 at ¶ 1.

The Plaintiffs in *Chavez* represented the interests of the Plaintiffs here. *See Satsky*, 7 F.3d at 1469 ("Privity may be established if the party to the first suit represented the interests of the party to the second suit."); *United Transp. Union, Local 1745*, No. CIV. 96-716 LH/JS-ACE at 7 (Plaintiffs in both actions are so closely aligned with each other as to make the Plaintiffs in Lawsuit I the virtual representatives of Plaintiffs in Lawsuit II) (Exhibit 6).

That the Plaintiffs here were represented by the same counsel as the Plaintiffs in *Chavez* also tends to show privity exists. *See Sondel v. Nw. Airlines, Inc.*, 56 F.3d 934, 940 (8th Cir.

11

1998) (holding class in federal case was in privity with plaintiffs in prior state case and stating "we believe it is significant that the same attorneys who represented the state court plaintiffs are the class counsel in the federal case."); *Cf. Ruiz v. Comm'r of Dep't of Transp.*, 858 F.2d 898, 903 (2d Cir. 1988) (the fact that parties in both cases were represented by the same attorney was of "singular significance"); *The Christopher D. Smithers Found., Inc. v. St. Luke's-Roosevelt Hosp. Ctr.*, No. 00 CIV 5502(WHP), 2003 WL 115234, at *4 (S.D.N.Y. Jan. 13, 2003) (same counsel in both lawsuits is "strong indication" that interests of parties are identical).

The Court should enter summary judgment in favor of the City based on res judicata. This is the exact type of case to which res judicata should apply as a matter of policy and all three requirements are met. There was a final judgment on the merits in the *Chavez* case; the claims here are identical to the claims in *Chavez*; and the plaintiffs here are in privity with the *Chavez* plaintiffs.

### III. ALTERNATIVELY, COLLATERAL ESTOPPEL BARS RELITIGATION OF CERTAIN ISSUES

It the Court finds that res judicata does not apply, in the alternative, it should find that collateral estoppel bars relitigation of certain issues that were previously litigated in *Chavez*. Collateral estoppel bars relitigation of ultimate facts or issues actually and necessarily decided in a prior suit. *Cibas v. Lockwood*, No. CIV90-0341J C/CWWD, 1994 WL 924145, at *6 (D. N.M. Aug. 22, 1994) (unpublished). The following elements must be present for collateral estoppel to apply: (1) the party against whom collateral estoppel is asserted must have been a party or in privity with a party to the original action; and (2) the two cases must have concerned the same ultimate issue or fact, which was (a) actually litigated, and (b) necessarily determined in the first suit. *Id*. In addition, the application of collateral estoppel must not be "fundamentally unfair." *Id*. "Fundamental fairness" requires that the party against whom collateral estoppel is asserted

be given a full and fair opportunity to litigate. *Id*. Collateral estoppel does not require that there was a final judgment on the merits in the first suit.

As explained above, the plaintiffs here are in privity with the Plaintiffs in *Chavez*. In addition, as explained above, the two cases concern the same ultimate issue—whether the City's method for calculating overtime complies with the FLSA. This issue was actually litigated at trial and it was in fact the determinative issue in the *Chavez* suit. Finally, it is fundamentally fair to bar relitigation of Plaintiffs' claims. The Plaintiffs here, City employees, fell within the class definition in the *Chavez* case and class counsel in *Chavez* also represents the Plaintiffs here. The Plaintiffs here have been given a full and fair opportunity to litigate. Collateral estoppel bars relitigation of the issue whether Defendant's method of calculating overtime complies with the FLSA.

## CONCLUSION

The City is entitled to summary judgment on Plaintiffs' claims that its method of calculation of overtime violates the FLSA. Plaintiffs are barred from relitigating their claims either on the basis of res judicata or collateral estoppel. Accordingly, the Court should grant the City's motion for summary judgment and dismiss Plaintiffs' complaint in its entirety.

Respectfully Submitted,

Robert M. White
City Attorney


 /s/ Electronically signed
Michael Garcia
Assistant City Attorneys
P.O. 2248
Albuquerque, N.M. 87103
(505) 768-4500

13

I HEREBY CERTIFY that on the 6th day of November, 2008, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sam Bregman, Attorney for Plaintiffs
sam@bregmanlawfirm.com

Paul Livingston, Attorney for Plaintiffs
living@rt66.com

Eric Loman, Attorney for Plaintiffs
eric@bregmanlawfirm.com

Edward W. Bergmann
ebergman@seyfarth.com

/s/ Michael I. Garcia
Michael I. Garcia

CH1 11588973.2