IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE RODRIGUEZ, STEVEN J. DURAN,
GREG MIERA, and ROSE MARIE NEAL,**
on behalf of themselves and other present
and former City employees,

                          **Plaintiffs,**

vs.                                                        Cause No. 1:07-cv-00901 JB/ACT

**CITY OF ALBUQUERQUE,**

                          **Defendant.**

**FIRST AMENDED COMPLAINT FOR VIOLATIONS
OF THE FAIR LABOR STANDARDS ACT**

      **COME NOW** Plaintiffs, by and through their attorneys, The Bregman Law Firm, P.C. (by Sam Bregman and Eric Loman); and Paul Livingston, and present the following First Amended Complaint for Violations of the Fair Labor Standards Act (hereinafter "FLSA"):

      1.      Plaintiffs are all present or former City employees who have been denied the correct amount of overtime wages to which they are entitled under the provisions of the FLSA.

      2.      This collective action complaint is filed on behalf of Plaintiffs pursuant to the FLSA, 29 U.S.C. Sec. 216(b). Specifically, Plaintiffs bring this action on behalf of all employees and former employees of the City of Albuquerque who have worked overtime

but who have not been paid the full amount of overtime wages they are entitled to under the provisions of the FLSA.

3. The City's Merit System Ordinance, Section 3-1-11, provides that:

The working time of employees in a department shall be specified from time to time by the department head, with the approval of the Chief Administrative Officer, or his designated representative . . . Overtime may be paid by the city for work performed outside of established work hours in accordance with the Fair Labor Standards Act.

4. Rule 302.2 of the City's Personnel Rules and Regulations provides that:

As a condition of employment, employees may be required to work overtime . . . (W)hen overtime is required for non-exempt employees, compensation must be in accordance with the Fair Labor Standards Act (FLSA) <u>and</u> any applicable collective bargaining agreement.

5. The normal work week of most City employees is set out in Collective Bargaining Agreements ("CBAs"). The normal work week is generally 40 hours per week, consisting of five eight-hour days or four ten-hour days.

6. Under the provisions of the FLSA, Plaintiffs are owed overtime wages amounting to "not less than one and one-half times the regular rate" at which they are employed, 29 U.S.C. Sec. 207(a)(1), for hours worked in excess of their normal work weeks.

7. Under the FLSA the *regular rate* "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. Sec. 207(e). The "regular rate" includes not only the "base" rate of pay, but also includes other compensation for hours worked, including but not limited to shift differential pay, hazardous duty

pay, longevity and super longevity pay, holiday pay, bilingual pay, vacation and sick leave buy back, educational pay, and other non-discretionary remuneration or bonuses.

8. The City of Albuquerque has failed to include all the properly applicable "other compensation" in calculating the "regular rate" of many of its employees, with the result that these employees receive less overtime pay than required by the FLSA.

9. In calculating its employees' "regular rate of pay" the City of Albuquerque divides the base rate of pay plus add-on remuneration by the number of hours worked by the employees, including overtime hours, rather than by the number of hours (40) in the employees' normal work week, thus yielding a lower regular rate of pay. The City then multiplies the regular rate by one-half the overtime hours rather than by one-and-a-half times the overtime hours ("time and a half") as required by the FLSA.

10. The City calculates FLSA payments separately under the terms of the Collective Bargaining Agreements, without including any additional or add on remuneration in the "regular rate," or under the provisions of the FLSA, without including the benefits and provisions contained in the Collective Bargaining Agreements and/or the City's rules and ordinances. In particular, under the CBA calculation the City includes days of paid leave as hours worked, but fails to include add-on remuneration in the regular rate of pay; under the FLSA calculation the City includes add-on remuneration in the regular rate of pay, but fails to consider hours of paid leave as hours worked towards the threshold 40 hours that triggers overtime pay.

11. After performing its dual calculations, the City pays its employees the higher of the two amounts, rather than paying overtime under the provisions of both the FLSA and the Collective Bargaining Agreements and the City's rules and ordinances. The FLSA requires calculation of overtime pay that combines contract wages, benefits, and provisions with the provisions of the FLSA that require "other compensation" to be added to the regular rate of pay.

12. In many cases the City is incorrectly taking "credits" or "offsets" against overtime pay for holiday, sick time, or other pay which is provided pursuant to the terms of a union agreement or which is otherwise not properly creditable or chargeable against overtime pay under the provisions of the FLSA.

13. An opt-in collective action under 29 U.S.C. Section 216(b) is appropriate in this case as all City employees who receive overtime pay are similarly situated, are subjected to the same policies and practices, and have suffered the same or similar damages.

14. The City of Albuquerque's conduct prior to and subsequent to the filing of this case, and the City's failure to correct its erroneous payment of overtime wages has been and continues to be willful and in bad faith, thus entitling Plaintiffs to their unpaid overtime wages, liquidated damages in an amount equal to the unpaid wages, a three-year statute of limitations, and attorneys' fees and costs.

**WHEREFORE**, Plaintiffs pray for the following relief:

A. Overtime wages owed calculated as the difference between the overtime wages that were received under the improperly calculated rates of pay and the overtime wages that should have been paid under the proper and correct calculations, offsets, and credits set out in the provisions of the FLSA;

B. Liquidated damages in an amount equal to the unpaid overtime wages owed;

C. Pre-judgment and post-judgment interest;

D. Attorney's fees and costs associated with this lawsuit; and

E. Such other and further relief as the Court deems necessary, just, and proper.

Respectfully submitted,

THE BREGMAN LAW FIRM, P.C.

*s/ Paul Livingston*
_____
for/ Sam Bregman and Eric Loman
Attorneys for Plaintiffs
111 Lomas Blvd. NW, Suite 230
Albuquerque, NM 87102
(505) 761-5700

and

*s/ Paul Livingston*
_____
Paul Livingston
Attorney for Plaintiffs
P.O. Box 250
Placitas, NM 87043
(505) 771-4000

-6-

I hereby certify that I sent a true copy
of the foregoing Amended Complaint
to opposing counsel on or around
November 13, 2008, and that pursuant
to Rule 15, Fed. Rules of Civil Proc.
I secured verbal and written approval
of opposing counsel and leave of the
Court to file this First Amended Complaint.

*s/ Paul Livingston*

_____
Paul Livingston