## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, ROSE MARIE NEAL,
JASON BROWN, and GREG MIERA,
on behalf of themselves and other present
and former City employees,

        Plaintiffs,

v.                                                             No. CIV 07-0901 JB/ACT

CITY OF ALBUQUERQUE,

        Defendant.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment Based on Res Judicata or Collateral Estoppel, filed November 6, 2008 (Doc. 36). The Court held a hearing on December 19, 2008. The primary issue is whether the Court should grant summary judgment in favor of Defendant City of Albuquerque because the doctrines of claim preclusion or issue preclusion bar the Plaintiffs' claims. For the reasons stated at the hearing, the reasons stated below, and other reasons consistent therewith, the Court will deny the motion.

For there to be claim or issue preclusion, the parties in the two cases must be the same or be in privity with each other. The parties have represented that the named parties and opt-ins in Chavez v. City of Albuquerque, CIV No. 02-0562 JH/ACT (D.N.M.), are not named parties or opt-ins in this case. Presumably, the Plaintiffs and potential opt-ins in this case were notified of the opportunity to opt-into Chavez v. City of Albuquerque. See Transcript of Hearing at 27:19-20 (taken December 19, 2008)(Bergmann); id. at 30:8-20 (Court & Bergmann).[1] Nonetheless, the City of Albuquerque

---

[1] The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version. Any final transcript may contain different page and/or line numbers.

argues that the plaintiffs in Chavez v. City of Albuquerque represented the named plaintiffs and potential opt-ins in this case.

The recent Supreme Court of the United States case of Taylor v. Sturgell, 128 S.Ct. 2161 (2008), and the recent United States Court of Appeals for the Tenth Circuit case of Pelt v. Utah, 539 F.3d 1271 (10th Cir. 2008), govern the disposition of this motion. Because none of the Plaintiffs in this case are the same as the plaintiffs in Chavez v. City of Albuquerque, the City of Albuquerque must rely upon a theory of non-party preclusion to successfully invoke either claim or issue preclusion. Taylor v. Sturgell has curtailed the situations in which due process allows non-party preclusion.

In Taylor v. Sturgell, the Supreme Court recognized six traditional exceptions to the general rule that a person cannot be bound by the judgment in a case unless he or she is a party to the case. See 128 S.Ct. at 2172-73. The most likely candidate in this situation is the exception that, "in certain limited circumstances, a nonparty may be bound by a judgment because she was adequately represented by someone with the same interests who [wa]s a party to the suit." Id. at 2172 (internal quotations omitted, brackets in original). The Supreme Court noted, however, that "[r]epresentative suits with preclusive effect on nonparties include properly conducted class actions and suits brought by trustees, guardians, and other fiduciaries." Id. at 2172-73 (citations omitted).

Those criteria are not met here. Chavez v. City of Albuquerque was not certified as a class action. There is no indication that any of the plaintiffs in Chavez v. City of Albuquerque were in fiduciary relationships with the Plaintiffs in this case. The circumstances here do not fit within any of the traditional exceptions described in Taylor v. Sturgell, and the Court does not see any authority or reasonable grounds to expand upon the scope of the categories that the Supreme Court has identified.

