IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, GREG MIERA, and ROSE MARIE
NEAL, On behalf of themselves and other
Present and former City employees,

Plaintiffs,

v.

No. CIV 07-00901 JA/ACT

CITY OF ALBUQUERQUE,

Defendant.

**MEMORANDUM OF LAW IN OPPOSITION TO
PLAINTIFFS' MOTION FOR COLLECTIVE ACTION CERTIFICATION**

Defendant, City of Albuquerque ("City"), by and through its attorneys, Seyfarth Shaw

LLP, states the following in opposition to Plaintiffs' Motion and Memorandum in Support of

Collective Action Certification.

**BACKGROUND**

On September 12, 2007, Plaintiffs filed a Complaint for collective action under 29 U.S.C.

§ 216(b) ("Section 216(b)") of the Fair Labor Standards Act ("FLSA").  Docket 1.[1]  They allege

essentially that the City has not paid certain employees the overtime wages to which they are

entitled under the FLSA.

Nearly seventeen months passed between when Plaintiffs filed their Complaint and when

they filed their Motion for collective action certification.  *See* dockets 1 and 52.  During the

intervening seventeen months, Plaintiffs have done very little to advance their case.  The only

action Plaintiffs have taken to advance their case is filing consents to representation of opt-ins.

---

[1] The City refers to documents in the Court's record by their docket number and specific page or paragraph number;
for example, "docket # at #," or "docket # at ¶ #."

Dockets 4, 6, 9-11.  However, the last of the consents was filed over a year ago, in February of

2008.  Docket 11.  Plaintiffs have not sought *any* discovery from the City and, there is no

explanation for the seventeen month delay in filing the motion for collective action certification.

The issues raised in this case relative to calculation of overtime compensation by the City

were adjudicated and ruled on in favor of the City following a trial in another case before this

Court, *Chavez v. City of Albuquerque*, No. 02-562 (D. N.M.).[2]  The *Chavez* court ruled in the

City's favor on all issues, except the claim that the City fails to include vacation and sick leave

proceeds in the calculation of overtime.  This narrow issue has created a split between the Sixth

and Eight Circuits.

After the *Chavez* Court denied the *Chavez* plaintiffs' motion for a new trial, the City

moved in this case for summary judgment based on res judicata or collateral estoppel.  Dockets

36, 37.  After the denial of its motion for summary judgment in this case, the City moved for

Entry of Rule 58 Final Judgment and Order of Dismissal in *Chavez*.  *Chavez* docket 295.  It is

the City's position that there is nothing left for the *Chavez* Court to decide, and entry of final

judgment is appropriate now.  It is apparently Plaintiffs' position that they should be given

another opportunity to prove damages on the issue of the City's failure to include vacation and

sick leave proceeds in the calculation of overtime.  Even if that is the case (a proposition the City

strongly contests), no issues remain in the *Chavez* case as to liability.

On January 16, 2009, the City made an Offer of Judgment to each Plaintiff in this action.

Docket 51.  The amount offered would more than compensate each Plaintiff for any alleged

damages stemming from the City's failure to include vacation and sick leave buy-back proceeds

in the calculation of overtime.  Based on the *Chavez* Court's ruling, this is the City's only

potential liability in this case.

---

[2] Defendant refers to documents in the *Chavez* Court's record as "*Chavez* docket # at #" or "*Chavez* docket # at ¶ #."

**ARGUMENT**

I.    **THE COURT MUST DENY PLAINTIFFS' MOTION FOR
      CERTIFICATION BECAUSE PLAINTIFFS' CLAIMS ARE MOOT**

Under Article III of the U.S. Constitution, a federal court may adjudicate only "cases" or "controversies."  U.S. Const. art. III, § 2.  A "case or controversy must exist throughout the litigation; in other words, the case cannot be moot."  *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008) (citations omitted); *Navani v. Shahani*, 496 F.3d 1121, 1127 (10th Cir. 2007).  Here, the City's offer of judgment mooted Plaintiffs' claims.  Their motion for collective action certification, therefore, must be denied.  Further, their individual claims should be dismissed in their entirety as the Court has no subject matter jurisdiction over them.

