IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J. DURAN,
GREG MIERA, and ROSE MARIE NEAL,
on behalf of themselves and other present
and former City employees,

                      Plaintiffs,

vs.                                    Cause No. 1:07-cv-00901 JB/ACT

CITY OF ALBUQUERQUE,

                      Defendant.

**PLAINTIFFS' REPLY TO CITY'S OPPOSITION TO PLAINTIFFS'
MOTION FOR COLLECTIVE ACTION CERTIFICATION**

Plaintiffs, by and through their attorneys, Bregman and Loman, P.C. (by Sam Bregman and Eric Loman) and Paul Livingston, present the following Reply to the City's Memorandum in Opposition to Plaintiffs' Motion for Collective Action Certification. (Doc. 54). The City's Opposition is based three erroneous premises: 1) that the City's Offer of Judgment satisfies the named Plaintiffs' claims and those claims are therefore "moot;" 2) that the district court's partial summary judgment in *Chavez, et al., v. City of Albuquerque* (Chavez, Doc. 281), No. CIV-02-562 JCH/ACT, provides a *stare decisis* basis for dismissal; and 3) that denial of collective action certification would prevent rather than encourage repetitious litigation.

In addition, the City ignores both the Court's Order (Doc. 45) denying the City's summary judgment motion (Docs. 36 & 37) and its own assertions that this case is "identical" in claims and parties to the *Chavez vs. City of Albuquerque* case. Because collective action certification would advance the case and serve the beneficial purposes of a collective action, Plaintiffs' motion for certification should be granted.

**I.       The City's Offer of Judgment Does Not Cover Plaintiffs' Claims**.

The City's first error is in its contention that "the City's offer of judgment mooted Plaintiffs' claims." Opposition at p. 3. This is based on the unfounded notion that the City's offer of judgment was for Plaintiffs' "full damages" and "would satisfy their claims." Id. The City refers to *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 (5th Cir. 2008), wherein an offer of judgment "fully satisfied (Plaintiffs') individual claims." The City incorrectly contends that its offer of judgment (Doc. 51) "would fully satisfy Plaintiffs' claims." Opposition, at p. 5.

However, rather than referring to the Plaintiffs' *actual* claims as stated in Plaintiffs' Amended Complaint (Doc. 42), the City redefines and limits "Plaintiffs' claims" to what the City asserts those claims *should* be, the

> . . . amount Plaintiffs would have been entitled to had the sale-back of vacation and sick leave been included in the regular rate of pay during the relevant time period.

Id. This "restatement" of Plaintiffs' claims excludes any claims for damages resulting from miscalculation of overtime payments by using a higher divisor and a lower multi-

2

plier than the law provides, by using a dual method of calculation that doesn't include both agreed upon compensation and statutorily-required compensation, misapplying credits and offsets, and excluding from regular rate calculations certain pay *other than* vacation and sick leave buy back pay.

The City defines the Plaintiffs' claims and entitlement in this case by reference to the limited liability assigned by the Court in the *Chavez* case, without including any of the other claims of the Plaintiffs in this case. Because the City's Rule 68 Offer of Judgment (Doc. 51) doesn't come close to satisfying even the named-Plaintiffs' claims in this case, it is far from reasonable or correct to assert that those claims are now "moot" either as to the four named-Plaintiffs or the hundreds of people who have opted-in.

The mootness doctrine is grounded in Article III's "case or controversy" requirement. Because a real case and controversy is a jurisdictional requirement, courts lack judicial power to entertain and decide moot cases. "[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Los Angeles County v. Davis*, 440 U.S. 625, 631 (1979), quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969). The case before the Court now is being actively litigated by real parties with a real interest in the case: it is far from moot.

## II.  *Stare Decisis* Does Not Apply to the *Chavez* Ruling by a District Judge

The City's second major error lies in its contention that the opinion of Judge Herrera in *Chavez, et al., v. City of Albuquerque* precludes and requires dismissal of this

case. As this Court expressly noted in its Order (Doc. 45) denying the City's preclusion motion:

> Moreover, the Court's interpretation of *Taylor v. Sturgell* in no way cuts back on *stare decisis*. If the overtime issues all involve, as the City of Albuquerque asserts, the exact same set of facts about city policy, then a *Tenth Circuit* or a *Supreme Court* ruling should effectively foreclose future litigation on the issue. A district court would be bound to apply the higher court's ruling. . . . A definitive *appellate* ruling on the City of Albuquerque's policy would likely be easier to apply than the often arcane and confusing intricacies of preclusion doctrines.

