IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LAWRENCE RODRIGUEZ, et al.,**

    **Plaintiffs,**

vs.               Cause No. 1:07-cv-00901 JB/ACT

**CITY OF ALBUQUERQUE,**

    **Defendant.**

**PLAINTIFFS' OPPOSITION TO CITY'S MOTION FOR LEAVE
TO FILE A DISPOSITIVE MOTION ON THE BASIS OF *STARE DECISIS***

  Plaintiffs oppose the City's Motion for Leave of Court to File Dispositive Motion on the Basis of *Stare Decisis* (Doc. 55) on the grounds that the motion would be futile. The City has already asked for summary judgment on grounds of *res judicata* (claims preclusion) and collateral estoppel (issues preclusion) (Doc. 36), and the Court has denied that City motion. (Doc. 45). Citing a Supreme Court case, *Taylor v. Sturgell*, 128 S.Ct. 2161 (2008) and a Tenth Circuit Court of Appeals case, *Pelt v. Utah*, 539 F.3d 1271 (10th Cir. 2008), the Court addressed the notion of "virtual representation" in the collective action context, and denied Defendant's preclusion motion. Id.

  In Opposition to the City's Summary Judgment motion Plaintiffs had cited *Richards v. Jefferson County*, 517 U.S. 793 (1996) for the proposition that despite two

cases directed at the same issue, the outcome of the second case was not dependent on the first:

> In Anglo-American jurisprudence ... one is not bound by a judgment in personam in a litigation in which he is not designated as a party ... This rule is part of our deep-rooted historic tradition that everyone should have his own day in court ... The parties in the earlier case did not provide the later plaintiffs with any notice that a suit was pending that would conclusively resolve their legal rights.  The earlier suit was not on behalf of a class that included the later plaintiffs, and the fact that the city participated in the earlier case did not expand its preclusive scope either.

*Richards*, at 798, 801-02.

Also, in the City's Opposition to Plaintiffs' Motion for Collective Action Certification (Doc. 54), the City claimed that one of the grounds for its opposition was that the district court's partial summary judgment in *Chavez, et al., v. City of Albuquerque* (Chavez, Doc. 281), No. CIV-02-562 JCH/ACT, provided a *stare decisis* basis for dismissal.  In their response, Plaintiffs pointed out that the Court had expressly noted in its Order denying the City's preclusion motion that:

> Moreover, the Court's interpretation of *Taylor v. Sturgell* in no way cuts back on *stare decisis*.  If the overtime issues all involve, as the City of Albuquerque asserts, the exact same set of facts about city policy, then a *Tenth Circuit* or a *Supreme Court* ruling should effectively foreclose future litigation on the issue.  A district court would be bound to apply the higher court's ruling. . . . A definitive *appellate ruling* on the City of Albuquerque's policy would likely be easier to apply than the often arcane and confusing intricacies of preclusion doctrines.

(Doc. 45, at page 4; emphasis added).  The City's contention that the District Judge's ruling in the *Chavez* case has preclusive effect is not consistent with the Court's sugges-

tion that *stare decisis* could possibly be found in an *appellate* "Tenth Circuit or a Supreme Court ruling." What is obviously lacking here is "a definitive appellate ruling."

The City's *stare decisis* argument is simply an attempted end run around the Court's recent denial of summary judgment on the basis of virtual representation. The City again asks the Court to deny Plaintiffs' claims and right to a trial on the merits of those claims on the basis of "virtual representation," this time proposing to term the basis *stare decisis* rather than *res judicata* or collateral estoppel. The Court denied the City's preclusion motion just a few months ago but the City is now asking for leave to file another motion, trying again using different terminology.

In denying the City's prior summary judgment motion the Court observed how unfair it would be to inform City employees that they could choose to opt in (to the Chavez litigation) or choose to not join the litigation, but that they would be bound by an adverse determination either way:

> It seems fundamentally unfair to send a notice to people in *Chavez v. City of Albuquerque*, inviting them to opt-into that case, not tell them that they may be bound in that case, and then, in this case, inform those who did not opt-in that they are bound by *Chavez v. City of Albuquerque* after all.

Doc. 45 at p. 3. If those same people wind up "bound by *Chavez v. City of Albuquerque*" on the basis of *stare decisis*, the unfairness is just the same as if they were bound on the basis of *res judicata*. Both are equally unfair and unreasonable, but the City has not even attempted to explain how they are different..

Finally, the City Defendant has raised this issue in opposition to Plaintiffs' Motion for Collective Action Certification, and Plaintiffs have responded (Doc. 56, at p. 4) by explaining the impropriety of allowing an "end run" around the Court's prior decision:

> Even as the City accuses the Plaintiffs of seeking "a second bite at the apple," the City's *stare decisis* argument is simply an attempted end run around the Court's recent denial of summary judgment. (Doc. 45). The City again asks the Court to deny Plaintiffs' claims on the basis of "virtual representation,"

The City has not indicated how the present motion for leave seeks anything different than a third "bite" at this particular apple. Because the City's request for leave would be futile, and because it has already been addressed (but not yet decided) in the Response and Reply to Motion for Collective Action Certification, the Court is respectfully requested to deny leave to the City allowing t to file another Motion on the Basis of *Stare Decisis*.

        Respectfully submitted,

        *s/ Paul Livingston*

        _____
        Paul Livingston
        Attorney for Plaintiffs
        P.O. Box 250
        Placitas, NM 87043
        (505) 771-4000

        and

THE BREGMAN LAW FIRM, P.C.

*s/ Paul Livingston*

_____
for/ Sam Bregman and
Eric Loman
Attorneys for Plaintiffs
111 Lomas Blvd. NW, Suite 230
Albuquerque, NM 87102
(505) 761-5700

I hereby certify that I filed the foregoing electronically and that pursuant to the Court's rules an electronic copy was e-mailed to opposing counsel.

*s/ Paul Livingston*

_____
Paul Livingston