# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, ROSE MARIE NEAL,
JASON BROWN, and GREG MIERA,
on behalf of themselves and other present
and former City employees,

        Plaintiffs,

v.                                                                              No. CIV 07-0901 JB/ACT

CITY OF ALBUQUERQUE,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Motion and Memorandum in Support of

Collective Action Certification, filed February 23, 2009 (Doc. 52)("Motion for Certification"). The

Court held a hearing on June 9, 2009. The primary issues are: (i) whether the Defendant City of

Albuquerque's offer of judgment was sufficient to moot the case, and (ii) whether the Plaintiffs'

delay in submitting their certification for collective-action should result in a denial of certification.

Because the City's offer was not complete and the case is not moot, and because any prejudice

caused by the delay of the motion for collective-action certification can be resolved by the parties'

cooperation and agreement on a set of facts, the Court will grant the motion for collective-action

certification.

## FACTUAL AND PROCEDURAL BACKGROUND

The Plaintiffs brought this action on behalf of all employees and former employees of the

City of Albuquerque who allege that the City did not pay them adequately for their overtime work

based on the requirements of the Fair Labor Standards Act ("FLSA"). See Motion for Certification

at 1.  They argue that the City miscalculated the overtime pay by not including everything that should be included in its calculation of the regular rate of pay.  See id. at 2.  According to the Plaintiffs, the City takes the base pay rate and divides it by the number of hours worked, rather than by a normal forty hour work week, and multiplies it by one half instead of by one and one half, yielding a lower rate.  Additionally, the Plaintiffs assert that the City calculates pay according to the Collective Bargaining Rules, then separately by the FLSA rules, and pays the employee the higher of the two, rather than applying both sets of rules in one calculation, which would result in a higher rate of pay.  See Motion for Certification at 3.

Close to seventeen months after filing the Complaint, the Plaintiffs filed a motion for collective-action certification pursuant to the FLSA, 29 U.S.C. §216(b), on March 16, 2009.  See Memorandum of Law in Opposition to Plaintiffs' Motion for Collective Action Certification at 1, March 16, 2009 (Doc. 54)("Opposition").  The Plaintiffs stated three months previously in a hearing on December 19, 2008, however, that the purpose of the case was to protect the rights of those who were not able to opt-in to Chavez v. City of Albuquerque, CIV No. 02-0562 (D. N.M.)(Herrera, J.), indicating that this case would also be a collective-action.  See Transcript of Hearing at 3:18-4:4 (Bregman)(taken December 19, 2008).[1]  Before the filing of the collective-action certification, the City made an offer of judgment pursuant to rule 68 of the Federal Rules of Civil Procedure, which the Plaintiffs rejected on the ground that it did not meet all of their demands.

The parties assert that they do not dispute the method that the City uses for calculating overtime pay, but only whether that method is correct.  See Transcript of Hearing at 23:7-9 (Bregman)(taken June 9, 2009)("Tr.").  Additionally, the parties dispute whether the case is moot

---

[1]The Court's citations to the transcripts of the hearings refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

because of the City's offer of judgement, and whether the Court should allow the collective-action certification because of the timing of the filing.

The City opposes the certification for collective-action and asserts that the case is moot, arguing that there is no case or controversy for the Court to decide on the basis that its rule 68 offer of judgment constituted complete relief.  The Plaintiffs rejected the City's rule 68 offer, contending that the offer did not satisfy all of their claims and that, because the offer was not complete, the case is not moot.  The City, on the other hand, asserts that the offer is complete based on the partial summary judgement in <u>Chavez v. City of Albuquerque</u>, in which, based on similar facts, the Honorable Judith Herrera, United States District Judge, found against the Plaintiffs on two of their claims.  <u>See</u> <u>Chavez v. City of Albuquerque</u>, Partial Judgment, entered January 17, 2008 (Doc. 281).  The Plaintiffs dispute this contention, arguing that the ruling in <u>Chavez v. City of Albuquerque</u> does not preclude the Plaintiffs' other claims here because it is a district court decision rather than a definitive appellate ruling.  <u>See</u> Plaintiffs' Reply to City's Opposition to Plaintiffs' Motion for Collective Action Certification at 4, April 8, 2009 (Doc. 56).

The City also opposes the certification for collective-action on the grounds that the Plaintiffs' filing of the motion was untimely.  The City asserts that the Plaintiffs waited over sixteen months between the filing of their Complaint and the filing of the motion for collective-action certification, which, according to the City, has qualified as untimely in other jurisdictions.  <u>See</u> Opposition at 6-7.  Additionally, the City expresses concern about fairness because of  the delay in being able to conduct adequate discovery.  The Plaintiffs, however, contend that permitting the collective-action will be more efficient for the Court, and that discovery should not be an issue because there are no facts in dispute.  <u>See</u> Tr. at 22:19-22 (Bregman).

