IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J. DURAN,
GREG MIERA, and ROSE MARIE NEAL, On behalf of
themselves and other Present and former City employees,

          Plaintiffs,

v.

CITY OF ALBUQUERQUE,

          No. CIV 07-00901 JB/ACT

          Defendant.

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, City of Albuquerque ("City"), by and through its attorneys, Seyfarth Shaw LLP, and pursuant to Fed. R. Civ. P. 56(c) hereby moves for summary judgment as to all of Plaintiffs' claims.

A Memorandum of Law ("Memorandum") setting forth the grounds for the City's Motion and the Laurice Chappell Declaration, dated September _, 2009 ("Chappell Decl."), are filed with and in support of this Motion.

Counsel for Plaintiffs has been consulted and Plaintiffs do not concur in this Motion.

For the reasons explained in the City's Memorandum, the City respectfully requests that the Court grant its motion for partial summary judgment and dismiss Plaintiffs' complaint in its entirety. The Fair Labor Standards Act ("FLSA"), interpreting regulations, Wage Hour Opinion Letters and relevant case law support the City's Motion.

Plaintiffs allege that the City has violated the FLSA by not paying them the overtime wages to which they are entitled. Specifically, they allege they have a right to recover for unpaid overtime wages owed to them for hours worked in excess of their normal 40-hour or other

CH1 11798390.1

regular work week. They also allege that the City fails to include all properly applicable "other" compensation in calculating the "regular rate of pay," that the City's formula for calculating overtime compensation is wrong, and that the City is incorrectly taking "credits" or "offsets" against overtime pay.

Plaintiffs' claims fail on their merits. First, the City properly includes all required other remuneration in its calculation of the regular rate under the FLSA. Second, the City's formula for calculating overtime pay is in accordance with the FLSA's interpreting Regulations and relevant case law. And, finally, the City is entitled to credits or offsets that it takes against its liability under the FLSA. Specifically, with the exception of police officers whose pay always exceeds that required under the FLSA, the City performs a dual calculation. It calculates overtime compensation pay due to each employee for each pay period under both the FLSA and applicable collective bargaining agreements. It is undisputed that the employees always receive the *greater* of these two amounts.

Moreover, each of these claims was previously litigated, tried to this Court, and decided in favor of the City in another case, *Chavez v. City of Albuquerque*, No. 02-0562 JH/ACT (D. N.M.). This Court should follow the well-reasoned and highly persuasive opinion of the *Chavez* Court and find in favor of the City.

For these reasons, and those contained in its Memorandum, the City respectfully requests that the Court grant its motion for summary judgment, dismissing Plaintiffs' First Amended Complaint in its entirety.

Respectfully Submitted

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney

/s/
_____
Michael I. Garcia
City of Albuquerque Legal Department
P.O. Box 2248
One Civil Plaza
Albuquerque, New Mexico 87102

Edward W. Bergmann
Seyfarth Shaw LLP
131 S. Dearborn Street
Chicago, Illinois 60603
312-460-5000

I HEREBY CERTIFY that on the 4th day of September, 2009, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sam Bregman, Attorney for Plaintiffs
sam@bregmanlawfirm.com

Paul Livingston, Attorney for Plaintiffs
living@rt66.com

Eric Loman, Attorney for Plaintiffs
eric@bregmanlawfirm.com

Edward W. Bergmann
ebergman@seyfarth.com

 /s/ Michael I. Garcia
Michael I. Garcia

3

CH1 11798390.1