IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, GREG MIERA, and ROSE MARIE
NEAL, On behalf of themselves and other
Present and former City employees,

                Plaintiffs,

    v.                                No. CIV 07-00901 JB/ACT

CITY OF ALBUQUERQUE,

                Defendant.

## DEFENDANT'S MEMORANDUM
## IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

      Defendant, City of Albuquerque ("City"), by and through its attorneys, Seyfarth Shaw

LLP, and pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1,

submits this memorandum in support of its motion for summary judgment.

## INTRODUCTION

      There are no disputed issues of material fact.  Rather, the only dispute in this case

concerns a fundamental misconception of the law by Plaintiffs as to the proper method for

calculating overtime pay premiums for non-exempt public employees subject to collective

bargaining agreements ("CBA").  Lawrence Rodriguez, Steven J. Duran, Greg Miera, and Rose

Marie Neal ("Named Plaintiffs"), and approximately 200 opt-ins (collectively, "Plaintiffs"),

allege that the City of Albuquerque ("City") violated the Fair Labor Standards Act ("FLSA" or

the "Act") in determining the amount allegedly due as overtime compensation.  There is no

dispute regarding the number of hours Plaintiffs worked or the timeliness of the payments made.

Rather, Plaintiffs erroneously contend that the City underpaid them by:  (1) excluding certain

"other compensation" in calculating the regular rate of pay under the FLSA and the base rate under applicable union contracts; (2) utilizing an incorrect formula to calculate regular rates of pay under the FLSA; and (3) crediting contractual premium payments against statutory overtime payments.

The undisputed facts, however, clearly prove that Plaintiffs' contentions fail as a matter of law.  First, there is no dispute as to the types of remunerations the City includes and excludes in calculating a non exempt employee's "regular rate" under the FLSA or base rate under collective bargaining agreements.  Rather, Plaintiffs' primary objection to the City's overtime calculations seems to be that the City's calculations under the collective bargaining agreements differ from the calculations under the FLSA notwithstanding the fact that the applicable union contracts do not require identical calculations.  This difference is irrelevant because the City makes two calculations.  The first calculation involves determination of overtime due under the City policy or the applicable collective bargaining agreement ("CBA") and the second calculation involves determination of overtime due under the FLSA.  The City then pays *the higher of the two* as provided under Section 7(e) and (h) of the Act, 29 U.S.C. §§ 207(e), (h). Plaintiffs' objection is in direct conflict with the Act, its regulations, and interpreting case law.

Second, there is no dispute as to the elements of the City's formula for calculating overtime under the FLSA and applicable collective bargaining agreements.  With regard to the FLSA overtime premium calculation, the City's mathematical calculation formula is exactly as outlined in Department of Labor regulations and has been consistently approved by courts.  The City based its approach on a publication issued by the Wage and Hour Division of the U.S. Department of Labor in 1985, shortly after the Supreme Court's decision in *Garcia v. San*

*Antonio Metropolitan Transit Authority*, 469 U.S. 528 (1985).  The City's calculation was thus established in good faith under the Portal to Portal Act, 29 C.F.R. § 790.13-790.19.

The formula proposed by Plaintiffs improperly multiplies the employees' regular rate by 1.5 instead of 0.5 where all hours over 40 have already been compensated at straight time.  Both the regulations and case law reject such double counting.  Where a calculation's divisor included all hours worked, the regular rate should be multiplied by one-half for the hours over 40 since the employee already received straight time for the hours worked over 40.  Thus, the additional half time (beyond that straight time) is all that is required for the overtime hours.

Plaintiffs are also incorrect in their contention that the City improperly divides the base rate of pay plus add-on remuneration by the number of hours worked by the employees, including overtime hours, rather than by the number of hours (40) in the employees' normal work week.  The City properly divides by the actual number of hours worked in the given pay period.  *See* 29 C.F.R. § 778.110.

Third, there is no dispute that the City offsets a non-exempt  employee's entitlement to statutory overtime under the FLSA with the contractual overtime paid to that employee as provided for under Section 7(h) of the Act.  In calculating overtime pay under its dual method,[1] the City determines the amount it owes under the FLSA and also the amount it owes under the applicable CBAs which are more generous than the FLSA in certain respects.  The contractual pay rates are then credited against the City's FLSA overtime liability to the employee.  The result is that employees are always paid under either the contract, or the FLSA—whichever yields the *greater* amount of pay for the employee.  Time and again, such credits have been approved under 29 U.S.C. § 207 (h)(2).  *See, e.g.*, *Nolan v. City of Chicago*, 125 F. Supp. 2d 324,

---

[1] The City performs a dual calculation for all employees, with the exception of police officers, whose contractual pay always exceeds the amount due under the FLSA.

332 (N.D. Ill. 2000); *Bell v. Iowa Turkey Growers Coop.*, 407 F.Supp. 2d 1051 (S.D. Iowa 2006).

In short, Plaintiffs simply cannot produce any evidence or statutory authority to show that the City has improperly taken credits or improperly calculated the regular rate and overtime pay for any employee. Plaintiffs concern themselves with the preliminary steps in the process of calculating overtime. Yet the real issue is whether, at the end of the process, employees are paid equal to or greater than what the Act requires. The evidence shows unquestionably that this requirement is met. The courts have consistently followed this approach in evaluating compliance with the FLSA.

