IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, GREG MIERA, and ROSE MARIE
NEAL, On behalf of themselves and other
Present and former City employees,

        Plaintiffs,

v.                               No. CIV 07-00901 JA/ACT

CITY OF ALBUQUERQUE,

        Defendant.

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

Defendant, City of Albuquerque ("City"), states the following in opposition to Plaintiffs' Motion for Summary Judgment and Memorandum in Support.

### BACKGROUND

Plaintiffs' motion for summary judgment relies on an interpretation of the FLSA that, in several important respects, is simply wrong. Plaintiffs are correct that there are no genuine issues of material fact. However, their reading of the law is incorrect and their memorandum relies on cases that are distinguishable or, in one case, inapplicable and no longer good law. Plaintiffs' ignore a long history of precedent that supports the City's method of compensating its employees for overtime. The City's method of calculating overtime pay complies with the FLSA and is supported by case law, the FLSA's interpreting regulations, and wage and hour guidance and opinion letters. Plaintiffs' motion for summary judgment must be denied.

## FACTS

The City set forth the material facts as to which no genuine issue exists, including the numerous facts as to which the Parties have stipulated, in its motion for summary judgment. Docket 70 at 5-7. The City incorporates those facts is if fully set forth herein.[1]

## ARGUMENT

**I.   The City's Mathematical Formula for Calculating Overtime Payments Complies With the FLSA**

Plaintiffs take issue with two aspects of the City's mathematical calculation of overtime pay. First, Plaintiffs argue that the City must calculate the "regular rate" by dividing the employees' hourly base pay and any required add-ons by 40 hours, rather than by the number of hours actually worked by the employee in the week. Second, Plaintiffs argue that the City must multiply by one-and-one half rather than by one-half to calculate the overtime premium due on hours worked over 40 (or the hours in the employee's regular work week, which, for police and firefighters, is not 40 hours). Plaintiffs are wrong as to both points.

**A.   The City Properly Uses a Divisor Based on Hours Actually Worked**

In completing its calculation of the "regular rate," it is undisputed that the City divides an employee's total remuneration by the total number of hours he or she actually worked during the period at issue. Facts ¶ 8. The plain-language of the FLSA's interpreting regulations supports the City's calculation:

> The regular hourly rate of pay of an employee is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the *total number of hours actually worked* by him in that workweek for which such compensation was paid.

---

[1] Facts ¶¶ 1 – 69 refer to the Parties Stipulated Facts. Docket 67. Facts ¶¶ 70-78 refer to additional material facts as to which no genuine issue exists, contained in Defendant's Memorandum in Support of Its Motion for Summary Judgment ("Def.'s Mem."). Docket 70.

29 C.F.R. § 778.109 (emphasis added). Plaintiffs confuse the issue by arguing that "total" means something other than all hours actually worked. However, the word "total," means just that—its common dictionary definition is "a product of addition" or "an entire quantity." In line with the definition of "total," the Regulations use the word total to mean all hours worked in the measurement period (*not* just the first 40 hours worked). *See* 29 C.F.R. §§ 109, 110, 111, 118, 120, 209; *see also* points and authorities cited in Def.'s Mem., docket 70, at 14-15.

Clarifying that "*total number of hours actually worked*" means <u>all</u> hours worked in the measurement period (not just hours worked before overtime becomes due), the regulations provide an example. *See* 29 C.F.R. § 778.100 (dividing by total number of regular and overtime hours actually worked—46 hours—even where there were only 40 hours in the regular workweek.)

Plaintiffs further confuse the issue by attempting to rely on cases involving *salaried* employees. Plaintiffs' Motion for Summary Judgment and Memorandum in Support ("Pls.' Mem."), docket 73, at 7 (*citing Newmark v. Triangle Aluminum Indus., Inc.*, 277 F. Supp. 280 (N.D. Ga. 1967); *Cowan v. Treetop Enterprises, Inc.*, 163 F. Supp. 2d 930, 938-41 (M.D. Tenn. 2001); *Dingwall v. Friedman Fisher Assocs.*, 3 F. Supp. 2d 215 (N.D. N.Y. 1998)). *Newmark, Cowan*, and *Treetop Enterprises*, unlike this case, involved payment of a fixed salary. *See e.g. Cowan*, 163 F. Supp. 2d at 938 (explaining that *Newmark* addressed a situation where "the employee has a fixed salary.") This key difference makes these cases inapplicable here.

