IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, GREG MIERA, and ROSE MARIE
NEAL, On behalf of themselves and other
Present and former City employees,

        Plaintiffs,

v.                              No. CIV 07-00901 JA/ACT

CITY OF ALBUQUERQUE,

        Defendant.

## DEFENDANT'S REPLY
## IN FURTHER SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

Defendant, City of Albuquerque ("City"), states the following in further support of its Motion for Summary Judgment.

### INTRODUCTION

Plaintiffs' response to the City's motion presents no authority in support of their position. Instead, Plaintiffs cite cases that are distinguishable, are no longer good law, or do not stand for the proposition for which they are cited. Plaintiffs ignore the cases cited by the City, making no attempt to explain or distinguish them. The Court should grant the City's motion and dismiss Plaintiffs' claims in their entirety.

**ARGUMENT**

I. **The City's Dual Calculation Method Complies With The FLSA Because Employees Are Paid What They Are Entitled To Under The FLSA Or More**

   A. **The CBA Does Not Change The FLSA**

First, Plaintiffs confuse the issues. Whether the CBAs violate the FLSA or whether the City violates the CBAs, the Merit System Ordinance, or the Personnel Rules, is not—nor has it ever been—at issue in this case. The only relevant inquiry is whether the City complies with the FLSA. Plaintiffs cite the City's Personnel Rules that state overtime compensation must be paid in accordance with the "[FLSA] and any applicable collective bargaining agreement." (The City, through its dual calculation method does, in fact, pay overtime compensation in accordance with the CBAs and the FLSA.) Plaintiffs, without any support, conclude that the City does not comply with the mandate of the Personnel Rules. They then jump to the conclusion that "since the City does not do that, it violates the FLSA." Pls' Resp. to City's Mot. for S.J. ("Pls.' Resp."), docket 75, at 4. This conclusion is a non-sequitur. If the City violates its Personnel Rule, the only conclusion is that it violates the rule—this is not at issue.

There is no question that, when the City calculates overtime under the FLSA, it strictly complies with the terms of the FLSA. Plaintiffs' contention, rather, is that the City should formulate some hybrid calculation that combines elements of the CBAs' requirements with elements of the FLSA's requirements. No authority for such a proposition exists. A CBA cannot change the requirements of the FLSA. *See* authority cited in the City's Mem. in Supp. of Its Mot. for S.J. ("City's S.J. Mem."), docket 70, at 8-10.

Plaintiffs' confusion of the issues is further illustrated by their reliance on *Herman v. Anderson Floor Co., Inc.*, 11 F. Supp. 2d 1038 (E.D. Wis. 1998). Plaintiffs' statement regarding what courts should look to, "[i]n testing the validity of a collectively bargained agreement under

the FLSA…," is irrelevant because the "validity of a [CBA]" is not at issue in this case. *Herman* does not stand for the proposition that pay under an agreement must be included in the calculation of the "regular rate" under the FLSA. A contract cannot change the FLSA.

Rather, in *Herman*, the Court analyzed whether "premium payments" provided under an agreement could be excluded from the calculation because they were excludable *under the terms of the FLSA*.[1] It found that the "premium payments" did not fall under one of the FLSA's specific exclusions and therefore, had to be included in the "regular rate" calculation. *Id* at 1046-47. In this case, on the other hand, Plaintiffs do not argue that payments under the CBA (for example, payments for vacation time that is paid but not worked) must be included in the FLSA by its terms. Rather, they seem to argue that the CBA somehow changes the FLSA and the payments must be included in the FLSA calculation, *because* the CBA provides for these payments. Here, there is no question that the payments at issue are excludable under the FLSA. *See* 29 U.S.C. § 207(e)(2) (excluding from the calculation of the "regular rate" "payments made for occasional periods when no work is performed.") The CBA does not change the FLSA, and *Herman* does not support Plaintiffs' arguments.

