IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, et al.,

      Plaintiffs,

vs.                                        No. CIV-07-0901 JB/ACT

CITY OF ALBUQUERQUE,

      Defendant.

**PLAINTIFFS' REPLY TO CITY'S OPPOSITION TO
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Plaintiffs present the following reply to the City's Opposition (Doc. 74) to Plaintiffs' Motion for Summary Judgment. (Doc.73). Plaintiffs, present and former City employees, seek the correct calculation and payment of their overtime wages.

    **1.**        **Arithmetic**

Substantial authority supports Plaintiffs' contention that an employee's regular rate of pay is "the hourly rate actually paid for the normal, non-overtime workweek." E.g., *Scott v. City of New York*, 592 F. Supp. 2d 475, 488 (SDNY, 2008), citing *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944). If the regular rate is to be calculated for a "normal, non-overtime work-week," the proper denominator for calculating the regular rate of an employee's pay is "the total non-overtime hours worked." *Scott*, 592 F. Supp. 2d at 487.

The City calculates the regular rate of pay by including overtime work hours in the divisor. In its response to Plaintiffs' summary judgment motion, the City argues that Plaintiffs "confuse the issue by arguing that 'total' means something other than all hours actually worked,"

and "further confuse the issue by attempting to rely on cases involving *salaried* employees." (Doc. 74 at p. 3).

As for the first point, it is not the word "total" that is at issue or confused by Plaintiffs, but rather what dividing "by the total number of hours actually worked by him in that workweek *for which such compensation was paid*" means. 29 C.F.R. Sec. 778.109 (Defendants emphasized "total number of hours actually worked," whereas Plaintiffs emphasize "for which such compensation was paid." In *Scott*, 592 F. Supp. 2d at 487, the court addressed what the parties called the "denominator dispute" and concluded that

> While the words 'regular rate' are not defined in the Act, they obviously mean the hourly rate actually paid for the normal, non-overtime workweek.

*Scott*, id. Nonetheless, the court acknowledged that:

> However, defendants correctly note that the most on-point regulation does not echo the language of *Walling*. Specifically, 29 C.F.R. Sec. 778.209[1] – entitled "Method of inclusion of bonus in regular rate" – states that a bonus payment should be "added to the other earnings of the employee . . . and the total divided by total hours worked."

*Scott*, id. As in this case, it was disputed in *Scott* "whether the regulation refers to the total non-overtime hours worked or the total hours worked including overtime." *Scott*, id. The court concluded that:

> . . . any ambiguity in section 778.209 should be resolved to yield a single consistent understanding of the regular rate as "the hourly rate actually paid for the normal, non[-]overtime workweek." 29 C.F.R. Sec. 778.108 (citing *Youngerman-Reynolds Hardwood Co.*, 325 U.S. at 419). Therefore the ambiguous term "total hours worked" denotes the total number of hours worked in the regular workweek.

*Scott*, id.

---

[1] Although the Scott court cites 29 C.F.R. Sec. 778.209, the correct citation appears to be Sec. 778.109.

Plaintiffs know what "total" means: the issue in this case, however, is whether to divide the base pay and add-on pay by "total" hours worked including overtime hours or by "total" non-overtime hours. Since the "total" remuneration (including overtime pay) cannot be determined until the regular rate is calculated, and the appropriate basis for calculation is the "number of hours worked in the regular workweek" (not including overtime hours), the regular rate calculation cannot reasonably be considered to include overtime pay or overtime hours.

