IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, GREG MIERA, and ROSE MARIE
NEAL, On behalf of themselves and other
Present and former City employees,

        Plaintiffs,

   v.                                    No. CIV 07-00901 JA/ACT

CITY OF ALBUQUERQUE,

        Defendant.

**DEFENDANT'S UNOPPOSED MOTION FOR CERTIFICATION OF ORDER
FOR INTERLOCUTORY APPEAL AND FOR A STAY OF ALL PROCEEDINGS**

      Defendant, the City of Albuquerque ("City"), by its attorneys and pursuant to 28 U.S.C. § 1292(b), moves this Court to certify the following issues for interlocutory appeal to the Tenth Circuit: (1) whether, in calculating the "regular rate" of pay for City employees, the City properly divides by the number of hours actually worked by the employee during the relevant period, rather than by the number of hours in a normal workweek (usually 40); and (2) whether, in calculating the "regular rate" of pay for City employees, the City properly excludes monies paid as buy-back for unused vacation time and sick leave, including the finding that the City's failure to change this practice following the *Chavez* decision lacked good faith. The City further requests that this Court issue a stay of all proceedings until it and the Tenth Circuit has had an opportunity to review these issues. In support of its motion, the City states as follows:

      1.     On December 15, 2009, counsel for the City informed counsel for Plaintiffs of the City's intent to bring this Motion. Counsel for Plaintiffs indicated that Plaintiffs do not oppose this Motion.

2. On December 4, 2009, this Court issued a Memorandum Opinion and Order ("Order") (Doc. 81) on Defendant's Motion for Summary Judgment, filed September 4, 2009 (Doc. 69) and Plaintiffs' Motion for Summary Judgment and Memorandum in Support, filed September 5, 2009 (Doc. 73).  The Court granted in part and denied in part both the City's and Plaintiffs' motions.

3. In the Order, the Court held that in calculating the "regular rate" of pay for non-exempt City employees under the FLSA, the City improperly divides by the number of hours actually worked by the employee during the relevant period, rather than by the number of hours in a normal workweek (usually 40).

4. The Court also held that the City, in calculating the "regular rate" of pay for its non-exempt employees, improperly excludes monies paid as buy-back for unused vacation time and sick leave.

5. In another case involving nearly identical facts and identical issues,[1] this Court by Judge Herrera, ruled in favor of the City on the issue whether the City properly divides by the number of hours actually worked by the employee during the relevant period when it calculates the "regular rate" of pay under the FLSA.  *See Chavez v. City of Albuquerque*, No CIV 02-0562 JH/ACT (D. N.M.).

6. Like this Court, the *Chavez* Court found in favor of Plaintiffs on the issue whether the City properly excludes monies paid as buy-back for unused vacation time and sick leave in its calculation of the "regular rate."  However, there is currently a split on this issue between the Sixth and the Eighth Circuits.  Compare *Featsent v City of. Youngstown*, 70 F. 3d 900, 905 (6th

---

[1] *See* Order 18 at ¶¶ 70-71; 19 (Plaintiffs do not contest that the claims in *Chavez* were identical to those in this case).

Cir. 1995) with *Acton v. City of Columbia*, 436 F. 3d 969 (8th Cir. 2006). The City is not aware of any Tenth Circuit cases on the issue.

7.  The Court also held that although the City did not act willfully, Plaintiffs are entitled to some liquidated damages.

8.  The *Chavez* case is currently pending on appeal before the Tenth Circuit. *See Chavez v. City of Albuquerque*, Nos. 09-2274 & 09-2282 (10th Cir. 2009). Both Plaintiffs and the City have appealed.

9.  The City respectfully requests that the Court certify the order for interlocutory appeal on the following issues: (1) whether, in calculating the "regular rate" of pay for City employees, the City properly divides by the number of hours actually worked by the employee during the relevant period, rather than by the number of hours in a normal workweek (usually 40); and (2) whether, in calculating the "regular rate" of pay for City employees, the City properly excludes monies paid as buy-back for unused vacation time and sick leave, including the finding that the City's failure to change this practice following the *Chavez* decision lacked good faith.

10. If the Tenth Circuit reviews the two issues described herein, it will also be appropriate to review the holding as to liquidated damages. If the City prevails on these issues as to liability, the liquidated damages issue will be moot. However, the City believes that even if it does not prevail on these issues, liquidated damages are inappropriate in this case, given the circuit split and absence of Tenth Circuit authority.

11. On December 18, 2009, the Tenth Circuit, with agreement of the parties, stated that it will stay briefing in the *Chavez* case for 30 days to allow the Court to consider this Motion. If this Court and the Appellate Court allows interlocutory appeal, the Tenth Circuit,

CH1 11872075.1

with agreement of the parties, has stated that it will consolidate the *Chavez* appeal with an appeal in this case, for purposes of briefing and oral argument.

12. Under 28 U.S.C. § 1292(b), this Court may certify an order for interlocutory appeal when it finds that: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

13. All three statutory elements are met and the Court should grant the City's motion.

14. Additional arguments and authorities supporting the City's motion are contained in its memorandum of law in support, filed concurrently herewith.

WHEREFORE, the City respectfully requests that the Court certify the Order for interlocutory appeal on the following issues: (1) whether, in calculating the "regular rate" of pay for City employees, the City properly divides by the number of hours actually worked by the employee during the relevant period, rather than by the number of hours in a normal workweek (usually 40); and (2) whether, in calculating the "regular rate" of pay for City employees, the City properly excludes monies paid as buy-back for unused vacation time and sick leave, including the finding that the City's failure to change this practice following the *Chavez* decision lacked good faith. The City also requests that the Court stay all proceedings in this matter until it and the Tenth Circuit can address these issues.

Respectfully Submitted

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney

s/ Edward W. Bergmann
Michael I. Garcia
City of Albuquerque Legal Department
P.O. Box 2248
One Civil Plaza
Albuquerque, New Mexico 87102

Edward W. Bergmann
Seyfarth Shaw LLP
131 S. Dearborn Street
Chicago, Illinois 60603
312-460-5000

I HEREBY CERTIFY that on the 18th day of December, 2009, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means:

Sam Bregman
Eric Loman
111 Lomas Blvd., N.W., Suite 230
Albuquerque, N.M. 87102

Paul Livingston
Attorney for Plaintiffs
P.O. Box 250
Placitas, NM 87043

s/ Edward W. Bergmann

5

CH1 11872075.1