IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LAWRENCE RODRIGUEZ, STEVEN J.
DURAN, GREG MIERA, and ROSE MARIE
NEAL, On behalf of themselves and other
Present and former City employees,

                Plaintiffs,

     v.                                     No. CIV 07-00901 JA/ACT

CITY OF ALBUQUERQUE,

                Defendant.


**DEFENDANT'S MEMORANDUM IN SUPPORT OF**
**UNOPPOSED MOTION FOR CERTIFICATION OF ORDER**
**FOR INTERLOCUTORY APPEAL AND FOR A STAY OF ALL PROCEEDINGS**

       Defendant, the City of Albuquerque ("City"), by its attorneys and pursuant to 28 U.S.C. §

1292(b), moves this Court to certify the following issues for interlocutory appeal to the Tenth

Circuit:  (1) whether, in calculating the "regular rate" of pay for City employees, the City

properly divides by the number of hours actually worked by the employee during the relevant

period, rather than by the number of hours in a normal workweek (usually 40); and (2) whether,

in calculating the "regular rate" of pay for City employees, the City properly excludes monies

paid as buy-back for unused vacation time and sick leave, including the finding that the City's

failure to change this practice following the *Chavez* decision lacked good faith.  The City further

requests that this Court issue a stay of all proceedings until it and the Tenth Circuit has had an

opportunity to review these issues.  In support of its motion, the City states as follows:

## BACKGROUND

1.      On December 15, 2009, counsel for the City informed counsel for Plaintiffs of the City's intent to bring this Motion.  Counsel for Plaintiffs indicated that Plaintiffs do not oppose this Motion.

2.      On December 4, 2009, this Court issued a Memorandum Opinion and Order ("Order") (Doc. 81) on Defendant's Motion for Summary Judgment, filed September 4, 2009 (Doc. 69) and Plaintiffs' Motion for Summary Judgment and Memorandum in Support, filed September 5, 2009 (Doc. 73).  The Court granted in part and denied in part both the City's and Plaintiffs' motions.

3.      In the Order, the Court held that in calculating the "regular rate" of pay for non-exempt City employees under the FLSA, the City improperly divides by the number of hours actually worked by the employee during the relevant period, rather than by the number of hours in a normal workweek (usually 40).

4.      The Court also held that the City, in calculating the "regular rate" of pay for its non-exempt employees, improperly excludes monies paid as buy-back for unused vacation time and sick leave.

5.      In another case involving nearly identical facts and identical issues,[1] this Court by Judge Herrera, ruled in favor of the City on the issue whether the City properly divides by the number of hours actually worked by the employee during the relevant period when it calculates the "regular rate" of pay under the FLSA.  *See Chavez v. City of Albuquerque*, No CIV 02-0562 JH/ACT (D. N.M.).

---

[1] *See* Order 18 at ¶¶ 70-71; 19 (Plaintiffs do not contest that the claims in *Chavez* were identical to those in this case).

6.      Like this Court, the *Chavez* Court found in favor of Plaintiffs on the issue whether the City properly excludes monies paid as buy-back for unused vacation time and sick leave in its calculation of the "regular rate."  However, there is currently a split on this issue between the Sixth and the Eighth Circuits.  Compare *Featsent v City of. Youngstown*, 70 F. 3d 900, 905 (6th Cir. 1995) with *Acton v. City of Columbia*, 436 F. 3d 969 (8th Cir. 2006).  The City is not aware of any Tenth Circuit cases on the issue.

7.      The Court also held that although the City did not act willfully, Plaintiffs are entitled to some liquidated damages.

8.      The *Chavez* case is a collective action involving approximately 762 City employees; this case, on the other hand, involves only approximately 270 City employees.

9.      The same counsel represents the *Chavez* Plaintiffs and the Plaintiffs in this case. The same counsel also represents the City in both cases.

10.      The *Chavez* case is currently pending on appeal before the Tenth Circuit.  *See Chavez v. City of Albuquerque*, Nos. 09-2274 & 09-2282 (10th Cir. 2009).  Both Plaintiffs and the City have appealed.

11.      On December 18, 2009, the Tenth Circuit, with agreement of the parties, stated that it will stay briefing in the *Chavez* case for 30 days to allow the Court to consider this Motion.  If this Court and the Appellate Court allows interlocutory appeal, the Tenth Circuit, with agreement of the parties, has stated that it will consolidate the *Chavez* appeal with an appeal in this case, for purposes of briefing and oral argument.