The background of this case highlights how adhering to a narrow interpretation of the exceptions helps ensure every person a "'full and fair opportunity to litigate.'" Id. at 2171 (quoting Richards v. Jefferson County, 517 U.S. 793, 798 (1996)). City employees were given notice and an opportunity to opt into the lawsuit in Chavez v. City of Albuquerque if they wished. If the Court were to adopt the City of Albuquerque's position on preclusion, those employees electing not to opt into the earlier case would find the judgment in that case nonetheless binding them, despite their choice and without their participation. The City of Albuquerque's interpretation of preclusion doctrine effectively transforms opt-in collective actions under the Fair Labor Standards Act ("FLSA") into mandatory class-actions. Such an approach essentially makes the rule: If you opt-in, you are bound, and if you do not opt-in, you are still bound. Such a result would undermine the purpose of the opt-in procedure under the FLSA. It also would likely create a harsh rule for a rule 23(b)(3) opt-out class action, which places the burden on individuals to affirmatively opt out of the class. It seems fundamentally unfair to send a notice to people in Chavez v. City of Albuquerque, inviting them to opt-into that case, not tell them that they may be bound in that case, and then, in this case, inform those who did not opt-in that they are bound by Chavez v. City of Albuquerque after all. Such a procedure would create chaos in the next, first FLSA case. Moreover, the Court is concerned that, if the City of Albuquerque had lost Chavez v. City of Albuquerque, they might not be arguing in this case that the Plaintiffs and opt-ins in this case enjoyed the benefit of success in the first case. Due process requires clarity, and people who do not affirmatively opt-in to a FLSA case should know that they will not be later bound by that case in which they intentionally chose not to participate.

While the City of Albuquerque has raised the specter of endless litigation over its overtime policies, and even alluded to the possibility that a decision from the Tenth Circuit or the Supreme

Court might not halt the lawsuits, the Court believes this fear is exaggerated. The same individuals cannot bring the same suit again. Only new parties can sue. Moreover, the Court's interpretation of Taylor v. Sturgell in no way cuts back on stare decisis. If the overtime issues all involve, as the City of Albuquerque asserts, the exact same set of facts about city policy, then a Tenth Circuit or a Supreme Court ruling should effectively foreclose future litigation on the issue. A district court would be bound to apply the higher court's ruling. Precedent might well serve as a greater bar to litigation spiraling out of control than preclusion would. A definitive appellate ruling on the City of Albuquerque's policy would likely be easier to apply than the often arcane and confusing intricacies of preclusion doctrines.

The Supreme Court addressed a similar worry in Taylor v. Sturgell. Taylor v. Sturgell involved a "public-law" case where "the number of plaintiffs with standing [wa]s potentially limitless." 128 S.Ct. at 2178 (internal quotation marks omitted). In contrast, the number of potential plaintiffs in this case, while large, is limited. Nonetheless, even when faced with the prospect of "limitless" plaintiffs, the Supreme Court declined to adopt a broad rule of non-party virtual representation, and noted that "*stare decisis* will allow courts swiftly to dispose of repetitive suits brought in the same circuit." Id. The Supreme Court stated that, "even when *stare decisis* is not dispositive, the human tendency not to waste money will deter the bringing of suits based on claims or issues that have already been adversely determined against others." Id. (internal quotation marks omitted). In sum, because none of the exceptions allowing for non-party preclusion is applicable here, the Court will deny the City of Albuquerque's motion.[2]

---

[2] There may be other grounds to deny the City of Albuquerque's motion. For example, it is far from clear that the Honorable Judith C. Herrera, United States District Judge's order in Chavez v. City of Albuquerque is a final judgment under res judicata and claim preclusion law. While it appears clear that Judge Herrera's order is not a final judgment for appeal purposes, it is a more

**IT IS ORDERED** that the Defendant's Motion for Summary Judgment Based on Res Judicata or Collateral Estoppel is denied.

                                                         _____
                                                         UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul Livingston
Placitas, New Mexico

-- and --

Sam Bregman
Eric Loman
The Bregman Law Firm, PC
Albuquerque, New Mexico

    *Attorneys for the Plaintiffs*

Robert M. White
  City Attorney
Paula I. Forney
Michael I. Garcia
  Assistant City Attorneys
Albuquerque, New Mexico

-- and --

Edward W. Bergmann
Seyfarth Shaw LLP
Chicago, Illinois

    *Attorneys for the Defendant*

---

complicated issue whether her order is final for preclusion purposes. Because the Court has determined that the parties in Chavez v. City of Albuquerque are not the same parties in this case, and are not in privity with the parties in this case, the Court need not decide whether Judge Herrera's order in Chavez v. City of Albuquerque is final for preclusion purposes.