A.    **An Offer Of Judgment Moots A Plaintiff's Claims In A Purported
      Collective Action Unless Plaintiff Timely Moves For Certification.**

An FLSA claim becomes moot when the purported representatives of a collective action receive an offer that would satisfy their original claims and they do not represent any other individuals in a collective action.  *Sandoz*, 553 F.3d at 915, 919.  The claims become moot even where the representatives do not accept the offer, so long as the offer *would* satisfy their claims. *Id*. at 914 (Sandoz failed to accept the offer and instead moved to strike reference to the offer); *Rubery v. Buth-Na-Bodhaige, Inc.*, 494 F.Supp. 2d 178, 180 ("a defendant's offer of judgment for a plaintiff's full damages, *even if rejected*, renders the case moot and subject to dismissal") (emphasis added).

However, if the representative "files a *timely* motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint." *Sandoz*, 553 F.3d. at 920-21 (emphasis added).  "If the court ultimately grants the motion to certify, then the Rule 68 offer to the individual plaintiff would not fully satisfy the claims of everyone in the

3

CH1 11681182.4

collective action; if the court denies the motion to certify, then the Rule 68 offer of judgment renders the individual plaintiff's claims moot." *Id*. at 921.

In *Sandoz*, Sandoz brought suit in state court against Cingular for alleged violations of the FLSA. *Id*. at 914. Cingular removed the case to district court and twenty-four days later, made an offer of judgment under Fed. R. Civ. P. 68. *Id*. Sandoz failed to accept the offer of judgment and moved to strike the reference to the offer of judgment. *Id*. Cingular then filed a motion to dismiss for lack of subject matter jurisdiction. *Id*. That motion was dismissed and the issue was subsequently certified for interlocutory appeal to the Fifth Circuit. *Id*. at 914-15. Only after the motion to dismiss was denied did Sandoz file a motion for certification of her collective action. *Id*. at 915.

The Fifth Circuit first considered "whether Sandoz represents only herself… or if she also represents other similarly-situated employees in a FLSA collective action." *Id*. at 915. It concluded that Sandoz cannot represent other employees until they affirmatively opt in to the collective action. *Id*. at 919. Implicit in this, is that there must be a certified collective action to opt in to. "When Cingular made its offer of judgment, Sandoz represented only herself, and the offer of judgment fully satisfied her individual claims." *Id*. If the Court's analysis stopped there, "Sandoz's case would [have] be[en] moot." *Id*.

However, the Court went on to consider whether "allowing a defendant to moot a collective action in this manner would violate the policies behind the FLSA." *Id*. The Court was wary of allowing employers to "pick off" named plaintiffs, thus avoiding ever having to face a collective action. *Id*. It explained, however, that the relation back doctrine "provides a mechanism to avoid this anomaly." *Id*. The Court held that "when a FLSA plaintiff files a timely motion for certification of a collective action, that motion relates back to the date the plaintiff filed the initial complaint, particularly when one of the defendant's first actions is to

4

make a Rule 68 offer of judgment." *Id*. at 920-21.  The Court remanded for the district court to determine whether Sandoz's motion for certification of the collective action was timely.  *Id.* at 921 ("however, Sandoz did not file her motion to certify until thirteen months after she filed her complaint, and relation back is warranted only when the plaintiff files for certification 'without undue delay.'" (citations omitted)).  If the district court finds the motion for certification was timely, Sandoz will represent others besides herself, and the collective action may go forward.  If, on the other hand, the motion for certification was *not* timely, the offer of judgment mooted Sandoz's claims, she represents only herself, and the court has no jurisdiction under which a collective action can proceed.

## B.    The Named Plaintiffs' Individual Claims Are Moot And They Represent Only Themselves

In this case, the named Plaintiffs' claims became moot on January 16, 2009, when the City made its offer of judgment.  The offer would fully satisfy Plaintiffs' claims so, under *Sandoz*, it makes no difference that Plaintiffs' did not accept the City's offer of judgment.  553 F.3d at 914, 919.  As described above, the *Chavez* Court had previously ruled in the City's favor on all issues, except on the limited issue whether the City fails to include vacation and sick leave proceeds in the calculation of overtime.  The City's offer of judgment exceeds the additional amount Plaintiffs would have been entitled to had the sale-back of vacation and sick leave been included in the regular rate of pay during the relevant time period.[3]  *See* 29 C.F.R. § 778. 209. *See also Darboe v. Goodwill Indus. Of Greater NY & N. NJ, Inc.*, 485 F. Supp. 2d 221, 224 (E.D.N.Y. 2007) (dismissing FLSA case where Rule 68 offer of judgment exceeds any actual damages claimed, case had been pending for more than a year, and plaintiff represented only himself).