(Doc. 45, at page 4; emphasis added). The City's contention that the District Judge's ruling in the *Chavez* case has preclusive effect not consistent with the Court's suggestion that *stare decisis* could possibly be found in an appellate "Tenth Circuit or a Supreme Court ruling." What is obviously lacking here is "a definitive appellate ruling."

Even as the City accuses the Plaintiffs of seeking "a second bite at the apple," the City's *stare decisis* argument is simply an attempted end run around the Court's recent denial of summary judgment. (Doc. 45). The City again asks the Court to deny Plaintiffs' claims on the basis of "virtual representation," this time around terming the request *stare decisis* rather than *res judicata* or collateral estoppel. The Court, relying on *Taylor v. Sturgell*, 129 S. Ct. (2008), and *Pelt v. Utah*, 539 F.3d 1271 (10th Cir. 2008), denied the City's preclusion motion just a few months ago but the City is trying again using somewhat different language.

In denying the City's prior summary judgment motion the Court observed how unfair it would be to inform City employees that they could choose to opt in (to the

4

Chavez litigation) or choose to not join the litigation, but that they would be bound by an adverse determination either way:

> It seems fundamentally unfair to send a notice to people in *Chavez v. City of Albuquerque*, inviting them to opt-into that case, not tell them that they may be bound in that case, and then, in this case, inform those who did not opt-in that they are bound by *Chavez v. City of Albuquerque* after all.

Doc. 45 at p. 3. If those same people wind up "bound by *Chavez v. City of Albuquerque*" on the basis of *stare decisis*, the unfairness is just the same as if they were bound on the basis of *res judicata*. Both are equally unfair and unreasonable.

### III. Denying Class Certification Would Cause Rather than Prevent Additional Litigation

While the City suggests that denying collective action certification of the opt-in City employees and former employees would be efficient and limit further litigation, the actual effect would be the opposite. If the Plaintiffs' motion is not granted, the litigation would continue with only four Plaintiffs. Yet the more than 200 other people who have opted-in would not simply go away. Rather, they can be expected to file one or more additional cases. Nor would they be bound by what happened in the prior cases, at least not until those cases reached the appellate courts. On the other hand, granting Plaintiffs' motion would have the effect of joining and binding all those parties to the present case.

On this and other points the City is at least inconsistent. First arguing in support of preclusion that the parties in the Chavez case and in this case were identical, the City now contends that Plaintiffs failed to show that they are similarly situated to one another in

5

this case. The City faults Plaintiffs for not submitting any discovery requests, but then fails to file any itself. Then, arguing that it wishes to avoid the invidious effect of defending case after case, the City opposes collective action certification: the one measure that would prevent that from happening.

Finally, the City contends that whether limited to the four named Plaintiffs or whether a collective action is allowed, the case should be stayed pending a decision of the appellate court. Opposition, at p. 11. As the Court advised the parties at the hearing on December 19, 2008, the Court is prepared to hear and decide cases as they come to it, whether with a few parties or with many. No good reason exists for delaying resolution of this case. Neither mootness nor *stare decisis* preclude the Plaintiffs' claims, but granting of Plaintiffs' motion for collective action certification will apply the outcome of this case to everyone involved, rather than just a few.

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion and allow this case to properly and appropriately continue as a collective action by the named-representatives as well as those who have opted into the case.

Respectfully submitted,

*s/ Paul Livingston*
_____
Paul Livingston
Attorney for Plaintiffs
P.O. Box 250
Placitas, NM 87043
(505) 771-4000

.

and

BREGMAN AND LOMAN, P.C

*s/ Paul Livingston*

_____
for/ Sam Bregman and Eric Loman
Attorneys for Plaintiffs
111 Lomas Blvd. NW, Suite 230
Albuquerque, NM 87102
(505) 761-5700

Pursuant to the Court's electronic CM/ECF filing plan, copies of the foregoing were sent electronically by the court to all counsel on the date and at the time of filing.

*s/ Paul Livingston*

_____
Paul Livingston