## ANALYSIS

The case is not moot, and the Court thus has jurisdiction over it**.**  The law pertaining to the City's liability in the FLSA claims has not been conclusively decided in the statute nor by an appellate court, so to hold here that the City's offer was complete would be to prematurely decide the merits of the Plaintiffs' claims.  Because the problems of fairness and preventing surprise that could arise because of the Plaintiffs' delay in filing its motion for collective-action certification can be mitigated through planning and cooperation between the parties and other actions of the Court, the Court will also grant the Plaintiff's motion for certification.

**I.    A DEFENDANT'S OFFER OF JUDGMENT PURSUANT TO RULE  68 DOES NOT MAKE THE CASE MOOT IF THE OFFER DOES NOT COMPLETELY ADDRESS THE PLAINTIFF'S CLAIMS.**

The first issue in determining whether the Court lacks jurisdiction is whether a defendant's offer of judgment can make a case moot.  For a federal court to have jurisdiction over a case, there must be a case or controversy at every step of the litigation.  See Navani v. Shahani, 496 F.3d 1121, 1127 (10th Cir. 2007).  According to rule 68 of the Federal Rules of Civil Procedure, "[a]t any time more than 10 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or the effect specified in the offer, with costs then accrued."  Several circuits have held that, if the defendant makes an offer of judgment pursuant to rule 68 that completely satisfies the plaintiff's claims, the plaintiff's claims become moot because there is no longer a controversy between the parties to litigate and the plaintiff has no remaining interest in the outcome.  See Sandoz v. Cingular Wireless, LLC, 553 F.3d 913, 915 (5th Cir. 2008); Rand v. Monsanto Company, 926 F.2d 596, 598 (7th Cir. 1991); Weiss v. Regal Collections, 385 F.3d 337, 340 (3rd Cir. 2004).

The City urges the court to follow the reasoning in Sandoz v. Cingular Wireless LLC, a

prospective FLSA collective-action case in which the United States Court of Appeals for the Fifth Circuit found that the individual named plaintiff's claims would be moot because of the rule 68 offer of judgment.  The plaintiff was a part-time employee of Cingular Wireless who brought a suit against the company alleging that it violated the minimum wage provisions of the FLSA in the way it paid part-time employees for excess time worked.  See Sandoz v. Cingular Wireless LLC, 553 F.3d at 914.  Before the plaintiff filed her motion for collective-action, Cingular made a rule 68 offer of judgment of $1,000.00 plus reasonable attorney's fees, which the plaintiff did not accept.  See Sandoz v. Cingular Wireless LLC, 553 F.3d at 914.  The Fifth Circuit found that, in a collective-action case, the defendant's offer of judgment does not moot the plaintiffs' claims where the offer satisfied only the named plaintiff's claims.  See Sandoz v. Cingular Wireless LLC, 553 F.3d at 915, 921.  Because the offer would have been complete if the plaintiff represented only herself, however, the Court held that, if "the court denies the motion to certify, then the rule 68 offer of judgment renders the individual plaintiff's claims moot." Sandoz v. Cingular Wireless LLC, 553 F.3d at 921.

Sandoz v. Cingular Wireless LLC derives its reasoning in part from a decision from the United States Court of Appeals for the Seventh Circuit, which has similarly held that a case is moot when the defendant's offer fully satisfies the plaintiff's demand.  See Sandoz v. Cingular Wireless LLC, 553 F.3d at 921 (citing Rand v. Monsanto Company, 926 F.2d at 598).  The defendant in Rand v. Mosanto Company offered the plaintiff $1,135.00, which, according to the interrogatories, fully covered the cost of the suit as well as the plaintiff's injury.  See 926 F.2d at 597.  The plaintiff refused the offer, however, resulting in a judgment against him, because "once the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate." Id. at 598.

Sandoz v. Cingular Wireless LLC also cites Weiss v. Regal Collections, in which the United States Court of Appeals for the Third Circuit stated that, absent a valid collective-action

certification, the case would be moot because the defendant made a complete offer under rule 68 even though the offer did not include all of the plaintiff's claims. Although the defendant's offer consisted of only $1,000.00 plus reasonable costs and attorney fees, the Third Circuit found that this constituted complete relief because $1,000.00 was the statutory maximum for an individual to recover under the Fair Debt Collection Practices Act ("FDCPA"). See Weiss v. Regal Collections, 385 F.3d at 340. Additionally, because the FDCPA prohibits private actions claiming declaratory or injunctive relief, the offer was still complete even though it excluded the plaintiff's claims for that recovery. See Weiss v. Regal Collections, 385 F.3d at 340.