Finally, not only do Plaintiffs persist in their arguments despite not being able to present any authority to support them; they also persist in making arguments that were rejected in a nearly identical case, *Chavez v. City of Albuquerque*, No CIV 02-0562 JH/ACT (D. N.M.) ("*Chavez*"),[2] brought by the same plaintiffs' attorneys against the City. The claims brought in this case were previously litigated and tried to the Court in the *Chavez* case. Although the City recognizes that the Court previously held that *Chavez* does not preclude the claims or issues in this case, the City urges the Court to look to *Chavez* as highly persuasive authority. The *Chavez* Court relied on much of the same authority as the City presents herein and came to the correct conclusion based on the Act, interpreting regulations, and case law, and based on identical facts. There is no reason for this Court to depart from the *Chavez* Court's well-reasoned conclusions.

For these reasons, and those that follow, the Plaintiffs' claims fail and Defendant respectfully requests that the Court grant its motion for summary judgment and dismiss Plaintiffs' First Amended Complaint in its entirety.

---

[2] The City refers to documents in the *Chavez* Court's record as "*Chavez* docket # at #" or "*Chavez* docket # ¶ #."

## STATEMENT OF MATERIAL FACTS
## AS TO WHICH NO GENUINE ISSUE EXISTS

The City incorporates paragraphs 1 through 69 of the Parties' Stipulated Facts ("Facts"), docket 67, and its exhibits as if fully set forth herein.[3]

70.  The issues raised in this case relative to calculation of overtime compensation by the City were adjudicated and ruled on in favor of the City following a trial in another case before this Court, *Chavez v. City of Albuquerque*, No. 02-0562 JH/ACT (D. N.M.) ("*Chavez*").

71.  Plaintiffs' claims in *Chavez* were identical to those in this case.  The following chart contains exact language, by paragraph number, from the two complaints.

| ***Chavez* Second Amended Complaint:**<br>*Chavez* Docket 178 | ***Rodriguez* First Amended Complaint:**<br>Docket 42 |
| --- | --- |
| 1.  Plaintiffs are all present or former City employees who have been denied overtime wages to which they are entitled under the provisions of the FLSA. | 1.  Plaintiffs are all present or former City employees who have been denied the correct amount of overtime wages to which they are entitled under the provisions of the FLSA. |
| 3.  This collective action is filed on behalf of Plaintiffs pursuant to the FLSA, 29 U.S.C. Sec. 216(b).  Specifically, Plaintiffs bring this action on behalf of all employees and former-employees of the City of Albuquerque who have worked overtime but who have not been paid the full amount of overtime they are entitled to under the provisions of the FLSA. | 2.  This collective action is filed on behalf of Plaintiffs pursuant to the FLSA, 29 U.S.C. Sec. 216(b).  Specifically, Plaintiffs bring this action on behalf of all employees and former employees of the City of Albuquerque who have worked overtime but who either have not been paid or have not been paid the full amount of overtime wages they are entitled to under the provisions of the FLSA. |
| 7.  The normal work week of most City employees is set out in collective bargaining agreements.  The normal work week is generally 40 hours per week, | 5.  The normal work week of most City employees is set out in Collective Bargaining Agreements ("CBAs").  The normal work week is generally 40 hours per week, |

---

[3]  Facts ¶¶ 1 - 69 refer to facts incorporated herein from the Parties' Stipulated Facts.  Facts ¶¶ 70 - 78 refer to additional facts contained herein.  Inclusion of additional material facts does not create a genuine issue of material fact that would preclude summary judgment for the City.  Rather, the additional facts the City includes herein cannot reasonably be disputed based on the Court's record and the *Chavez* Court's record.

The City refers to documents in the Court's record as "docket # at #" or "docket # ¶ #."

consisting of five eight-hour days or four ten-hour days.

4.  The Plaintiffs in this case have a right of recovery under the FLSA, 29 U.S.C. Sec. 207(a)(1), for unpaid overtime wages owed to them for hours worked in excess of their normal 40-hour or other regular work week

10.  The City of Albuquerque has failed to include all the properly applicable "other compensation" in calculating the "regular rate of pay" of some of its employees, with the result that these employees receive less overtime pay than required by the FLSA.

11.  In many cases, the City is incorrectly taking "credits" or "offsets" against overtime pay for holiday, sick time, or other pay which is provided in a union agreement or which is otherwise properly not creditable or chargeable against overtime pay under the provisions of the FLSA.

consisting of five eight-hour days or four ten-hour days.

6.  Under the provisions of the FLSA, Plaintiffs are owed overtime wages amounting to "not less than one and one-half times the regular rate" at which they are employed, 29 U.S.C. Sec 207(a)(1), for hours worked in excess of their normal work weeks.

8.  The City of Albuquerque has failed to include all the properly applicable "other compensation" in calculating the "regular rate" of many of its employees, with the result that these employees receive less overtime pay than required by the FLSA

12.  In many cases the City is incorrectly taking "credits" or "offsets" against overtime pay for holiday, sick time, or other pay which is provided in a union agreement or which is otherwise not properly creditable or chargeable against overtime pay under the provisions of the FLSA.

72.  Specifically, the *Chavez* Court granted summary judgment in favor of the City on the question of the proper divisor for calculating the regular rate of pay, the proper multiplier for calculating overtime, and the proper distribution of bonus pay.  *See Chavez* docket 250 at 45-47.

73.  Issues remaining in the *Chavez* case after the Court granted partial summary judgment were tried to the Court on September 10, 2007 in a one day bench trial before Judge Judith C. Herrera.