*Newmark's* conclusion that the "total number of hours actually worked" is not the correct divisor, relies on 29 C.F.R. § 778.113. That section, titled "Salaried Employees—general," is inapplicable in this case where Plaintiffs are not salaried employees. Here, unlike in *Newmark, Cowan,* and *Treetop Enterprises*, the appropriate divisor is total hours worked during the period in question. *Compare* 29 C.F.R. § 778.109 (regular rate is computed by dividing by "the total

3

CH1 11808907.2

number of hours actually worked"), *with* 29 C.F.R. § 778.113 (regular rate is computed by dividing by "the number of hours which the salary is intended to compensate.")

Neither does *Scott v. City of New York*, 592 F. Supp. 2d 475 (S.D. N.Y. 2008), help Plaintiffs. To the extent that *Scott* holds the appropriate divisor is the number of hours "assigned to work" as opposed to actually worked, its holding is limited to the specific facts therein involving tours of duty of police officers. *Scott* recognizes the rule that the regular rate must be calculated by adding all wages payable for hours worked and "dividing by the total number of hours worked." *Id*. at 482 (citations omitted). The two Second Circuit cases that *Scott* cites for this proposition correctly divide by the total number of hours actually worked, and not by 40 or the number of hours in the employee's regular work week. *See Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 596-97 (2d Cir. 2007) (*citing Brock v. Wilamowsky*, 833 F.2d 11, 14 (2d Cir. 1987)). Therefore, despite *Scott's* holding, the Second Circuit authority on which it partially rests, supports the City's calculation method. Further proving that *Scott* must be limited to its facts, is that Judge Scheindlen (who decided *Scott*) approved the use of a denominator based on total hours *actually worked* in another, more recent, case. *See Saunders v. City of New York*, 594 F. Supp. 2d 346, 358 (S.D. N.Y. 2008).

Plaintiffs' reliance on *Skyline Homes, Inc. v. Department of Industrial Relations*, 165 Cal. App. 3d 239; 211 Cal. Rptr. 792 (Ct. App. 4th Dist., Div. 2, 1985), is also misplaced for several reasons. First, *Skyline* dealt with salaried employees and a fluctuating workweek, this case does not. *Id*. at 243. Second, *Skyline* applied California law while this case involves only the FLSA. *Id*. at 246-52 (discussing California law versus the FLSA and recognizing that for salaried employees working a fluctuating workweek, "[u]nder the federal method… the employee's 'regular rate' of pay is determined by dividing the number of hours actually worked in the particular workweek into the amount of the fixed weekly salary (rather than dividing the

salary by the standard nonovertime workweek of 40 hours) for overtime compensation.") Thus, Plaintiffs' own case, supports the City's computation of overtime under the FLSA using the number of hours actually worked. Whether the City's calculation would violate California law is wholly irrelevant.[2] Moreover, *Skyline's* rationale was based on California's daily overtime requirement, which does not exist under federal law. *Id*. at 244-45, 248 (under California law, "No employee… shall be employed *more than eight (8) hours in any one workday*") (emphasis in original).

Third, *Skyline* is no longer good law. *See Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 812 (Cal. Ct. App. 2008) (review denied 2009) (calculating the regular rate by dividing by "hours worked in the week," not by 40 hours; holding defendant's method of calculation does not violate the FLSA; and recognizing that the California Supreme Court in *Tidewater Marine Western, Inc. v. Bradshaw*, 14 Cal. 4th 557 (1996), disapproved of *Skyline's* conclusion that the DLSE interpretation of a regulation was valid). The Court in *Marin* also rejected use of cases involving salaried employees when considering a bonus for non-salaried employees. 169 Cal. App. 4th at 812.

In sum, the cases cited in Plaintiffs' memorandum do not support their argument in this case and their motion must fail. The City's use of a denominator based on hours actually worked is supported by the case law, regulations, and wage hour opinion letters. Moreover, the law has been settled for nearly 25 years. *See* U.S. Department of Labor Investigation Policy for Determining State and Local Government Employers' Compliance with the Fair Labor Standards

---

[2] Two other cases Plaintiffs cite do not support their position either, as they were also decided under state laws, not applicable here, that differ in important respects from the FLSA. *See Director, Labor and Industrial Division, N.M. Dep't of Labor v. Echostar Comm'ns Corp.*, 134 P.3d 780, 782-82 (N.M. Ct. App. 2006) (applying New Mexico law, not the FLSA, and citing exception whereby only those employers whose business in the state consists of providing investigative services to the federal government may calculate the hourly rate in accordance with the FLSA); *Dresser Indus, Inc. v. Alaska Dep't of Labor*, 633 P.2d 988, 1002 (Alaska 1981) (rejecting argument that Alaska law should parallel the FLSA in coverage, meaning, and interpretation).