Plaintiffs pull a statement from *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446 (1942), which, out of context, appears to support their position. However, when the *Bay Ridge Operating* Court said the "regular rate" must "be drawn from what happens under the employment contract," the point the Court made was that the parties cannot merely declare the "regular rate" to be a certain dollar figure. *Id.* at 461 (the "regular rate" is "not an arbitrary label chosen by the parties"); 464 (the "regular rate" cannot "be left to a declaration by the parties as to what is to be treated as the regular rate"). Rather, it must be calculated in accordance with the

---

[1] Section 7(e) of the FLSA excludes certain remuneration from inclusion in the "regular rate." 29 U.S.C. § 207(e).

FLSA's provisions. This means only that the CBA cannot state: "The 'regular rate' is $30." It does not mean, as Plaintiffs would have it, that the CBA changes the FLSA.

### B. The City Does Not Allege Employees Have Waived Rights Under the FLSA

Plaintiffs misstate the facts in an apparent attempt to fit this case within the rule of *Wheeler v. Hampton Township*, 399 F.3d 238 (10th Cir. 2005). They incorrectly allege that City police officers have "agreed to waive the FLSA 'regular rate of pay' provisions altogether and [have] agreed to overtime payment based only on the contract." Pls' Resp., docket 75, at 3. Plaintiffs then go on to say that the Township's contention in *Wheeler* was "exactly the same as the City's" argument here. *Id*. at 6. Both statements are incorrect.

First, City police officers have not waived the rights to which they are entitled under the FLSA—nor does the City claim that they have. Rather, it is undisputed that, when the City pays police officers pursuant to the CBA, it is because contractual overtime exceeds what the FLSA requires. Docket 67 ¶¶ 65-69. The City monitors police officers' pay to ensure the amounts they receive actually exceed what they are entitled to under the FLSA. *Id*. at ¶ 69. In *Wheeler*, on the other hand, the Township argued that the plaintiffs traded their FLSA rights in exchange for only the payments provided under a contract. As the *Wheeler* Court put it, the dispute "turns on applying the FLSA to the CBA." 399 F.3d at 242. Here, as explained above, whether the CBA violates the FLSA is not at issue.

The City performs one of the two calculations under the strict terms of the FLSA and pays the higher amount (or, in the case of police officers, ensures that they always receive a higher amount). Plaintiffs are incorrect that, in *Wheeler*, the Township performed a dual calculation and "pick[ed] the higher of the bargaining agreement calculation and the FLSA calculation." *See* Pls' Resp., docket 75, at 6. In *Wheeler*, the Township paid plaintiffs *only*

4

pursuant to the contract, on the mistaken assumption that employees could waive their FLSA rights.[2] *Wheeler* is distinguishable and does not support Plaintiffs' arguments.

## II. The Law Has Been Settled for Almost Twenty-Five Years; the City's Mathematical Calculation Method Complies With the Law

The law is clear—the "regular rate" is properly calculated by dividing all includable remuneration by the total hours worked in the relevant period. The additional overtime pay due for each hour of overtime is properly calculated by multiplying the "regular rate" by one-half. When the overtime premium is added to the straight time already paid, the employee receives, in total, one and one-half times the regular rate for overtime hours.

Almost 25 years ago the Department of Labor blessed the City's calculation method. *See* U.S. Department of Labor Investigation Policy for Determining State and Local Government Employers' Compliance with the Fair Labor Standards Act, relevant pages attached as Exhibit A to the City's Opp. to Pls' S.J. Mot., docket 74, (dividing by 46 hours where employee worked 46 hours total during the week, 6 of which were overtime hours; and multiplying by one-half to calculate additional overtime pay due).[3] *See also* authority cited in City's S.J. Mem., docket 70, at 12-24.

As recently as July 2009, under the current administration, the Department of Labor has affirmed that the calculation set forth in the 1985 guidance is still the proper way to calculate overtime. *See* U.S. Dept. of Labor, Wage and Hour Division, Fact Sheet #54 – The Health Care

---

[2] Similarly, *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728 (1981), does not support Plaintiffs' claims. In *Barrentine*, the Court held that plaintiffs were not barred from bringing a claim in Federal Court under the FLSA, although they had already brought claims based on the same facts under their CBA's grievance procedure. In the language Plaintiffs emphasize, *see* Pls' Resp., docket 75, at 7, the Court explained the general principal that FLSA rights cannot be waived. Again, the City does not argue that Plaintiffs waived their FLSA rights, so *Barrentine* is inapposite.