The City also contends that Plaintiffs misunderstand the law when they cite cases in which a set wage or *salary* is intended to compensate employees for an agreed upon number of hours of work. This is hardly different from the way most City of Albuquerque employees are employed, receiving a contractually agreed upon hourly wage for a 40-hour workweek. Whether characterized as a $600.00 salary for a 40 hour workweek or as $15.00 per hour for 40 hours, the pay is the same. When longevity pay or other incentive pay bonuses are added to the $600.00 (e.g. a $60.00 per week add-on) the hourly regular rate is the same (i.e., $16.50 per hour) whether $660 is divided by 40 ($16.50 per hour) or $60.00 is divided by 40 ($1.50 per hour) and added to the base rate of $15.00 ($16.50 per hour). The calculation and result is exactly the same, whether calculated as a weekly salary or an hourly wage and Plaintiffs' citation of cases based on a weekly salary for (for example) a 40-hour workweek, is appropriate and correct.

Where the City is mistaken is in its characterization of the add on pay as form of production bonus that is a product of all the hours worked, including overtime hours, rather than a fixed flat-rate payment, which applies only to the regular, non-overtime hours of the regular workweek.

> When a bonus is based on a percentage of production or some formula other than a flat amount...the regular bonus rate is found by dividing the bonus by the total hours worked during the period to which the bonus applies. The total hours worked for this purpose will be all hours, including overtime hours.

*Marin v. Costco*, 169 Cal. App. 4th 804, 813 (CA App. 1st Dist. 2008). On the other hand:

> ...if the bonus is a flat sum...the regular bonus rate is determined by dividing the bonus by the maximum legal regular hours worked during the period to which the bonus applies. This is so because the bonus is not designed to be an incentive for increased production for each hour of work; but, instead is designed to insure that the employee remain[s] in the employ of the employer. To allow this bonus to be calculated by dividing by the total (instead of the straight time hours) would encourage, rather than discourage, the use of overtime. Thus, a premium based on bonus is required for each overtime hour during the period in order to comply with public policy.

*Marin*, 169 Cal. App. 4th at 814. *Marin* is a California case applying California law and involving a different overtime issue. However, this case most clearly explains the difference between a *production* bonus and a *longevity pay* bonus. The addition of a production bonus covers *all* the hours worked. The addition of longevity pay, on the other hand, applies only to the hours in the employee's regular "non-overtime" work week. Accordingly, the longevity incentive pay must be added to the overtime pay when overtime pay is calculated. It is not already or correctly included in the overtime hours as the City incorrectly assumes. The employees' overtime wages must still be calculated at time and a half their regular rate of pay as the add-on pay should be applied only to the employee's regular (or 40-hour) workweek.

The City errs when it bases its calculation methodology on "production pay" bonuses rather than longevity pay or other predominately "flat-rate" bonuses that remain the same week after week, regardless of the number of overtime hours worked or whether overtime is worked at all. Similarly, the City errs and pays its employees less than the law requires when it applies a

flat bonus (such as longevity pay) to regular pay for *all* employment hours, including overtime hours, and not only to the regular workweek and regular work pay excluding overtime hours.

The calculation methodology set out in 29 C.F.R. Sec. 778.110, on which the City mistakenly relies, is based on a "production" bonus earned over all the hours worked. When there is a flat-rate bonus, such as longevity pay based on seniority and paid every pay period, that add-on pay must be added to the overtime wages by way of the "regular rate" calculation; it is not, as the City incorrectly presumes, already included.

Nor can the City reasonably distinguish *Scott v. City of New York,* supra. In *Scott* the court specifically and unequivocally held that:

> Where longevity payments are characterized as an addition to an employee's base salary...those payments reflect the greater value of an experienced employee's labor. Where an employee's compensation is based on the hours he or she works, the value of that experience is received by the employer for every hour that the employee works. It is counterintuitive for longevity pay – as a component of the regular rate – to decrease when an experienced employee volunteers or is ordered to work more hours than a regularly scheduled work period.
>
> Therefore plaintiffs properly calculated the regular rate by basing their computations solely on work performed during the regular work period.

*Scott*, 592 F. Supp. 2d at 488. Six months later, the Scott court reiterated that as to its ruling that the regular rate must be based "on work performed during the 'regular work period,'" "'regular' is simply a synonym for non-overtime." *Scott*, 604 F. Supp. 2d 602, 605. The City's use of the incorrect denominator and multiplier detrimentally affects the Plaintiffs and ensures that they are paid less than the amount of overtime pay to which they are entitled.