## **ARGUMENT**

The City respectfully requests that the Court certify the order for interlocutory appeal on the following issues:  (1) whether, in calculating the "regular rate" of pay for City employees, the City properly divides by the number of hours actually worked by the employee during the

relevant period, rather than by the number of hours in a normal workweek (usually 40); and (2) whether, in calculating the "regular rate" of pay for City employees, the City properly excludes monies paid as buy-back for unused vacation time and sick leave, including the finding that the City's failure to change this practice following the *Chavez* decision lacked good faith. If the Tenth Circuit reviews the two issues described herein, it will also be appropriate to review the holding as to liquidated damages. If the City prevails on these issues as to liability, the liquidated damages issue will be moot. However, the City believes that even if it does not prevail on the liability issues, liquidated damages are inappropriate in this case, given the circuit split and absence of Tenth Circuit authority.

Under 28 U.S.C. § 1292(b), this Court may certify an order for interlocutory appeal when it finds that: (1) the order "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal from the order may materially advance the ultimate termination of the litigation." "The Supreme Court of the United States has understood the procedure established in 28 U.S.C. § 1292(b) to 'confer on district courts first line discretion to allow interlocutory appeals.'" *Certain Underwriters at Lloyd's, London, Subscribing to Policy Number 501/NM03ACMB v. Nance*, No. Civ 04-937 JB/WDS, 2006 WL 4109675, at *2 (D. N.M. Aug. 24, 2006) (*quoting Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995)).

All three statutory criteria are satisfied here and the Court should exercise its discretion and certify the Order for interlocutory appeal to the Tenth Circuit on the two issues described above.

## I.    THE COURT'S ORDER DECIDED A CONTROLLING QUESTION OF LAW

The phrase "question of law" as used in 28 U.S.C. § 1292(b) "does not refer to a particular application of facts to the law," but rather, "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Nance*, 2006 WL 4109675, at *3 (citation omitted). Such questions typically involve law that is unsettled. *Id.* District courts should "certify questions when they are unsure what the law is, not when there is merely a dispute as to how the law applies to the facts of a particular situation." *Id.*

Here, both issues that the City asks the Court to certify for interlocutory appeal are questions of law—*not* issues of the proper application of law to fact. Specifically, the divisor issue involves whether, under the FLSA, the City must divide by the total number of hours worked or by the number of hours in the regular work-week (usually 40) when calculating the "regular rate." The vacation and sick leave buy-back issue is also a question of law. The question is whether payment for these items is includable in the regular rate. Again, the facts are not at issue. Both issues require the court to interpret the "meaning of a statute" (in this case, the FLSA). The first requirement of 28 U.S.C. § 1292(b) is met.

## II.    THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION

Conflicting decisions, along with uncertain or no precedent from the Tenth Circuit, create a "substantial ground for difference of opinion" that makes these issues appropriate for certification by the Court for interlocutory appeal. *Forest Guardians v. Bureau of Land Management*, 188 F.R.D. 389, 397 (D. N.M. 1999) (finding "substantial ground for difference of opinion" and certifying issue for interlocutory appeal where courts of appeal had applied inconsistent approach to issue and there was only "uncertain precedent" from the Tenth Circuit); *see also United Transportation Union Local 1745 v. City of Albuquerque*, 178 F.3d 1109, 1114

CH1 11874579.1

(10th Cir. 1999) ("Recognizing that 'the controlling question herein is novel and has not been previously ruled upon in this circuit,' the district court granted an immediate appeal from its order.") (citation omitted).

First, there is substantial ground for difference of opinion on the divisor issue. Although the City respectfully suggests that the weight of the authority supports its method of calculating the "regular rate" by dividing by the total number of hours worked by the employee in the relevant time period, two Judges in this District have come to different conclusions on the same exact issue. This Court found in favor of Plaintiffs and the *Chavez* Court found in favor of the City. That two judges from this District have come to differing conclusions clearly illustrates a substantial ground for difference of opinion.