---

[3] Given the split between the Sixth and Eight Circuits on this issue, the City does not concede that it violated the FLSA by not including sale-back of vacation and sick leave pay in its calculation of the regular rate.

At the time the offer of judgment was made, Plaintiffs represented only themselves and not any other allegedly similarly situated employees because no collective action had been certified.  In fact, this Court previously ruled that Plaintiffs represent only themselves.  Docket 44 ("The only persons who are presently parties are those specifically named and identified in the Amended Complaint's caption").  Therefore, unless the motion for certification relates back, the court has no jurisdiction to hear Plaintiffs' claims or decide this motion, and accordingly must dismiss Plaintiffs' claims and deny their motion for certification.

### C.      Plaintiffs' Untimely Motion For Certification Does Not Relate Back

Because Plaintiffs' motion for certification is not timely, it does not relate back, and the Court has no subject matter jurisdiction over Plaintiffs' claims.  Specifically, approximately seventeen months passed between when Plaintiffs initiated the lawsuit and when they filed the motion for certification.  This delay was unreasonable as Plaintiffs did not engage in discovery or take any other action to advance their case during the intervening time period.  *See Sandoz*, 553 F.3d at 921 (remanding for determination whether motion for certification was timely when filed thirteen months after complaint).

Cases where the court held a motion for certification relates back have typically involved situations where the plaintiff had insufficient time to move for certification before the defendant made an offer of judgment.  *See, e.g., Roble v. Celestica Corp.*, No. 06-2934, 2007 WL 2669439, at *3 (D. Minn. Sept. 6, 2007) (holding plaintiffs' claims not moot where defendant filed motion to dismiss three days before plaintiffs filed motion for class certification); *Schaake v. Risk Mgmt. Alternatives, Inc.*, 203 F.R.D. 108, 112 (S.D.N.Y. 2001) (claim not moot where defendant made offer of judgment 32 days after plaintiff filed complaint).

In this case, however, the City made its offer of judgment on January 16, 2009, *more than 16 months after* Plaintiffs filed their complaint.  Courts have held there was no relation back

6

where far less time has passed.  *See, e.g., Maranon v. Appliance Direct, Inc.*, No. 07-cv-1160, 2008 WL 151891, at *1, 3 (M.D. Fla. Jan. 16, 2008) (holding offer of judgment rendered plaintiff's FLSA claim moot and stating, where offer "was tendered 4 months after the complaint was filed" it was not an attempt to "short circuit" the collective action).  The City is not aware of *any* case where plaintiffs waited over a year to move for certification, took no discovery at all during the intervening time, waited until after discovery had closed, and then successfully brought a motion for certification of a collective action.

Moreover, here, policy concerns do not justify holding that Plaintiffs' motion relates back.  The *Sandoz* Court expressed a concern that defendants should not be able to "use Rule 68 as a sword, 'picking off' representative plaintiffs and avoiding ever having to face a collective action."  553 F.3d at 919.  However, it held that the relation back doctrine "ensures that plaintiffs can reach the certification stage" *if* they timely move for certification.  *Id.*  Here, it cannot be said that the City, through its offer of judgment, was merely attempting to "pick off" the named plaintiffs.  The offer of judgment was made only after the close of discovery and after briefing on substantive motions brought by the City, including a Motion to Strike Certain Consents and a Motion for Summary Judgment.  Dockets 24 and 36.  Plaintiffs had more than enough time to move for certification in the 16 months before the City made an offer of judgment.  They failed to do so.

Finally, "the circumstances causing the delay" is a factor the court must consider in determining whether a motion for certification is timely and therefore relates back.  *Cf. Saur v. Snappy Apple Farms, Inc.*, 203 F.R.D. 281, 289-90 (W.D. Mich. 2001) (in determining grant of belated certification under Rule 23 was appropriate, court considered reasons for delay and held that discovery done to date was "necessary and pertinent" to the certification motion).  Here, there was no good reason for Plaintiffs' delay in filing the motion for certification.  Plaintiffs did

7

not take any discovery and did not file any substantive motions during the approximately

seventeen months between filing their complaint and filing their motion for certification. The

discovery deadline has long since passed and the case has been set for trial.

The City's offer of judgment fully satisfies Plaintiffs claims and renders them moot.