Contrary to the City's assertion, even applying the reasoning of Sandoz v. Cingular Wireless LLC, the Plaintiffs' claims here would not be moot because the City's offer was not complete. Both Sandoz v. Cingular Wireless LLC and Rand v. Monsanto Company found that the cases were moot only because the defendants' offers completely satisfied the plaintiffs' claims, whereas here the offer excludes two of the Plaintiffs' claims. The defendant's offer in Sandoz v. Cingular Wireless LLC was potentially incomplete because it met only the named plaintiff's claims rather than the claims of all the prospective plaintiffs in the collective-action; here, in contrast, the City's offer failed to satisfy all the claims of even the named plaintiffs. While a valid collective-action was the only thing that could prevent the defendant's offer from mooting the plaintiff's claims in Sandoz v. Cingular Wireless LLC, here the City's offer would not moot the Plaintiffs' claims regardless whether the Court grants the collective-action certification.

While in Weiss v. Regal Collections an offer that did not cover everything the plaintiff requested was still complete because the statute itself did not permit recovery under the two excluded claims, here there is no statute or binding case law that definitively precludes the Plaintiffs from recovering under all of their claims. The City contends that the ruling in Chavez v. City of

-6-

Albuquerque sufficiently invalidated two of the Plaintiffs' claims so that the City's offer here, which addressed only one of the Plaintiffs' claims, was adequate to moot the case. See Opposition at 2. Determining the applicability of Chavez v. City of Albuquerque and the validity of the Plaintiffs' claims, however, is an issue that the Court cannot decide without addressing the merits of the Plaintiffs' claims.

The City urges the Court to follow the ruling in Chavez v. City of Albuquerque, but the Court will not follow it simply because it was decided before the present case. Chavez v. City of Albuquerque is a district court decision that is persuasive authority rather than a binding appellate ruling. Unlike in Weiss v. Regal Collections, where there was a statutory cap on recovery, here there is no such limitation in the FLSA, nor any binding authority such as a definitive appellate decision. Although the City cites cases in other circuits where the plaintiffs' claims were mooted by a complete offer of judgment, it does not cite any binding appellate rulings from this circuit or even cases in other circuits that address whether an offer that addressed only some of a plaintiff's claims could be considered complete.

Ruling on the validity of the Plaintiffs' claims without clear precedent on the scope of the City's potential liability, which determining the completeness of the City's offer requires, moves too close to prematurely judging the merits of the case. This approach would open the door to allowing a defendant to judge the validity of a plaintiff's requests, make an offer based on its own assessments, and have the case thrown out for mootness before the plaintiff has an adequate opportunity to present the merits of its case. Permitting defendants to unilaterally moot the case would frustrate the purpose of the FLSA to facilitate commerce through protecting workers from unfair conditions by allowing defendant employers to make the determination of which claims the employees can gain recovery. See 29 U.S.C. §202(a). Moreover, the City's approach would convert

questions on the merits into jurisdictional questions.  It would therefore be improper for the Court

to hold that the case is moot because the City believes that the claims excluded from the offer are

invalid.

II.    **THE PLAINTIFFS' DELAY IN FILING THE MOTION FOR COLLECTIVE-ACTION CERTIFICATION NEED NOT RESULT IN A DENIAL OF THE MOTION BECAUSE THE PROBLEMS CAUSED BY DELAY CAN BE REMEDIED THROUGH PLANNING, COOPERATION, AND FURTHER COURT ACTION.**

The second issue is whether the Court should deny the motion for collective-action

certification because of the Plaintiffs' delay in filing the motion.  For potential plaintiffs to qualify

for collective-action certification under 29 U.S.C. §216(b), the employees must be similarly situated

in terms of their employment position and must give consent in writing to being a party to the action.

Here, the Plaintiffs assert that they -- the original four Plaintiffs as well as the additional 220 that

want to join the collective-action -- are similarly situated in that they are all employees of the City

of Albuquerque who have received overtime pay that was calculated according to the same policies.

See Motion for Certification at 4.  Although the City argues that the Court should not grant

certification on account of untimeliness, the City agrees that the Plaintiffs and potential Plaintiffs

are similarly situated because the system of calculating their pay was the same.  See Tr. at 14:3-7

(Bergmann).

The City alleges that the Plaintiffs' motion for certification was untimely and, therefore,

should not be granted.  Citing several cases from other jurisdictions, see, e.g. Sandoz v. Cingular

Wireless LLC, 553 F.3d 913; Roble v. Celestica Corp., No. 06-2934, 2007 WL 2669439 (D. Minn.