6

74. Laurice Chappell, the City's acting payroll supervisor, was called at trial, both by the *Chavez* Plaintiffs and the City. Laurice Chappell Declaration, dated September _, 2009 ("Chappell Decl.") ¶ 3.[4]

75. After the bench trial and issuing findings of fact and conclusions of law, the *Chavez* Court entered judgment for the City on: (1) the claim that the City does not properly include all bonuses and add-ons in the "regular rate" of pay; and (2) the claim that the City does not properly credit payments against its FLSA overtime liabilities. *Chavez* docket 278, 281.

76. The *Chavez* Court entered judgment for the Plaintiffs on the claim that the City fails to include vacation and sick leave buy-back proceeds in the calculation of the "regular rate" of pay under the FLSA.[5]

77. On January 16, 2009, the City made an offer of judgment to Plaintiffs in this case. Docket 51. Plaintiffs did not accept the City's offer of judgment. The offer of judgment would have more than satisfied Plaintiffs for any alleged damages stemming from the City's failure to include vacation and sick leave buy-back proceeds in the calculation of the regular rate of pay.

78. The method that the City uses to calculate overtime pay is, in all relevant aspects, the same as it was during the relevant time period covered by the *Chavez* case. Chappell Decl. ¶ 3.

## ARGUMENT

## I.   Summary Judgment Standard

Summary judgment is appropriate where the moving party shows that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The rule provides that "the mere existence of some alleged factual dispute between the

---

[4] Relevant pages of the *Chavez* trial transcript are attached to the Chappell Declaration.

[5] This was the only claim the *Chavez* Court decided in Plaintiffs' favor. This narrow issue has created a split between the Sixth and Eighth Circuits. *Compare Featsent v City of. Youngstown*, 70 F. 3d 900, 905 (6th Cir. 1995), *with Acton v. City of Columbia*, 436 F. 3d 969 (8th Cir. 2006). *See infra* note 8.

parties will not defeat an otherwise properly supported motion for summary judgment."
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-248 (1985).  To prevail on summary
judgment, the moving party need only demonstrate that "there is an absence of evidence to
support the nonmoving party's case."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1985).

## II.     The City Properly Includes All Required Remunerations In Calculating Plaintiffs' Entitlement To Overtime.

### A.     Plaintiffs err in trying to overlap contractual overtime and statutory overtime.

Plaintiffs maintain the mistaken belief that the FLSA enhances overtime entitlements
pursuant to CBAs or, conversely, that the CBAs enhance entitlements under the FLSA.  Neither
proposition is accurate.  For purposes of calculating overtime wages under the FLSA, only the
types of remuneration specified by the FLSA must be included in the regular rate.  Conversely,
the fact that the FLSA requires certain payments to be included in calculations of premium rates
for overtime hours, has no affect on their inclusion in contractual overtime pay calculations.[6]
*See Nolan*, 125 F. Supp. 2d at 330 (rejecting plaintiffs' argument that defendant violated FLSA,
in part, by miscalculating overtime premiums paid pursuant to collective bargaining agreement
and further refusing to rule on whether defendant violated the agreement).

It is undisputed that, for all employees except police officers, the City performs two
calculations (one under the FLSA and one under the applicable CBA) and pays the amount that
is higher.  Facts ¶¶ 54-56; 61 ("FLSA compensation is compared to contractual compensation
and the employee is paid the greater amount of the two");63-64.  Some of the terms and
conditions of employment in the CBAs exceed the overtime requirements of the FLSA.  Facts ¶¶
18-19, 5-58.  Therefore, payment calculated under the CBA often exceeds payment calculated

---

[6] This case does not allege violations of CBAs.  The only issue is whether the City complies with the FLSA.

under the FLSA.  In such cases, employees *always* receive the higher amount of contractual pay.

Facts ¶ 64.  Examples of the calculations performed by the City for two pay periods for Named

Plaintiffs Neal, Miera, and Rodriguez are attached to the Chappell Declaration at Exhibits B, C,

and D.  The calculation of overtime compensation is the same method as was used relative to

overtime compensation for non-exempt employees in the *Chavez* case.  *See* Facts ¶¶ 74, 77;

Chappell Decl. ¶¶ 3, 5-6.

This method of payment does not violate the FLSA.  *See Lamon v. City of Shawnee,*

*Kansas*, 972 F.2d 1145, 1154 (10th Cir. 1992) ("The City chose to continue paying overtime

starting at a lower threshold, a state of affairs which inured to Plaintiffs' benefit and which was

the City's prerogative to devise").  Here too, the City has agreed under the CBAs to pay overtime

which may exceed what is required under the FLSA.  This only benefits the Plaintiffs, and does

not violate the FLSA.

Plaintiffs err in trying to overlap the two separate calculations.  The only fathomable way

that Plaintiffs' argument succeeds, is if the CBAs somehow *change* the requirements of the

FLSA—there is no support for such a proposition.[7]  Indeed, regardless of a CBA's requirements,

an employer must still pay in accordance with the FLSA.  *See Iowa Turkey Growers Coop.*, 407

F. Supp. 2d; *Franklin v. City of Kettering, Ohio*, 246 F.3d 531, 534, 536 (6th Cir. 2001)

(affirming summary judgment for City of Kettering, and stating by "paying plaintiffs in

accordance with the terms of the CBA… [the City] has always exceeded the compensation

---

[7] Plaintiffs will likely point to *Wheeler v. Hampton Township*, 399 F.3d 238 (3d Cir. 2005), in support of their argument that the CBA somehow changes how the City must calculate overtime under the FLSA.  However, *Wheeler* stands for a different proposition.  In *Wheeler*, defendant calculated overtime under a CBA believing that its employees had waived certain rights under the FLSA upon entering into the CBA.  *Id.* at 243.  It did not perform a dual calculation like the City does.  Here, the City never contended its employees had waived any FLSA rights.  That is *why* it performs the dual calculation.  If the FLSA calculation results in a higher payment, employees receive that amount.  If the calculation under the CBA is higher, employees receive that amount.  By receiving overtime pay pursuant to the CBA, here, unlike in *Wheeler* employees are not giving up FLSA rights, since they in fact receive *more* pay than they are entitled to under the FLSA.