CH1 11808907.2

Act, relevant pages attached hereto as Exhibit A (dividing by 46 hours where employee worked 46 hours total during a week, 6 of which were overtime hours). The Tenth Circuit has held that Wage and Hour opinion letters are entitled to deference. *See In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1184-85 (10th Cir. 2005) (stating opinion letters interpreting DOL's regulations entitled to "great weight" and deferring to same.) Plaintiffs' argument that the regular rate is determined solely by reference to the non-overtime hours in the week was also rejected long ago by the Tenth Circuit. *See Aaron v. City of Wichita, Kansas*, 54 F.3d 652, 655-56 (10th Cir. 1995) (the Tenth Circuit reversed the District Court's conclusion that the calculation of the regular rate could not include overtime hours. In doing so, it stated that the District Court's opinion in that regard was legally incorrect and "clearly inconsistent" with the FLSA regulations.)

> **B. The City Properly Uses a One-Half Multiplier to Determine Additional Compensation Due For Hours Worked Beyond the Hours in the Employees' Regular Work Week**

Plaintiffs half-heartedly[3] argue that the City must multiply overtime hours by 1.5 rather than by .5 in order to calculate additional amounts owed for hours worked over 40 (except for police and firefighters who are not subject to the 40 hour overtime standard of the FLSA). Plaintiffs fault the City's method stating that "no statutory provision allows the use of a one-half" multiplier. However, Plaintiffs cite no authority in support of their position. The City's position, on the other hand, is supported by numerous federal cases as well as federal regulations and wage and hour opinion letters. *See* points and authorities contained in Def.'s Mem., docket 70, at 12-13; *e.g. Zumerling v. Devine,* 769 F.2d 745, 752 (Fed. Cir. 1985) (explaining overtime compensation is one-half the employee's regular rate rather than one and one-half the rate where straight time has already been paid for all hours worked). *See also* 29 C.F.R. § 778.110 (further

---

[3] They do not cite a single case.

6

illustrating that the employee in question is entitled to be paid a total wage of $ 303.80 for 46 hours (46 hours at $ 6.20 plus 6 hours at $ 3.10)).[4]

The law has been settled for nearly 25 years in this regard too.  *See* Exhibit A ("For overtime hours of work the employee must be paid, in addition to the hourly earnings, a sum determined by multiplying **one-half** the hourly rate times the number of hours the employee worked over 40 in the week.") (emphasis added).  Mathematics support this approach.  Since the divisor is total hours worked, then straight-time has already been paid for all hours worked, and only half-time is left to be paid for overtime hours.

      **C.**      **Plaintiffs' "Public Policy" Concerns Do Not Support Their Argument**

Plaintiffs essentially argue that their method of calculation must be correct as it results in higher payments for Plaintiffs and means that the "regular rate" remains the same for each employee from week to week.  However, no authority mandates such a result.

As explained herein, *Scott*, *Echostar*, *Dresser*, and *Skyline* do not control.  In addition to the reasons explained above, Plaintiffs "policy" argument regarding *Echostar* is inapposite because, there, as Plaintiffs recognize, the Court held a *contract* invalid in violation of public policy.  134 P.3d at 783-84.  Here, whether the CBAs are valid or whether the City complies with the CBAs is not at issue.  The only issue is whether the City's calculation complies with the FLSA.  Since it is undisputed that the City's employees always receive *at least* the amount of compensation to which they are entitled under the FLSA this situation is different from the one in *Echostar*.  Facts ¶¶ 54, 63; *Echostar*, 134 P.3d at 781 (unlike here, in *Echostar*, defendant paid

---

[4] Wage Hour Opinion Letters support the calculation contained in the Regulation, 29 C.F.R. § 788.100.  *See* DOL Opinion Letter 1985 WL 304329 (DOL WAGE-HOUR) (December 23, 1985), attached as Exhibit E to Def.'s Mem., docket 70.  As set forth above, Wage and Hour opinion letters are entitled to deference.  *See In re Wal-Mart Stores, Inc.*, 395 F.3d at 1184-85.

overtime pursuant to an agreement and did not also make an FLSA calculation or ensure that contractual payment equaled or exceeded what was due under the FLSA).