[3] The Tenth Circuit has held that Wage and Hour opinion letters are entitled to deference. *See In re Wal-Mart Stores, Inc.*, 395 F.3d 1177, 1184-85 (10th Cir. 2005) (stating opinion letters interpreting DOL's regulations entitled to "great weight" and deferring to same).

5

Industry And Calculating Overtime Pay ("Fact Sheet"), attached hereto as Exhibit A.[4] The Fact Sheet shows an example of the calculation of the regular rate for an employee who has a regular work week of 40 hours, but works 56 hours in a week. *Id*. at 2-3. The employee's straight-time compensation (including an attendance bonus), is divided by the 56 hours *actually worked*—it is not divided by only 40 hours. *Id*. The regular rate is then multiplied by ½—not 1½—to get the half-time premium. *Id.*

Plaintiffs do not even address the authority Defendant cites in its Memorandum in Support of Its Motion for Summary Judgment which supports this calculation method. Moreover, the authority they do cite is distinguishable, or Plaintiffs severely misconstrue its meaning.

For example, Plaintiffs cite *Aaron v. City of Wichita*, 54 F.3d 652 (10th Cir. 1994), for the proposition that the divisor must not include overtime hours. However, *Aaron* does not stand for this proposition. In *Aaron*, the dispute before the Court involved how many hours the firefighters' bi-weekly salary was meant to compensate. *Id*. at 654. "If an employee is employed on a *salary basis*, his regular hourly rate is computed by dividing the salary by the number of hours for which the salary is intended co compensate." *Id*. at 654 (emphasis added) (*citing* 29 C.F.R. § 778.112). *Aaron* does not help Plaintiffs. First, this is not a salary case— rather, it is undisputed that the employees here are paid by the hour. Second, Plaintiffs misinterpret the holding of *Aaron*, even in salary cases. *Aaron* does not stand for the proposition that the appropriate divisor is always 40 hours in a salary case. Rather, it emphasizes that, if the salary is intended to cover *more than 40 hours*, the proper divisor will be greater than 40. *Id*. at

---

[4] Although this Fact Sheet provides guidance regarding "common FLSA violations found… during investigations in the health care industry," other than brief sections, including one explaining that hospitals and other institutions are covered by the FLSA, the Fact Sheet applies equally to other industries.

6

655 ("The district court concluded as a matter of law that the City's calculation for the regular rate could not be correct, because overtime hours could not be used in calculating the regular rate. This interpretation is clearly inconsistent with the FLSA regulations.") It bears repeating that salary cases are not applicable here. *Marin v. Costco Wholesale Corp.* 169 Cal. App 4th 804, 812 (Cal. Ct. App. 2008). However, even if they were, *Aaron* stands for the opposite of the proposition for which Plaintiffs cite it.

The other salary cases Plaintiffs cite, are also inapplicable. As explained in the City's Opposition to Plaintiffs' Motion for Summary Judgment, docket 74, at 3-4, *Newmark*, *Cowan*, and *Dingwall* are cases involving salaried employees. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1269 (11th Cir. 2008), is also a salary case. *Marin v. Costco Wholesale Corp.*, 169 Cal. App. 4th 804, 812 (Cal. Ct. App. 2008) (review denied 2009) rejected the use of cases involving salaried employees when considering a bonus for non-salaried employees. These cases do not support Plaintiffs' contentions.

The City also distinguished *Scott v. City of New York*, 592 F. Supp. 2d 475 (S.D.N.Y. 2008) in its Opposition to Plaintiffs' Motion for Summary Judgment. *See* docket 74 at 4. The bottom line is that *Scott* is distinguishable on its facts and, moreover, relies on cases which follow the City's method of calculation by approving a divisor based on total hours worked. *See Gorman v. Consolidated Edison Corp.*, 488 F.3d 586, 596-97 (2d Cir. 2007) (*citing Brock v. Wilamowsky*, 833 F.2d 11, 14 (2d Cir. 1987)).