    2.    **Dual Calculations**

In response to Plaintiffs claim that the City's dual calculation methodology short-changes its employees who work overtime, the City reiterates that it pays "the higher of the two" calculations. The City's error lies in its dual calculations, which first exclude hours of paid leave

(such as sick leave and vacation time) and then "credit" contractual regular rate payments (e.g., for sick leave and vacation time) against owed overtime and, alternatively, fail to supplement the base rate of pay, as required by the FLSA, with add-on remuneration when calculating "contractual" overtime.

The Township's contention in *Wheeler v. Hampton Township*, 399 F.3d 238 (3d Cir. 2005) was the same as the City of Albuquerque's contention that it picks the higher of the bargaining agreement calculation and the FLSA calculation. The appellate court questioned the Township's defense:

> We agree that under § 207(e)(2), the Township did not have to agree to a CBA (collective bargaining agreement) that included non-work pay in its regular rate. Assuming, as do the parties, that such pay already is included in the CBA, however, we disagree that under § 207(e)(2) the Township does not have to include non-work pay in its regular rate. The CBA requires the Township to do so, and § 207(e) nowhere suggests that we should relieve the Township of that obligation.

*Wheeler*, 399 F. 3d, at 243. "The deed is already done by the parties' own hands. . . . Consequently, we see no textual reason to "credit" the Township for including such pay in its regular rate." Id., at 244.

Here the City and its unions negotiated agreements that specified that hours of paid leave would count as time worked "for the purpose of calculating overtime." The City's rules and ordinance specifically provide that overtime will be paid in accordance with the provisions of the collective bargaining agreements <u>and</u> the FLSA.

In *Scott*, supra, the plaintiffs argued that cash overtime should be counted before compensatory time off. The court held it was within the employer's discretion "to designate particular hours as FLSA or non-FLSA." Here the City and its unions agreed to count paid leave

as hours worked, thereby designating those hours as part of the regular workweek. Once an employee had completed a 40-hour workweek, which under the City's bargaining agreements included hours of paid leave, the overtime threshold was reached and overtime pay at the rate of time and a half the regular rate became a statutory entitlement.

The City concedes that "cases do not specifically discuss the dual calculation method in so many words." (Doc. 74 at p. 10). It cites a few "federal cases that stand for the proposition that it is permissible, under the FLSA, to pay employees in accordance with the terms of the CBA, so long as they receive at least as much as they are entitled to under the FLSA." Citing *Bell v. Iowa Turkey Growers Coop.*, 407 F. Supp. 2d 1051 (S.D. Iowa 2006); *Franklin v. City of Kettering, Ohio*, 246 F.3d 531, 534, 536 (65th Cir. 2001).

In *Kettering*, the sole issue before the court was whether the City had established a 28-day work period under Sec. 7(k), which allows establishment of other than 40-hour workweeks for public safety employees. The proper establishment of an extended work period and provision of "sufficient overtime compensation for a work period of that length" is not an issue in this case and thus *Kettering* does not support the City's contentions.

The City fails to properly calculate the regular rate in accordance with its actual way of paying City employees (which includes pay for hours of paid leave) and then, as discussed in the next section, boldly takes "credits" against calculated overtime for what it paid the employees for sick leave, vacation time, or other such regular, non-premium rate payments.

The regular rate of pay "must be drawn from what happens under the employment contract." 29 C.F.R. § 778.108; *Bay Ridge Operating Co. v. Aaron*, 334 U.S. 446, 462-64 (1942) ("words and practices under the contract are the determinative facts in finding the regular rate").

The law requires the City to pay overtime wages at a rate that includes <u>both</u> the provisions of the applicable CBA <u>and</u> the requirements of the FLSA, not one <u>or</u> the other.