Second, as to the issue of inclusion of buy-back proceeds for vacation and sick leave, there is also substantial ground for difference of opinion. The only relevant appellate decisions that the City is aware of are *Featsent v City of. Youngstown*, 70 F. 3d 900, 905 (6th Cir. 1995), and *Acton v. City of Columbia*, 436 F. 3d 969 (8th Cir. 2006). Those cases came to opposite conclusions. The Tenth Circuit has not yet ruled on the issue. This Court should certify the Order for interlocutory appeal so that the Tenth Circuit may clarify the law in this Circuit.

### III. AN IMMEDIATE APPEAL WILL MATERIALLY ADVANCE THE ULTIMATE TERMINATION OF THE LITIGATION

The "Tenth Circuit has recognized" that certification for interlocutory appeal is appropriate where "extended and expensive proceedings probably can be avoided by immediate final decision of controlling questions encountered early in the action." *Kerr-McGee Corp. v. Farley*, 88 F.Supp.2d 1219, 1233-34 (D. N.M. 2000) (certifying issue *sua sponte* for interlocutory appeal "in the interest of judicial economy," and explaining, "[s]ince this is a case

CH1 11874579.1

where interlocutory reversal might save time for the district court, and time and expense for the litigants, immediate interlocutory appeal is warranted.") (citation and quotation omitted).

Here too, the Court should certify the issues described herein for interlocutory appeal "in the interest of judicial economy."  Because the *Chavez* case (a case involving the same issues and nearly three times as many City employees as this case) is already on appeal to the Tenth Circuit, if the Order is certified for interlocutory appeal, all issues in this case and *Chavez* could be resolved together on appeal.  This approach would promote efficiency, both for the district and appeal courts and for the parties.

If *Chavez* is affirmed on the divisor issue, that ruling would be binding on this Court.  If *Chavez* is reversed on the divisor issue, calculation of damages would be necessary in both cases, and the damages phases could proceed together.  If *Chavez* is reversed on the sale back issue, no damage calculation would be necessary in either case.  If it is affirmed, that decision will be binding on this Court, and the damages phase of both cases can proceed together.  Under any scenario, an immediate appeal will materially advance the ultimate termination of the litigation as issues will need only be adjudicated once and this Court will benefit from the Tenth Circuit's guidance.  This Court can avoid potentially unnecessary and complicated damage calculations by certifying the Order for interlocutory appeal, allowing the Tenth Circuit to decide the identical issues alongside the issues already on appeal in *Chavez*.

## IV.   THE COURT SHOULD STAY ALL PROCEEDINGS PENDING RESOLUTION OF THESE ISSUES BY THIS COURT AND THE TENTH CIRCUIT

Under 28 U.S.C. § 1292(b), "application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."  The City requests that the Court stay all proceedings pending resolution of this Motion by the District Court and of an appeal by the Tenth Circuit.

7

## **CONCLUSION**

WHEREFORE, the City respectfully requests that the Court certify the Order for interlocutory appeal on the following issues:  (1) whether, in calculating the "regular rate" of pay for City employees, the City properly divides by the number of hours actually worked by the employee during the relevant period, rather than by the number of hours in a normal workweek (usually 40); and (2) whether, in calculating the "regular rate" of pay for City employees, the City properly excludes monies paid as buy-back for unused vacation time and sick leave, including the finding that the City's failure to change this practice following the *Chavez* decision lacked good faith.  The City also requests that the Court stay all proceedings in this matter until it and the Tenth Circuit can address these issues.

CH1 11874579.1

Respectfully Submitted

**CITY OF ALBUQUERQUE**
Robert M. White
City Attorney

s/ Edward W. Bergmann
Michael I. Garcia
City of Albuquerque Legal Department
P.O. Box 2248
One Civil Plaza
Albuquerque, New Mexico 87102

Edward W. Bergmann
Seyfarth Shaw LLP
131 S. Dearborn Street
Chicago, Illinois 60603
312-460-5000

I HEREBY CERTIFY that on the 18th day
of December, 2009, I filed the foregoing
electronically through the CM/ECF system,
which caused the following parties or counsel
to be served by electronic means:

Sam Bregman
Eric Loman
111 Lomas Blvd., N.W., Suite 230
Albuquerque, N.M. 87102

Paul Livingston
Attorney for Plaintiffs
P.O. Box 250
Placitas, NM 87043

s/ Edward W. Bergmann

CH1 11874579.1