Plaintiffs' claims therefore must be dismissed in their entirety as the Court has no jurisdiction to

hear them.  Plaintiffs represent only themselves and their motion for certification of a collective

action is untimely and, therefore, does not relate back.  Accordingly, the Court should deny

Plaintiffs' motion for certification as well.

## II.    ALTERNATIVELY, THE COURT MUST DENY PLAINTIFFS' MOTION FOR CERTIFICATION ON THE MERTIS

Even if the Court finds that Plaintiffs timely moved for certification of their collective

action, it must deny Plaintiffs' motion on the merits because Plaintiffs cannot meet their burden

of proving certification is appropriate.  Plaintiffs conclude certification of a collective action is

appropriate, but they attach *absolutely no evidence* to their motion.[4]

The consent procedures of the FLSA permit one or more employees to pursue an action

in a representative capacity for "other employees similarly situated."  Section 216(b).  Plaintiffs

bear the burden of establishing that they are similarly situated.  *Montoya v. Rescue Indus., Inc.*,

176 F.3d 489, 1999 WL 240247, at *1 (10th Cir. 1999) (unpublished); *Grayson v. K Mart Corp.*,

79 F.3d 1086, 1096 (11th Cir. 1996).

---

[4] Plaintiffs describe the two-step process for collective action certification, yet state that a second step determination is not "needed or appropriate" in this case.  Docket 52 at 8 ("there is commonly a second step, in which the court 'makes a second determination after discovery is largely complete and the case is ready for trial'… that is not needed or appropriate in the case now before the Court." (quotations omitted)).  *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001) (describing two-step process for collective action certification).  The City disagrees with Plaintiffs' view that the lower standard should apply.  Discovery has closed and the case is ready for trial.  *See* docket 50 (rescheduling a bench trial to begin on March 16, 2009) which was recently changed.  It is appropriate, therefore, to hold Plaintiffs to the stricter standard now.

CH1 11681182.4

"Conditional certification is by no means automatic." *Treme v. HKA Enterprises, Inc.*, No. 07-1134, 2008 WL 941777, at *2 (W.D. La. Apr. 7, 2008). "At least some evidence beyond unsupported factual assertions" must be presented. *Id.* at *3 (denying motion for conditional certification where plaintiffs argued collective action should be certified "on the basis of similar evidence in a similar case against the same defendant" and stating that plaintiffs' "bare and unsupported allegations" are not enough to conditionally certify a collective action). *See also Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007) ("plaintiffs must present more than mere allegations; i.e., some evidence to support the allegations is required"); *Landsberg v. Acton Enter., Inc.*, No. 05-CV-0500, 2006 WL 745178, at *2, 5 (stating "conditional certification should not be granted unless the plaintiff presents some evidence to support her allegations" and denying motion to send opt-in notice where plaintiff "offered nothing but speculation to support his belief" that other employees were similarly situated).

Here, Plaintiffs provide no evidence that they are similarly situated. Rather, they argue that because the City did not oppose certification in *Chavez*, certification is appropriate here as well. Plaintiffs try to shift the burden to the City. They argue, "discovery deadlines have long passed, yet the City has neither conducted discovery nor requested scrutiny of whether the plaintiffs are similarly situated." Docket 52 at 8. Plaintiffs ignore the fact that they are the ones who should have taken discovery in order to be able to meet their burden of proving certification is appropriate. The City had no reason to "request[ ] scrutiny" on the issue whether Plaintiffs are similarly situated, as that is Plaintiffs' burden to prove.

Plaintiffs' argument that certification is appropriate because "the City has both implicitly and expressly acknowledged and accepted this case as a collective action" is equally meritless. The collection of quotes Plaintiffs include in their motion, docket 52 at 9, proves nothing except that Plaintiffs styled their complaint as one for a collective action. Plaintiffs must go through the

9

proper procedures in order to certify a collective action.  That the City described the case as a "purported collective action," *see* docket 52 at 9, does not somehow transform it into a certified collective action.

It has been the City's position that this is *not* a proper collective action, but rather, that only those individuals named in the caption are part of the case.  This was the subject of the City's Motion to Strike Certain Consents.  Docket 24.  The Court agreed with the City on this point, stating that it "notes, however, that the only persons who are presently parties are those specifically named and identified in the Amended Complaint's caption."  Docket 40 at 1.