Sept. 6, 2007); Schaake v. Risk Mgmt. Alternatives, Inc., 203 F.R.D. 108 (S.D.N.Y. 2001), the City

asserts that seventeen months is an unreasonable amount of time to wait before filing a motion for

collective-action certification, and that generally plaintiffs file the motion within sixty to ninety days

after filing the complaint.  See Opposition at 6; Tr. at 20:3-5 (Bergmann).  There is no strict rule either in the statute itself or in controlling case law, however, indicating a specific time line for when a plaintiff should file a motion for certification.  See 29 U.S.C. 216(b); Tr. at 20:13-16 (Bergmann). Rather, the City contends that the general expectation that collective-action certification be filed as soon as possible is more for the purpose of case management and to prevent prejudice towards the opposite party.  See Tr. at 20:15-16 (Bergmann).

The City asserts that, because the Plaintiffs' motion for collective-action certification was not timely, it does not relate back to the original Complaint and, therefore, the claims are moot.  The City again cites Sandoz v. Cingular Wireless LLC as a case where the collective-action certification might not relate back because the plaintiff waited thirteen months between filing the complaint and filing the motion.  See 553 F.3d at 921. The Fifth Circuit did not decide the case on that issue, however, and instead remanded the case to determine whether thirteen months was untimely. See id. Additionally, determining whether the collective-action certification relates back for the purpose of preventing the case from being moot is unnecessary here, because, as addressed previously, the City's offer did not moot the case because the offer was not complete for the named Plaintiffs, regardless of the collective-action certification.  The City's argument that the untimeliness of the collective-action certification moots the Plaintiffs' claims therefore does not apply here.

The City's primary concern with the timeliness of the motion for collective-action certification is the issue of surprise and that it will not have adequate time to prepare its case for over 220 Plaintiffs as opposed to the original four.  See Tr. at 17:15-19 (Bergmann).  The Plaintiffs, on the other hand, assert that there should be no surprise because the facts surrounding this litigation are nearly identical to that in Chavez v. City of Albuquerque, which was also a collective-action case, because the City's counsel is the same in both cases, and because the Plaintiffs filed the

majority of the opt-in notices in November, 2009. See id. at 21:7-8 (Bregman).  Although they did not seek collective-action certification until March 2009, the Plaintiffs filed the first of the opt-in notices on September 27, 2007, fifteen days after the filing of the Complaint, while the most recent notices were filed on February 2, 2008.  See Notice of Filing of Consent to Representation, September 27, 2007 (Doc. 4); Notice of Filing of Consent to Representation, February 9, 2008 (Doc. 11).  The City has been on notice for some time that this case might be a collective-action.  Additionally, the City will likely not be prejudiced greatly by the lack of discovery in this case, because the City, as the employer, has better access to the payroll records than the Plaintiffs.  See Tr. at 11:20-12:3 (Court, Bergmann).

The Court has addressed the City's concern about timing and prejudice by inquiring of the parties whether they can work on agreeing to a set of facts to streamline the litigation, prevent surprise, and thus ensure fairness to both parties.  See id. at 38:13-39:6 (Court).  The parties agree that they do not dispute the facts and that the Court can most likely deal with the case through summary judgment.  See Tr. at 38:13-24 (Court).  Summary judgment requires that there be no genuine issues of material fact and that the movant is entitled to judgment as a matter of law.  To facilitate summary judgment and ensure that there is no surprise to the City because of the Plaintiffs' delay in filing the motion for collective-action certification, the Court requested that the parties come to an agreement, if possible, on a statement of facts within thirty days so that, should the parties be unable to agree on a complete set of facts, there will still be time for them to prepare for trial on the disputed facts.  See id. at 38:24-39:4 (Court).  Allowing the parties to cooperate in coming up with an agreed upon statement of facts will resolve the problem of surprise and allow the Court to grant the certification motion without causing prejudice to the City.  Even if a trial is necessary, there is no need for significant discovery, because there are no significant facts in dispute

and no likely prejudice to the City, which has most if not all of the relevant documents and information.

**IT IS ORDERED** that the Motion and Memorandum in Support of Collective Action Certification is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Paul Livingston
Placitas, New Mexico

-- and --

Sam Bregman
Eric Loman
The Bregman Law Firm, P.C.
Albuquerque, New Mexico

      *Attorneys for the Plaintiffs*

Robert M. White
  City Attorney
Paula I. Forney
Michael I. Garcia
  Assistant City Attorneys
Albuquerque, New Mexico

-- and --

Edward W. Bergmann
Seyfarth Shaw, LLP
Chicago, Illinois

      *Attorneys for the Defendant*

-11-