9

required… under the FLSA."  In holding for the City, the court explained, "The FLSA and the collective bargaining agreement impose *different* overtime standards.") (emphasis added); *Cf. Barefield v. Winnetka*, 81 F.3d 704, 711 (7th Cir. 1996) (Village's manual cannot override FLSA); s*ee also Fernandez v. Centerplate/NBSE*, 441 F.3d 1006, 1008-10 (D.C. Cir. 2006) (granting summary judgment for defendant-employer where plaintiff asserted FLSA violation on grounds that defendant did not pay her overtime compensation for hours worked over eight in a day in violation of a CBA; the Court reiterated that the FLSA does not contain a provision authorizing enforcement of a CBA and absent a FLSA violation, summary judgment for the defendant was required).

**B.     The City Properly Includes All Nondiscretionary Bonuses In Calculating An Employee's Regular Rate.**

It is undisputed that the City includes all nondiscretionary bonuses in calculating a non-exempt employee's regular rate of pay under the FLSA.   In computing FLSA overtime premiums, the first step is to determine the employee's "regular rate."  The "regular rate" is defined to include "all remuneration for employment paid to, or on behalf of, the employee …" with seven exceptions.  29 U.S.C. § 207(e).  "Where a bonus payment is considered a part of the regular rate at which an employee is employed, it must be included in computing his regular hourly rate of pay and overtime compensation."  Section 778.209 of Interpretive Bulletin 778 – Overtime Compensation.   Shift differential pay, longevity pay, superlongevity pay, bilingual pay, educational pay, and firearms qualifications are all "bonuses" for purposes of the FLSA. *See* Facts ¶¶ 43 – 50.  The City includes these payments in its calculation of the regular rate under the FLSA.  Despite the City's strict compliance with this principle, Plaintiffs assert that the City improperly excludes nondiscretionary bonuses.  Plaintiffs' contentions are unsupported.  In performing its FLSA calculation, the City includes shift differentials and other remunerations as

10

required by the FLSA in its calculation of the regular rate to be used for purposes of paying time-and-one-half.   *See* Chappell Decl., Ex. A 83:5-9, 87:20-88:2, 104:7-23.

On the other hand, the City properly excludes holiday pay in the regular rate under the FLSA, because Section 7(e) excludes, among other things: (2) "Payments made for occasional periods when no work is performed due to vacation, holiday, illness…"   29 C.F.R. § 778.200(a). *See also* DOL Opinion Letter, 1997 WL 998016 (DOL WAGE-HOUR) (June 11, 1997), a copy of which is attached as Exhibit A hereto, (Pay for not working on a designated holiday is excludable from the regular rate, and premium pay not less than time and one-half paid for working on a holiday may be treated as an overtime premium pursuant to section 7(e)(6) of the FLSA and is creditable towards any FLSA overtime compensation due).  Accordingly, the City's calculation of employees' regular rate of pay for purposes of the FLSA is proper.[8]

---

[8] Plaintiffs also allege that the City improperly fails to include payments for vacation and sick leave buy-back in the calculation of the regular rate of pay under the FLSA.  *See* docket 42 ¶ 7.  The City is not aware of any cases from the Tenth Circuit which hold whether vacation and sick leave buy-back must be included in the regular rate.  However, this narrow issue has created a split in the Sixth and Eight Circuits.  *See supra* note 5.

Payments for vacation and sick leave buy-back are intended to provide employees with compensation for days they are *not at work*.  Thus, these payments are not made for hours of work under the contract provisions that authorize the payments.  Accordingly, these payments are not includible in the regular rate under Section 7(h) of the Act, 29 U.S.C. § 207(h).  The fact that such hours are considered hours worked for *contractual* overtime purposes does not convert them into hours worked under section 7(h) of the Act.  *See Harris v. City of Boston*, 253 F. Supp. 2d 136, 145-46 (D. Mass. 2003) (Paid meal periods not includible in regular rate because not hours worked).  Plaintiffs' argument is without merit.

However, should the Court find in favor of Plaintiffs on this point, the City's offer of judgment, docket 51, if accepted, would have fully satisfied Plaintiffs' damages as to the non-inclusion by the City of vacation and sick leave buy-back in the regular rate.  Moreover, if the Court decides in favor of Plaintiffs on this point, the City suggests that a reasonable factor can be used to calculate the additional pay due to the few Plaintiffs who sold back vacation and sick leave during the 2-year period covered by the lawsuit.  Use of a reasonable factor is appropriate because it would be extremely burdensome for the City to attempt to go back and make individualized calculations for each Plaintiff.  By using a reasonable factor, the City would provide Plaintiffs an amount exceeding what is due under the FLSA.