Plaintiffs' concern that, under the City's calculation method, the "regular rate" may vary slightly from week to week is also baseless. Plaintiffs point to no authority or specific public policy for their argument. Rather, the argument seems to be that, under Plaintiffs' method, Plaintiffs would receive more money. This does not mean that the City violates the FLSA. Moreover, the Supreme Court has considered—*and rejected*—Plaintiffs' argument. *See Overnight Motor Transp. Co. v. Missel*, 316 U.S. 572, 580 (1942) (superseded by statute on other grounds) (explaining that employees can have different regular rates every week.) It is simply a mathematical fact that, as the divisor changes, the regular rate will change too. There is nothing about this that violates the FLSA.

II.   **The City's Dual Calculation Method Ensures Employees Always Receive At Least The Amount Due Under the FLSA**

Plaintiffs again confuse the issues, asking "whether the City violates the law while calculating according to the contractual terms and violates the contracts when it calculates according to the law." *See* Pls' Mem. at 14. Whether the City violates the CBAs is not at issue here. It is undisputed that the City's employees always receive *at least* the amount of compensation to which they are entitled under the FLSA. Facts ¶¶ 54, 63. Plaintiffs' problem with this, apparently, is that the City "ignores the requirements of the bargaining agreement." Pls' Mem. at 16. However, this is factually incorrect.

The City does not "ignore" the requirements of the CBAs. Rather, it performs a dual calculation—one under the terms of the CBA and one under the FLSA—and pays employees the amount that is higher. (Except that police officers pay is calculated only under the CBA, as the contractual amount is *always* higher). Facts ¶¶ 54-56, 63, 64. The City does *not* ignore the

8

CBAs. Rather, it pays pursuant to the CBAs when doing so benefits the employees. However, even if the City *did* ignore the requirements of the CBAs, it would be irrelevant to this case, as the City's compliance with CBAs is not at issue here. *Cf. Lamon v. City of Shawnee, Kansas*, 972 F.2d 1145, 1154 (10th Cir. 1992) ("The City chose to continue paying overtime starting at a lower threshold, a state of affairs which inured to Plaintiffs' benefit and which was the City's prerogative to devise").[5]

Plaintiffs use circular logic to conclude that, by not creating some sort of a hybrid calculation, combining elements of the CBA with elements of the FLSA, the City violates both. This is wrong. Plaintiffs can point to no authority that says that the CBA somehow changes the requirements of the FLSA. *See Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 330 (N.D. Ill. 2000) (rejecting plaintiffs' argument that defendant violated FLSA, in part, by miscalculating overtime premium paid pursuant to collective bargaining agreement and refusing to rule on whether defendant violated the agreement.) Plaintiffs rely on the City's Merit System Ordinance and Personnel Rules to argue that the City must somehow combine provisions of the CBAs and the FLSA. *See* Pls' Mem. at 16 (arguing that the "City must pay its employees 'in accordance with the FLSA and any applicable collective bargaining agreement.'") The City does exactly this, through its dual calculation method. However, even if the quoted Personnel Rule somehow requires what Plaintiffs suggest, only the FLSA is at issue, and there is no question that the City complies with the FLSA.

Moreover, Plaintiffs misconstrue *Wheeler v. Hampton Township*, 399 F.3d 238 (3d Cir. 2005). In *Wheeler*, defendant calculated overtime under a CBA believing that its employees had

---

[5] Plaintiffs argument regarding *Herman v. Anderson Floor Company*, 11 F. Supp. 2d 1038, 1041-42 (E.D. Wis. 1998), *see* Pls' Mem. at 17, further illustrates how Plaintiffs confuse the issues. Plaintiffs state, "*In testing the validity of a [CBA]* under the FLSA, the courts are required to look beyond that which the parties have purported to do" (emphasis added and quotation omitted). This is irrelevant as this case does not involve "testing the validity of a CBA" at all. It only involves the FLSA.

waived certain rights under the FLSA upon entering into the CBA. *Id*. at 243. It did not perform a dual calculation like the City does. Here, the City does not contend that its employees have waived any FLSA rights. That is *why* it performs the dual calculation. If the FLSA calculation results in a higher payment, employees receive that amount. If the contractual calculation is higher, employees receive that amount. By receiving overtime pay pursuant to the CBA, here, unlike in *Wheeler*, the City's employees are not giving up FLSA rights. Rather, when they are paid under the CBA, they always receive pay that equals or exceeds what they are entitled to under the FLSA. *Wheeler* does not support Plaintiffs' position.