Plaintiffs do not present any authority in support of their argument that the City's use of a one-half multiplier violates the FLSA. The City has already cited and explained relevant authority that shows the City's calculation is correct under the FLSA. *See* City's S.J. Mem., docket 70, at 12-14. Plaintiffs' points regarding a fluctuating workweek are entirely irrelevant.

7

Plaintiffs "other" cases and considerations are also irrelevant and off-base. Neither *Echostar*, nor *Dresser*, supports Plaintiffs' position, as both cases were decided under state laws, not applicable here, that differ in important respects from the FLSA. *See Director, Labor and Industrial Division, N.M. Dep't of Labor v. Echostar Comm'ns Corp.*, 134 P.3d 780, 782-84 (N.M. Ct. App. 2006) (applying New Mexico law, not the FLSA, and citing exception whereby only those employers whose business in the state consists of providing investigative services to the federal government may calculate the hourly rate in accordance with the FLSA); *Dresser Indus., Inc. v. Alaska Dep't of Labor*, 633 P.2d 988, 1002 (Alaska 1981) (rejecting argument that Alaska law should parallel the FLSA in coverage, meaning, and interpretation).

Further, as explained in the City's Opposition to Plaintiffs' Motion for Summary Judgment, docket 74 at 4-6, Plaintiffs' reliance on *Skyline Homes, Inc. v. Department of Industrial Relations*, 165 Cal. App. 3d 239, 211 Cal. Rptr. 792 (Ct. App. 4th Dist., Div. 2, 1985), is also misplaced for several reasons. Namely, unlike this case, *Skyline* involved salaried employees and a fluctuating workweek; *Skyline* applied California law, and dealt with its daily overtime provision, which does not exist under the FLSA; and the California Supreme Court has disapproved of *Skyline* and it was criticized in *Marin v. Costco*.

Next, Plaintiffs state that it is a "serious concern" that the "regular rate" can be different from pay period to pay period for similarly situated employees. However, Plaintiffs do not cite any authority in support of their argument that an employee's "regular rate" cannot vary from week to week. Instead, they surmise that it is "common sense" that the "regular rate" should be the same from week to week. However, Plaintiffs' position has been rejected. *E.g.*, *Bay Ridge Oper. Co. v. Aaron*, 334 U.S. 446, 460-61 (1948) ("The regular rate may vary from week to week").

### III. The City Takes Credits in Accordance With The FLSA

Contrary to Plaintiffs' assertion, the City only takes credit for premium payments in an overtime workweek. It does *not* take credits, for example, for paid time off that is provided under the CBAs but not required by the FLSA. *See* arguments and authority in the City's Mem. in Opp. to Pls' S.J. Mot., docket 74, at 10-12.

In *Chavez*, Judge Herrera carefully calculated several employees' overtime entitlements under the CBA and under the FLSA and determined that the employees always received at least what they were entitled to under the FLSA, if not more. Because there was no evidence that the City had any unpaid FLSA liabilities, the Court concluded that Plaintiffs could not establish that the City improperly sought to offset liabilities. *See Chavez* docket 278 at 55.[5] The facts of *Chavez* do not differ form the facts here in any material way. City's S.J. Mem. at 5-6 ¶¶ 70-71, 78. Here too, the City has always paid employees at least as much as they are entitled to under the FLSA, if not more.

### IV. Plaintiffs' Arguments Regarding Authority Cited By The City Are Confusing and Irrelevant

Plaintiffs' arguments regarding Exhibits A through F to the City's Memorandum in Support of its Motion for Summary Judgment are confusing and do not support their position. Plaintiffs state that Exhibit A lacks relevance or authority. To the contrary, the Department of Labor Opinion Letter emphasizes the appropriate divisor is the "total hours worked." It also explains that pay for hours not actually worked need not be included in the total remuneration used to calculate the "regular rate." *See* Exhibit A to City's S.J. Mem. at 2, Q.7. Moreover, it

---

[5] The *Chavez* Court entered final judgment on September 30, 2009, after the parties stipulated to damages in the amount of $11,566.77, on the only remaining claim—whether the City's failure to include the proceeds of sale back of vacation and sick leave violates the FLSA. *See Chavez* dockets 304, 306. The stipulation and entry of final judgment permits appeal to the Tenth Circuit.