    **3.    Credits Against Overtime Payments.**

The third issue concerns the City's taking of "credit" against its overtime liability. The City of Albuquerque takes "credits" against owed overtime for the pay earned by employees during paid leave time. The City admits that:

> In calculating overtime pay under its dual method, the City determines the amount it owes under the FLSA and also the amount it owes under the applicable CBAs which are more generous than the FLSA in certain respects. *The contractual pay rates are then credited against the City's FLSA overtime liability to the employee...*

(Doc. 70, at p. 3, emphasis added). As these "credits" are for regular (non-overtime) payments, including times employees are on paid sick leave or vacation, they are not allowed under the terms of express provisions of the FLSA

In *Iowa Turkey Growers*, supra, a case cited several times by the City, the Court considered whether overtime payments for Saturday work could be credited against the employer's overtime pay liability. Plaintiffs argued that the weekend overtime pay could not be credited because it was somewhat less than the full time-and-a-half due to failure to include certain shift differentials.

The Court listed cases standing for the proposition that only payment at the rate of time and a half could be credited under the provisions of the FLSA: *Howard v. City of Springfield*, 274 F.3d 1141, 1147 (7th Cir. 2001 (holding that payments equal to one and one-half times the regular rate may be used to offset overtime liability); *Reich v Interstate Brands, Corp.,* 57 F.3d 574, 578 (7th Cir. 1995) *Hesseltine v. Goodyear Tire and Rubber Co.* 391 F. Supp. 2d 509, 522

(E.D. Tex. 2005) (noting that premium pay for holidays and weekends is creditable so long as it equals one and one half times the regular rate); and *Nolan v. City of Chicago*, 125 F. Supp. 2d 324, 331 (N.D. Ill., 2000) (same):

> All of these cases affirm that a premium rate must be one and one-half times the regular rate in order to be exempt from inclusion in the regular rate calculation, a proposition that is also supported by regulations promulgated under the FLSA. See, e.g. 29 C.F.R. Sec. 778.203 ("If the premium rate is less than time and one half, the extra compensation provided by such rate must be included in determining the employee's regular rate of pay and *cannot be credited toward statutory overtime due*, unless it qualifies as an overtime premium under section 7(e)(5)."

*Iowa Turkey Growers*, 407 F. Supp. 2d, at 1061(emphasis added). The *Iowa Turkey Growers*' court noted, however, that "none of the cases address the situation where the employer intended to pay time and one-half for the sixth day work, but due to an improperly calculated regular rate, the sixth day premium fell short of that amount." Id.

In *Dunlop v. Gray-Goto, Inc.,* 528 F.2d 792, 793 (10th Cir. 1976) the appellate court held that while the paid leave benefits "in the form of paid vacations, six holidays with pay each year, biannual bonuses, and the extension of benefits of a group insurance policy would appear to be included" in 29 U.S.C. § 207(e) "as we read 29 U.S.C. § 207(h) such benefits . . . may not be credited toward overtime compensation due under the Act." *Dunlop*, 528 F.2d at 794.

In response to Plaintiffs' summary judgment motion, the City discusses *its* taking of "credits" against overtime liability:

> The City does not take credit for fringe benefits that it pays its employees above and beyond what is required by the FLSA. Rather, it takes credit for overtime premium payments due under the CBA, as a result of other provisions of the CBA. In some respects, the CBAs are more generous than the law requires. For example, the CBAs count certain hours of paid, unworked leave such as sick leave or vacation leave time as hours worked. The FLSA does not require this. . . .