Plaintiffs' argument that certification is appropriate because a collective action was certified in *Chavez* is also flawed.  The City agrees that the substantive issues and the class definition here are nearly identical to that in *Chavez*.  However, many facts make this case different from the *Chavez* case—and, more specifically, make certification inappropriate here.  First, in *Chavez* the City agreed to certification; here, it does not and Plaintiffs have failed to meet their burden to show certification is appropriate.  Second, in *Chavez*, the City has not yet made an offer of judgment mooting the named plaintiffs' claims; here, it has.  Third, in *Chavez*, the plaintiffs took discovery and timely moved for certification; here, Plaintiffs took no discovery, have no evidence to support their arguments for certification, and waited approximately seventeen months before bringing their untimely motion for certification.  These differences alone warrant a different result than that in *Chavez* on the certification issue.

Finally, dismissal of this case is supported by *stare decisis*.  Judicial economy is well served by invocation, in this case, of *stare decisis*.  *Chavez* involved the precise same issues and arguments and a decision was reached by a Court of competent jurisdiction.  Plaintiffs admit as much.  The City clearly in agreeing to class certification in *Chavez* and trial of the case as such did not agree to nor contemplate in any regard a repeated trial of the same issues.  Plaintiffs seem

10

to want multiple bites at the exact same apple.  This conduct unnecessarily burdens the Court and the City.  The City will be moving shortly for leave to file a dispositive motion on *stare decisis*, if necessary, following the Court's ruling on this instant motion and is hopeful that the Court will rule in its favor.  *See* docket 45 at 4 ("Precedent might well serve as a greater bar to litigation spiraling out of control than preclusion would…. *stare decisis* will allow courts swiftly to dispose of repetitive suits brought in the same circuit") (citations omitted).

As explained above, the City does not believe that any issues remain in *Chavez*. Plaintiffs, on the other hand, argue that the narrow issue of liability for the City's failure to include vacation and sick leave proceeds in the calculation of overtime remains to be determined in *Chavez*.  Even taking Plaintiffs' arguments as true, this Court could certainly rule now on all issues of liability guided by principles of *stare decisis*.  Then, only the issue of damages on the issue of buy back of vacation and sick leave would remain.

## III.    IF THE COURT DOES NOT DENY PLAINTIFFS' MOTION, IT SHOULD STAY ALL PROCEEDINGS PENDING ENTRY OF FINAL JUDGMENT OR AN APPEAL IN *CHAVEZ*

In the alternative, if the Court believes this case should proceed in any form at all, the City requests that it stay all proceedings pending entry of a final judgment in *Chavez* and appeal (or the expiration of the period for appeal).  As explained herein, and in other substantive motions, the *Chavez* Court ruled in the City's favor on substantially all issues.  *See e.g.*, docket 37 at 1-2.  The parties agree that the substantive issues in this case are identical to those in *Chavez*.  *See* docket 37 at 8-11; docket 52 at 8 (describing the *Chavez* class as an "identical collective action class.")  Staying all proceedings would save the City and the Court the expense of relitigating issues that have already been litigated.

11

CH1 11681182.4

**CONCLUSION**

For the reasons explained herein, the City respectfully requests that the Court deny

Plaintiffs' motion for collective action certification for lack of subject matter jurisdiction, or

alternatively, on the merits.  Accordingly, the Court should dismiss all claims in their entirety as

moot.  If the Court does not do so, the City requests that it stay all proceedings pending a final

judgment and an appeal (or expiration of the period for appeal) in the *Chavez* case.

Respectfully Submitted,

Robert M. White
City Attorney


 /s/ Electronically signed
Michael Garcia
Assistant City Attorneys
P.O. 2248
Albuquerque, N.M. 87103
(505) 768-4500

I HEREBY CERTIFY that on the 16th day
of March, 2009, I filed the foregoing electronically
through the CM/ECF system, which caused the
following parties or counsel to be served by electronic
means, as more fully reflected on the Notice of Electronic
Filing:

Sam Bregman, Attorney for Plaintiffs
sam@bregmanlawfirm.com

Paul Livingston, Attorney for Plaintiffs
living@rt66.com

Eric Loman, Attorney for Plaintiffs
eric@bregmanlawfirm.com

Edward W. Bergmann
ebergman@seyfarth.com

 /s/ Michael I. Garcia
Michael I. Garcia

CH1 11681182.4