11

III.    **The City Does Not Violate the FLSA In Using Its Mathematical Formula To Calculate Overtime Payments.**

Plaintiffs take issue with the mathematical formula utilized by the City to calculate overtime pay in two respects.  First, they allege the City improperly multiplies the regular rate by one-half, rather than by one-and-one-half, in order to calculate the overtime due.  Second, they allege that the City improperly calculates the "regular rate" under the FLSA by dividing the base rate of pay plus add-on remuneration by the  number of hours actually worked by employees, rather than by the number of hours in the employees' normal work week (40).    Plaintiffs, however, are incorrect on both points.

A.    **The City Correctly Uses a One-Half Multiplier**

Once the City determines an hourly employee's regular rate, it must determine his or her overtime premium for all hours worked over forty hours.  (Except that police and firefighters are not subject to the 40 hour overtime standard under the FLSA, but are covered under the liberalized overtime standards set forth in Section 7(k) of the Act).  The City's method of calculation of the overtime rate is not in dispute.  The City uses a one-half multiplier in calculating the additional over-time pay due.  Facts ¶ 9.  Plaintiffs contend that the calculation is incorrect because the City multiplies the employees' regular rate by .5 instead of 1.5.  Plaintiffs' contention is simply wrong.

Employees receive their hourly pay and nondiscretionary bonuses (*e.g.*, longevity pay) for all hours worked, including those hours worked over forty in a workweek (or work period).  Hence, only an additional one-half is due and owing because "the employee has already been compensated at 100 percent for all his hours in his tour of duty" and hence, by receiving an additional one-half pay, the employee receives in total one and one-half times the regular rate at which he is employed."  *See Zumerling v. Devine,* 769 F.2d 745, 752 (Fed. Cir. 1985)

(explaining overtime compensation is one-half the employee's regular rate rather than one and one-half the rate where straight time has already been paid for all hours worked). *See also* 29 C.F.R. § 778.110 (further illustrating that the employee in question is entitled to be paid a total wage of $ 303.80 for 46 hours (46 hours at $ 6.20 plus 6 hours at $ 3.10)).[9] Note that the end result is essentially the same if instead, an employee is paid for 40 hours at $ 6.20 plus an additional 6 hours at $ 9.30 (1.5 times the regular rate).

Plaintiffs would have the City pay straight time for all hours worked (including hours over 40) and then pay time-and-one-half for over time hours. A simple example illustrates Plaintiffs' error. Suppose an employee's regular rate is $10 per hour and the employee worked 41 hours during a pay period. Assume that under the FLSA, the employee is entitled to overtime after 40 hours. The employee would be paid $ 410 straight time for the 41 hours worked (41 hours x $ 10 = $ 410). Under Plaintiffs' proposed method of calculation, the employee would then be paid time-and-one-half for the one hour of overtime, i.e., $ 15 (1.5 x $ 10 = $ 15). The error in Plaintiffs' calculation, of course, is that the employee has already been paid $10 straight time for the hour of overtime as part of the $ 410. Under the FLSA, the employee is only entitled to an additional one-half times the regular rate for the hour of overtime (.5 x $ 10 = $ 5). The $ 10 straight time, plus $ 5 overtime in this example, equals $ 15 (or 1.5 times the regular rate), although it is correctly calculated using a .5 multiplier instead of 1.5.

Courts have consistently held that such "double counting," as advocated by Plaintiffs, is incorrect and not required under the FLSA. *See, e.g., Wisnewksi v. Champion Healthcare Corp.*, No. Civ. A3-96-72, 2000 WL 1474414 at *7, n.11, 12 (D.N.D. Jan. 11, 2000), a copy of which is

---

[9] Wage Hour Opinion Letters support the calculation contained in the Regulation, 29 C.F.R. § 788.100. *See* DOL Opinion Letter 1985 WL 304329 (DOL WAGE-HOUR) (December 23, 1985), Exhibit E. Wage Hour Opinion Letters are entitled to deference. *See In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1184-85 (10th Cir. 2005) (stating opinion letters interpreting DOL's regulations entitled to "great weight" and deferring to same.)

13

attached as Exhibit B hereto, *aff'd Reimer v. Champion Healthcare Corp.*, 258 F.3d 720, 726 (8th Cir. 2001); *Zumerling*, 769 F.2d at 748.

### B.    The City Correctly Uses a Divisor Based on Actual Hours Worked

In completing its calculation of the FLSA "regular rate," it is undisputed that the City divides an employee's total remuneration by the total number of hours he or she actually worked during the workweek at issue.  Facts ¶ 8.  Plaintiffs assert that the proper calculation requires dividing total remuneration by 40 hours only, no matter how many hours the employee actually worked.  *Id.*  Plaintiffs' assertion is legally unsupportable.

Plaintiffs' contention was rejected by the U.S. Supreme Court over sixty-five years ago. In *Overnight Motor Transp. Co. v. Missel*,  316 U.S. 572, 580 (1942) (superseded by statute on other ground), the Supreme Court held that the method for calculating overtime pay for weekly-wage employee did not violate FLSA simply because regular rate decreased as number of hours worked in a week increased, so long as employee received, as overtime compensation, 150% of his regular rate.

The FLSA regulations specifically provide that once all applicable remuneration for the workweek is totaled, the regular rate is calculated by dividing the total remuneration for employment by "the total number of hours *actually worked* by him in that workweek for which such compensation was paid."  29 CFR § 778.109 (emphasis added); *Saunders v. City of New York*, 594 F. Supp. 2d 346, 358 (S.D. N.Y. 2008) ("The regular rate is properly calculated by adding all of the wages payable for the hours worked ... and dividing by the *total number of hours worked*") (emphasis added and citations omitted).