While cases do not specifically discuss the "dual calculation method" in so many words, there are certainly federal cases that stand for the proposition that it is permissible, under the FLSA, to pay employees in accordance with the terms of the CBA, so long as they receive at least as much as they are entitled to under the FLSA. This is exactly what the City's dual calculation method accomplishes. *See Bell v. Iowa Turkey Growers Coop.*, 407 F. Supp. 2d 1051 (S.D. Iowa 2006); *Franklin v. City of Kettering, Ohio*, 246 F.3d 531, 534, 536 (6th Cir. 2001) (affirming summary judgment for City of Kettering, and stating by "paying plaintiffs in accordance with the terms of the CBA… [the City] has always exceeded the compensation required… under the FLSA." In holding for the City, the court explained, "The FLSA and the collective bargaining agreement impose *different* overtime standards.") (emphasis added); *see also* additional points and authorities contained in Def.'s Mem., docket 70, at 8-10.

### III. The City Properly Credits Payments Made Under the Contract Against Its Liability Under the FLSA

Plaintiffs ignore the plain-language of the statute which allows the City to take credits against its liability under the FLSA. Certain contractual overtime payments are creditable towards deficiency in FLSA overtime payments. 29 U.S.C. § 207(h)(2); *see* points and

10

authorities in Def.'s Mem., docket 70, at 16-20.  The *Scott* case, on which Plaintiffs heavily rely, in fact approves the City of New York's taking of credits against its overtimes liabilities.  *See Scott* 592 F. Supp. 2d at 486-87.

The way the City takes credits against its FLSA liability is distinguishable from the cases Plaintiffs rely on.  In *Dunlop v. Gray-Soto, Inc.*, 528 F.2d 792, 793-94 (10th Cir. 1976), defendant took credit when it "paid its employees certain fringe benefits, including paid vacations and holidays, and biannual bonuses, the value of which equaled or exceeded the amount of overtime compensation otherwise due under the Act."  The Court held that "fringe benefits… may not be credited against overtime pay required by the Act…." *Id.*

The City does not take credit for fringe benefits that it pays its employees above and beyond what is required by the FLSA.  Rather, it takes credit for overtime premium payments due under the CBA, as a result of other provisions of the CBA.  In some respects, the CBAs are more generous than the law requires.  For example, the CBAs count certain hours of paid, unworked leave such as sick leave or vacation leave time as hours worked.  Facts ¶ 18-19.  The FLSA does not require this.

Take for example, an employee whose regular work week is 40 hours.  The employee worked 35 hours during the week and took 10 hours of paid vacation time.  Under the FLSA, the employee only worked 35 hours and is, therefore, not entitled to overtime for the week.  However, under the CBA, the 10 hours of paid vacation are counted as hours worked.  Therefore, the employee has "worked" 45 hours. (35 hours of actually working time, and another 10 hours of paid vacation counted as hours worked under the CBA).  The employee is entitled to overtime pay for 5 hours under the CBA.  (Note that under the FLSA, *no* overtime premium would be due for this period).  The City is entitled to take credit against its FLSA liability for the 5 hours of overtime premium pay that is due to the employee under the CBA.   29 U.S.C. § 207(h).

CH1 11808907.2

This is different from the situation in *Dunlop*. In *Dunlop*, the defendant took credit for the fringe benefit itself (*i.e.*, in our example, for the 10 hours of paid, unworked vacation). The City does not take credit for the 10 hours of paid, unworked vacation. Rather, it takes credit for the overtime that becomes due as a result of the unworked time being counted as hours worked under the CBA.