9

does not "lack authority" as Department of Labor opinion letters are entitled to deference. *In re Wal-Mart Stores, Inc.*, 395 F.3d at 1184-85.

Exhibit B, *Wisnewksi v. Champion Healthcare Corp.*, No. Civ. A3-96-72, 2000 WL 1474414 at *7, n.11, 12 (D.N.D. Jan. 11, 2000), supports the City's use of a one-half multiplier as opposed to a one and one-half multiplier as Plaintiffs advocate. This is not the only authority that supports the City's calculation; however, the City included this case as an Exhibit, because it is unpublished.

Exhibit C is another Department of Labor opinion letter. It rejects the use of a 40 hour divisor and instead, uses 48 hours—the total number of hours actually worked—as the divisor. Plaintiffs' fail to explain their argument in relation to this Exhibit and, infact, quote the relevant language in their memorandum: the "regular rate is determined by dividing all income *by total hours worked, not just by 40 hours.*" Pls' Resp. at 20. This supports the City's position, *not* Plaintiffs' position.

As for Exhibit D, this Department of Labor Opinion Letter explains that Section 7(h) of the FLSA allows an employer to take credit for certain premium payments against overtime payment due under the FLSA. *Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 332 (N.D. Ill. 2000), further explains that employers may (and often do) offset their FLSA overtime liability with contractual payments. *See* 125 F. Supp. 2d at 330-333 (holding, "[i]n summary, the City is entitled to an offset for the overtime payments [made pursuant to collective bargaining agreements]," collecting cases and stating, the "case law is replete with examples… where the courts have allowed the employer to offset the FLSA overtime liability with contract overtime payments.")

The Department of Labor opinion letter, attached as Exhibit E also approved of the employer's offsetting its FLSA liability. As Plaintiffs recognize, *Laboy v. Alex Displays, Inc.*, No. 02C8721, 2003 WL 21209854, at *4 (N.D.Ill. May 21, 2003), attached as Exhibit F, also allowed the employer to credit premium pay against FLSA liability. Plaintiffs' arguments that the attached authority does not support the City's Motion are unavailing.

## CONCLUSION

Plaintiffs' arguments that the City improperly calculates overtime pay for its employees fail. They are premised on a misunderstanding of the law. The cases they cite are largely inapplicable (*e.g.*, *Cowan*, *Newmark*, *Dingwall*, and *Rodriguez*, all of which are salary cases); do not stand for the propositions for which they are cited (*e.g.*, *Aaron*); involve state law or contract issues that bear no relation to this case (*e.g.*, *Herman*, *Wheeler*, *Dresser*, *Echostar*, and *Skyline*); or are no longer good law (*e.g.*, *Skyline*). Plaintiffs make no more than a feeble attempt to distinguish the authority cited by the City—all of which fully supports the City's overtime calculation. For the reasons explained herein and in the City's Memorandum in Support of Its Motion for Summary Judgment, docket 70, and Opposition to Plaintiffs' Motion for Summary Judgment, docket 74, the City respectfully requests that the Court grant its motion for summary judgment and dismiss all of Plaintiffs' claims in their entirety.

Respectfully submitted:

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney

*/s/ Michael I. Garcia*
Michael I. Garcia
Assistant City Attorney
P. O. Box 2248
Albuquerque, NM 87102
(505) 768-4500

11

CH1 11818510.2

                                          Edward W. Bergmann
                                          Seyfarth Shaw LLP
                                          131 S. Dearborn Street
                                          Chicago, Illinois 60603
                                          (321) 460-5000

I HEREBY CERTIFY that on the 5th day of October, 2009, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Sam Bregman, Attorney for Plaintiffs
sam@bregmanlawfirm.com

Paul Livingston, Attorney for Plaintiffs
living@rt66.com

Eric Loman, Attorney for Plaintiffs
eric@bregmanlawfirm.com

*Michael I. Garcia/s/Attorney for Defendant*
Michael I. Garcia, Attorney for Defendant

CH1 11818510.2