> . . . This is different from the situation in *Dunlop*. In *Dunlop*, the defendant took credit for the fringe benefit itself (i.e., in our example, for the 10 hours of paid, unworked vacation). The City does not take credit for the 10 hours of paid, unworked vacation. *Rather, it takes credit for the overtime that becomes due as a result of the unworked time being counted as hours worked under the CBA.*

(Doc. 74 at p. 11, 12; emphasis added). The City thus admits to a novel scheme wherein it takes back its contractual "generosity" in paying (at the base rate of pay) for leave time as provided in the bargaining agreements, taking "credits" against overtime pay even though such "credits" are not permitted under the terms of the FLSA. The FLSA does not allow – and the City has not cited any authority permitting – the "credits" claimed by the City of Albuquerque against contractual pay for leave time..

"The payments for [time not treated as hours worked] cannot, of course, qualify as overtime premiums creditable toward overtime compensation under section 7(h) of the Act." 29 C.F.R. Sec. 778.320; *Ballaris v. Wacker Siltronic Corporation*, 370 F.3d 901, 914 (9th Cir. 2004). The City is not entitled to the credit allowed under § 207(h)(2) for anything other than what it has *actually* paid as a *premium*, at a rate *no less than* time-and-a-half of the regular rate of pay. Also, in *DuPlessis v. Delta Gas, Inc.*, 640 F. Supp. 891, 896 (DC ED La, 1986) defendants unsuccessfully sought "a credit against plaintiffs' award of overtime compensation for the extra compensation paid for non-productive time..."

The pay for which the City is now taking credits against owed overtime pay, i.e., for vacation, sick leave, and other paid leave time, is not properly creditable under the FLSA because the City did not provide any extra, or premium, pay for those hours. See 29 U.S.C. § 207(e)(5)-(7). Furthermore, the City's payments to its employees for paid leave result from collective bargaining negotiations and agreements; they are not themselves related to the performance of

overtime, but are payments that were bargained for and "were not intended to compensate the employees in lieu of overtime compensation." *DuPlessis,* 640 F. Supp. at 897.  This City scheme to reduce its overtime pay obligations at the expense of its employees who work overtime  is improper, unauthorized, and contrary to the beneficial provisions of the FLSA

**4.      Conclusion**

The City employees who have filed and opted in to this case are predominately employed for regular 40-hour per week workweeks at a rate of pay agreed upon in their collective bargaining agreements. The employees and the City have also agreed that hours of paid leave are considered "time worked" when calculating overtime wages:  "For the purpose of computing overtime, paid leave will be considered time worked."  City-AFSCME, Local 624 ("Blue Collar") Collective Bargaining Agreement, Doc. 67-3 at p. 6.

The FLSA requires the City to calculate the regular rate of pay by dividing the employees' base weekly pay plus incentive add-ons such as longevity pay by the number of hours in the regular non-overtime workweek.  The overtime wages are then properly calculated by multiplying the regular rate of pay times 1.5 (time-and-a-half) times the number of hours worked beyond the regular 40-hour workweek.  No "credits" are allowed for pay at less than time-and-a-half rates, and no trade-off of negotiated contractual pay for leave such as sick leave and vacation leave is allowed against overtime liability.

For all the reasons stated herein and in Plaintiffs' Memorandum in support of the motion for summary judgment, the Court should find that the City has failed to comply with the overtime pay provisions of the Fair Labor Standards Act and grant  Plaintiffs' motion for summary judgment on each of the issues addressed in Plaintiffs' motion.

Respectfully submitted,

*Electronically signed and filed*

_____
Paul Livingston
Attorney for Plaintiffs
P.O. Box 250
Placitas, NM 87043
(505) 771-4000

and

BREGMAN and LOMAN, P.C.

*Electronically signed*

_____
Sam Bregman
Attorney for Plaintiffs
111 Lomas Blvd. NW, Suite 230
Albuquerque, NM 87102
(505) 761-5700

I hereby certify that the foregoing was filed electronically and a copy has been forwarded by the Court to the following at their e-mail addresses on October 7, 2009:

Michael I. Garcia: migarcia@cabq.gov
Ed Bergmann: ebergmann@seyfarth.com

*Electronically signed*

_____
Paul Livingston