By way of illustration, an employer should calculate the regular rate of an employee paid hourly plus a weekly nondiscretionary bonus as follows:

Hourly rate of pay = $ 6.00 an hour

14

> Production bonus = $ 9.20
> **Total hours worked in workweek = 46 hours**
> (46 hours) x ($ 6) = $ 276 + $ 9.20 = $ 285.20
> $ 285.20 ÷ **46 hours** = $ 6.20 (the "Regular Rate")

29 CFR § 778.110 (emphasis added); s*ee also Zumerling,* 769 F.2d at 752 (firefighters' regular

rates of pay were properly calculated where employer divided total remuneration (except

statutory exclusions) in work period by the total number of hours actually worked);  DOL

Opinion Letter, 1988 DOL WH LEXIS 25 (Sept. 6, 1988), a copy of which is attached as Exhibit

C hereto, (rejecting union's argument that 40 hours is the divisor for computing regular rate of

pay and accepting employer's computation, which included all hours worked in the week (48)

rather than just the first 40 hours).

**IV.   Because The City Makes Its Calculations In Good Faith, Plaintiffs' Claims are Subject to the Two-Years Statute of Limitations and Plaintiffs Are Not Entitled To Liquidated Damages**

The City is entitled to summary judgment on all claims.  However, if the Court finds in

favor of Plaintiffs as to some claims, the two-year statute of limitations applies and Plaintiffs are

not entitled to liquidated damages.  The FLSA provides that an employer who violates the Act by

failing to pay compensable wages is ordinarily liable for the unpaid wages and "an additional

equal amount as liquidated damages." 29 U.S.C. § 216(b).  However, if the employer had a good

faith belief that its actions did not violate the FLSA, the court may, in its sound discretion,

decline to award liquidated damages. *See* 29 U.S.C. § 260; *see also Department of Labor v. City*

*of Sapulpa*, 30 F.3d 1285, 1289 (10th Cir. 1994).  Ordinarily a two-year statute of limitations

applies to violations of the FLSA, unless the employer acted willfully, in which case a three-year

limitations period applies.  29 U.S.C. § 255(a); *see also Brinkman v. Dep't of Corrections*, 21

F.3d 370, 372 (10th Cir. 1994).  Here, the undisputed facts show that the City's calculation of

overtime pay under the FLSA was made in good faith and that neither liquidated damages nor the imposition of the three-year statute of limitations applies.

The City follows a manual issued by the Employment Standards Administration, Wage and Hour Division of the Department of Labor as a guideline as to how FLSA overtime pay should be calculated, entitled "State and Local Government Employees Under the Fair Labor Standards Act." Moreover, the City follows the specific examples set forth in Department of Labor Regulations. *See* 29 CFR § 778.110; L. Chappell Decl. at Ex. A 90:4-10. Moreover, as explained herein, the weight of authority supports the City's calculations. In fact, the City is not aware of a single case under the FLSA that holds that the City's method for calculating overtime violates the FLSA. Furthermore, the City's method of calculation has already been upheld in *Chavez*.

These undisputed facts lead to but one conclusion: The City's calculation was established in good faith under the Portal to Portal Act, 29 C.F.R. § 790.13-790.19. *See Pabst v. Okla. Gas & Elec. Co.*, 228 F.3d 1128, 1137 (10th Cir. 2000) (affirming lower court's finding that defendant employer acted in good faith under a reasonable, albeit mistaken, belief that its particular on-call scheme was non-compensable under the statute based in part, on employer's payment of overtime premiums beyond what was required under the FLSA).

## V.     The City Properly Credits Its Overtime Liabilities

Certain contractual overtime payments are creditable towards deficiency in FLSA overtime payments. 29 U.S.C. § 207(h)(2). Subsections (5), (6) and (7) of the Act provide in relevant part that credits toward statutory overtime requirements can be taken by the Employer for:

> (5) extra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to

16

such employee under subsection (a) of this section or in excess of the employee's normal working hours or regular working hours, as the case may be;

(6) extra compensation provided by a premium rate paid for work by the employee on Saturdays, Sundays, holidays, or regular days of rest, or on the sixth or seventh day of the workweek, where such premium rate is not less than one and one-half times the rate established in good faith for like work performed in non-overtime hours on other days; or

(7) extra compensation provided by a premium rate paid to the employee, in pursuance of an applicable employee contract or collective-bargaining agreement, for work outside of the hours established in good faith by the contract or agreement as the basic, normal, or regular workday(not exceeding eight hours) or workweek (not exceeding the maximum workweek applicable to such employee under subsection (a) of this section, where such premium rate is not less than one and one-half times the rate established in good faith by the contract or agreement for like work performed during such workday or workweek.

29 U.S.C. § 207(e)(5)-(7); 20 C.F.R. § 778.108.

Where an employer pays certain types of premium pay to the employee, that premium amount is counted against any overtime pay that might be owed to the employee under the FLSA.  For example, if an employer pays the employee a contractual premium of $ 5.00 for time worked on a Saturday (a premium not required by the FLSA), and in the same period owes the employee $ 5.00 FLSA overtime pay for hours worked in excess of 40, the employer breaks even and need not pay the employee any additional FLSA overtime pay.  *See* DOL Opinion Letter 1999 WL 33210914 (DOL WAGE-HOUR) (October 21, 1999), a copy of which is attached as Exhibit D hereto, (payment of an additional amount for hours worked in excess of 36 hours per week will not be considered part of the regular rate of pay; and in addition, the employer may take credit for or offset that additional amount against overtime compensation due under the FLSA).