There are numerous cases where Courts have allowed public employers to take credits against their FLSA liability for overtime payments made under a CBA. *See* points and authorities cited in Def.'s Mem, docket 70, at 18-20. *E.g. Iowa Turkey Growers Coop.*, 407 F. Supp. 2d at 1061 (holding that defendant was entitled to a credit for the overtime payments it had previously paid its employees for working a sixth day per week); *Nolan*, 125 F. Supp. 2d at 330-333 (holding, "[i]n summary, the City is entitled to an offset for the overtime payments [made pursuant to collective bargaining agreements]," collecting cases and stating, the "case law is replete with examples… where the courts have allowed the employer to offset the FLSA overtime liability with contract overtime payments."); *Franklin,* 246 F.3d at 536 (affirming summary judgment for defendant employer where defendant offered evidence showing that it calculated the overtime compensation due to its patrol officers under the CBA and under the FLSA and concluded that in every case, payment under the terms of the CBA equaled or exceeded that due under the terms of the FLSA with a twenty-eight day work period); *Biggs v. Joshua Hendy Corp.*, 183 F.2d 515, 517 (9th Cir. 1950) (employer is liable for overtime incurred when employees worked through lunch period, but liability may be offset with contractual overtime not required by statute).

In sum, the plain language of the FLSA and the body of case law allows the City to take credits for contractual overtime payments. Plaintiffs' motion for summary judgment must be denied.

12

CH1 11808907.2

IV.  **The City's Failure to Include Sick Leave and Vacation Buy Back Pay in the Calculation Of the Regular Rate Does Not Violate the FLSA**

Plaintiffs cite *Acton v. City of Columbia*, 436 F.3d 969 (8th Cir. 2006), in support of their argument that the City's failure to include buy back of sick leave and vacation in the calculation of the "regular rate" violates the FLSA. Conveniently, they fail to cite *Featsent v City of. Youngstown*, 70 F. 3d 900, 905 (6th Cir. 1995), another appellate court case that decided the same issue in favor of the City's calculation method.[6] As far as the City knows, the Tenth Circuit has not examined this issue.

The City maintains that its calculation method is correct and Plaintiffs' motion for summary judgment should be denied as to this issue as well. *See* Def.'s Mem., docket 70, at 11, note 8. However, should the Court find that Plaintiffs are entitled to summary judgment on this limited issue, the City's liability on the issue is limited to the amount set forth in its Offer of Judgment. Docket 51. The offer of judgment would have more than satisfied Plaintiffs for any alleged damages stemming from the City's failure to include vacation and sick leave buy-back proceeds in the calculation of the regular rate of pay. Notably, the *Chavez* Plaintiffs have recently stipulated to damages on this issue, based on a 3% factor (the same factor used to calculate the City's offer of judgment in this case). *See Chavez* docket 304.

V.  **The *Chavez* Court's Decision Mandates Denial of Plaintiffs' Motion**

Finally, this Court should deny Plaintiffs' motion based on the reasoning of the *Chavez* Court. *Chavez* decided identical issues to those in this case. Facts ¶ 71. All issues were decided in favor of the City, except the limited issue of the City's failure to include the proceeds of buy-back of vacation and sick leave in the calculation of the "regular rate." Facts ¶ 72-76. This Court should carefully examine the *Chavez* Court's decision, as Judge Herrera, in that case,

---

[6] Plaintiffs' counsel is well-aware of the circuit split over this issue based on their representation of the plaintiffs in the *Chavez* case. *See generally* Facts ¶¶ 13, 70, 76.

13

carefully examined the law and the facts. See Def.'s Mem., docket 70, at 20-22. Although the facts and law alone warrant denial of Plaintiffs' motion, the *Chavez* decision provides one more reason.

## CONCLUSION

As explained herein, based on the undisputed facts of this case, the extensive statutory and case law supporting the City's method of calculating overtime, and the well-reasoned opinion of the *Chavez* Court, the Court should deny Plaintiffs' Motion for Summary Judgment in its entirety.

Respectfully Submitted

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney

/s/ Michael I. Garcia
Michael I. Garcia
City of Albuquerque Legal Department
P.O. Box 2248
One Civil Plaza
Albuquerque, New Mexico 87102

Edward W. Bergmann
Seyfarth Shaw LLP
131 S. Dearborn Street
Chicago, Illinois 60603
312-460-5000

I HEREBY CERTIFY that on the 22nd day
of September, 2009, I filed the foregoing electronically
through the CM/ECF system, which caused the
following parties or counsel to be served by electronic
means, as more fully reflected on the Notice of Electronic
Filing:

Sam Bregman, Attorney for Plaintiffs
sam@bregmanlawfirm.com

Paul Livingston, Attorney for Plaintiffs
living@rt66.com

14

CH1 11808907.2

Eric Loman, Attorney for Plaintiffs
eric@bregmanlawfirm.com


 /s/ Michael I. Garcia
Michael I. Garcia

CH1 11808907.2