Here, the City takes credits for hours paid but not worked, such as holiday pay and longevity pay, to offset overtime liability.  *See* Facts ¶ 61.  Many employers, like the City of Albuquerque, use their premium credits by performing a dual calculation in every pay period for

17

each employee.  The first calculation is done under a CBA, and includes all premium pay required by the agreement, without regard to FLSA requirements.  Facts ¶¶ 54-64.  The second calculation is in strict compliance with the FLSA.  *Id*.  The City then properly pays any amount owed under the FLSA calculation that is beyond what is paid under the CBA.  Facts ¶¶ 61, 63-64.  *See Iowa Turkey Growers Coop.*, 407 F. Supp. 2d at 1061 (holding that defendant was entitled to a credit for the overtime payments it had previously paid its employees for working a sixth day per week); *Nolan*, 125 F. Supp. 2d at 330-333 (holding, "[i]n summary, the City is entitled to an offset for the overtime payments [made pursuant to collective bargaining agreements]," collecting cases and stating, the "case law is replete with examples… where the courts have allowed the employer to offset the FLSA overtime liability with contract overtime payments.")

In *Nolan*, as here, the plaintiff police officers brought an action against defendant municipality alleging FLSA violations by defendant for its failure to properly calculate overtime pay, its failure to include holiday hours in overtime calculation, its failure to include voluntary special employment program hours in overtime calculation, and its failure to include duty availability allowance in overtime calculation.  125 F. Supp. 2d at 330.  There, as here, the plaintiffs were subject to a CBA.  *Id.* at 326-27.  The defendant argued that while the inclusion of the duty availability allowance in the regular rate of pay would have added between 87 cents and 97 cents per hour to the overtime rate for FLSA overtime hours, it is entitled to an FLSA credit that is more than sufficient to offset any shortfall.  *Id.* at 329-330.  The defendant sought credits for extra compensation under Section 207(e) subsections (5) and (6) for overtime payments made where plaintiffs worked more than eight hours in a day, worked on holidays, or worked on scheduled days off, or on a sixth or seventh day or outside the employee's normal tour of duty.

18

First, the *Nolan* Court determined that defendant may properly take credits pursuant to 29 U.S.C. § 207(e)(5) because plaintiffs received, under their CBA, time-and-one-half for all hours worked in excess of the normal work day (eight hours) and the normal work week (forty hours). *Id.* at 331. The *Nolan* Court specifically held that the defendant City was entitled to a credit even if this payment was less than the FLSA overtime rate by reason of the duty availability allowance having been excluded in the computation. *Id.*

Second, the *Nolan* Court held that defendant City properly credited holiday payments made pursuant to the CBA because the premium payments to plaintiffs for work on holidays is at either two-and-one-half or three times their normal hourly rate. *Id.  See also* DOL Opinion Letter 1985 WL 304329 (DOL WAGE-HOUR) (December 23, 1985), a copy of which is attached as Exhibit E hereto, (finding that an employer may properly credit against overtime pay due the bus driver pursuant to section 7(h) of FLSA the extra premium payment for work performed on the bus driver's day off where bus driver received $ 56.00 premium payments but was only due $ 37.33 FLSA overtime premium pay under FLSA, no additional pay was due the bus driver under FLSA). *Accord Laboy v. Alex Displays, Inc.*, No. 02C8721, 2003 WL 21209854, at *4 (N.D.Ill. May 21, 2003), a copy of which is attached as Exhibit F hereto, (holding defendant was entitled to take credits for bonuses paid  because "so long as the overtime compensation is contingent upon the employee having worked in excess of eight hours in a day or in excess of the specified number of hours in the workweek, whether the extra compensation is at a rate greater than, less than, or at one and one-half times the base rate, the extra premium compensation may be credited toward statutory overtime payments") (internal citations omitted).

Here, the CBAs provide for greater remuneration than is required under the FLSA,  so employees almost always receive payments under the CBAs (*i.e.,* compensation that exceeds the

amounts they would be otherwise entitled to under the FLSA).  Facts ¶¶ 18-19, 54, 57 64.  It is undisputed that when the City's payment of contractual overtime is less than that required under the FLSA, the City pays the amount required under the FLSA.  Facts ¶¶ 54, 64.

Indeed, time and time again, courts allow credits as those taken by the City.  *See, e.g., Franklin,* 246 F.3d at 536 (affirming summary judgment for defendant employer where defendant offered evidence showing that it calculated the overtime compensation due to its patrol officers under the CBA and under the FLSA and concluded that in every case, payment under the terms of the CBA equaled or exceeded that due under the terms of the FLSA with a twenty-eight day work period); *Kohleim v. Glynn County, Georgia*, 915 F.2d 1473, 1481 (11th Cir. 1990) (allowing county to use all contractual overtime, not just overtime paid at a time-and-one-half rate, towards statutory overtime found to be due); *Biggs v. Joshua Hendy Corp.*, 183 F.2d 515, 517 (9th Cir. 1950) (employer is liable for overtime incurred when employees worked through lunch period, but liability may be offset with contractual overtime not required by statute); *Iowa Turkey Growers Coop.*, 407 F. Supp. 2d at 1062 (holding that defendant was entitled to a credit for the overtime payments it had previously paid its employees for working a sixth day per week); *Nolan*, 125 F. Supp. 2d at 331 (*citing Alexander v. United States*, 32 F.3d 1571, 1576 (Fed. Cir. 1994) (extra compensation provided at a premium rate pursuant to subsections (5) and (6) of § 207(e) was creditable towards overtime compensation due to border patrol agents under FLSA)).  *See also* DOL Opinion Letter 1985 WL 304329 (DOL WAGE-HOUR) (December 23, 1985), Exhibit E, (explaining proper method for use of premium pay credits against overtime liability).

## VI.   THE COURT SHOULD FOLLOW JUDGE HERRERA'S DECISION IN *CHAVEZ*

The City recognizes that in denying the City's Motion for Summary Judgment based on *res judicata* or *collateral estoppel*, the Court stated that it would conduct its own review of the

20

facts and law and would not simply follow *Chavez* as a matter of course. As explained herein, based on the stipulated facts in this case, and the extensive statutory and case law supporting the City's method of calculating overtime, the Court should grant the City's Motion.

The *Chavez* decision, however, is highly persuasive authority and provides another reason for the Court to grant the City's motion.  As discussed herein, *Chavez* involved nearly identical facts and identical claims.  Facts ¶¶ 70-71.  *See Saxton v. Young*, 479 F. Supp. 2d 1243, 1252 (N.D. Ala. 2007) (dismissing claims where same claims had been brought by same plaintiffs' counsel in a prior case involving identical facts).  The Court should follow *Chavez* as highly persuasive precedent.

Judge Herrera entered a decision in *Chavez* based on an extensive review of the facts and the law.  In her very thorough 56-page Findings of Fact and Conclusions of Law entered after trial, *Chavez* docket 278, Judge Herrera went through the calculation of overtime for several of the plaintiffs in that case, basing her calculations on the admitted testimony and exhibits.  Judge Herrera calculated, for example, both the FLSA and contractual pay due to plaintiff Tyrone Morgan.  *Chavez* docket 278 ¶¶ 48 - 68.  She compared his contractual pay to his FLSA pay and concluded that in the pay period examined, he was paid contractual wages which totaled $ 45.80 *more* than he was entitled to under the FLSA.  *Chavez* docket 278 ¶ 68.

Judge Herrera performed similar lengthy calculations for other City employees, and also concluded that they were paid more than the amount they were entitled to under the FLSA. *Chavez* docket 278 ¶¶ 78 (in period examined, the City paid Todd Endres contractual wages totaling $ 148.60 more than he was entitled to under the FLSA); 91 (in period examined, the City paid Patrick Chavez contractual wages totaling $ 4.71 more than he was entitled to under the

FLSA); 115 (in period examined, the City paid Alvin Cartwright contractual wages totaling $ 15.04 more than he was entitled to under the FLSA).

There is no dispute in this case over how the City calculates overtime.   The method that the City uses to calculate overtime pay is, in all relevant aspects, the same as it was during the relevant time period covered by the *Chavez* case.  Facts ¶ 78.[10]  There is no reason for the Court to depart from the *Chavez* Court's decision that this method is legally sound.  There is also no dispute that the employees always received the amount of pay to which they were entitled under the FLSA, *if not more*.  Facts ¶ 54 ("The City pays pursuant to whichever calculation yields the greater amount for the employee.")

Plaintiffs apparently take issue with the *result* the *Chavez* Court reached.  However, they will be unable to point to any authority that would change the result.  Based upon the stipulated facts and the additional facts set forth herein, the Court can make an  independent evaluation of the evidence and the law.  Such evaluation strongly favors a decision like that rendered by Judge Herrera in *Chavez*.

**VII.    CONCLUSION**

The City has consistently followed Department of Labor regulations, statutory provisions, and applicable case law in its calculation of overtime compensation under the Fair Labor Standards Act.  This methodology is universally followed by employers.  Compliance with the Act requires adherence to its standards.  An employer can, as the City does, pay more under its policies and union contracts.  However, such payments do not change the requirements of the Act.

---

[10] Exhibits B, C, and D to the Laurice Chappell Declaration perform similar calculations as those performed by Judge Herrera in *Chavez*.  These Exhibits demonstrate the method used to calculate overtime pay; the same method used in *Chavez*.

The Plaintiffs seek to convert contractual and policy premiums into FLSA requirements but cannot point to *any* authority to support doing so.  Not surprisingly, the Wage & Hour regulations and consistent Court authority reject the Plaintiffs' approach.  Furthermore, since the City always pays no less than the Act requires, the Plaintiffs' claims are baseless as Plaintiffs have not been harmed in any way.

The City respectfully requests that the Court grant its motion for summary judgment and dismiss all of Plaintiffs' claims in their entirety.

Respectfully Submitted

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney

/s/
Michael I. Garcia
City of Albuquerque Legal Department
P.O. Box 2248
One Civil Plaza
Albuquerque, New Mexico 87102

Edward W. Bergmann
Seyfarth Shaw LLP
131 S. Dearborn Street
Chicago, Illinois 60603
312-460-5000

I HEREBY CERTIFY that on the 4th day
of September 2009, I filed the foregoing electronically
through the CM/ECF system, which caused the
following parties or counsel to be served by electronic
means, as more fully reflected on the Notice of Electronic
Filing:

Sam Bregman, Attorney for Plaintiffs
sam@bregmanlawfirm.com

Paul Livingston, Attorney for Plaintiffs
living@rt66.com

CH1 11786418.2

Eric Loman, Attorney for Plaintiffs
eric@bregmanlawfirm.com

Edward W. Bergmann
ebergman@seyfarth.com

 /s/ Michael I. Garcia